**2022-CC00292**

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| MAZEN OWYDAT, YOUSSEF MEQUEH, and SALEH ALKHAFAJI, as partners, d/b/a West Florissant BP, f/k/a West Florissant Amoco, | ) ) ) ) ) | |
| Petitioners/ Plaintiffs, | ) ) | Cause No. |
| vs. | ) ) | Division No. |
| THE CITY OF ST. LOUIS, | ) ) | |
| SERVE:  Lyda Krewson<br>Mayor<br>1200 Market Street, Room 200<br>St. Louis, MO 63103 | ) ) ) ) ) | |
| BOARD OF ADJUSTMENT OF THE CITY OF ST. LOUIS, MISSOURI, | ) ) ) | |
| SERVE: Mary Hart-Burton<br>Zoning Administrator<br>Board of Adjustment<br>1200 Market Street, Room 400<br>St. Louis, Missouri 63103 | ) ) ) ) ) ) | |
| Respondents/Defendants. | ) | |

## PETITION FOR INJUNCTION, MANDAMUS, DECLARATORY JUDGMENT AND, ALTERNATIVELY, WRIT OF CERTIORARI AND APPLICATION FOR A STAY PURSUANT TO CHAPTER 89.110 RSMO. AND DAMAGES CLAIMS

COME NOW Petitioners/Plaintiffs Mazen Owydat, Youssef Mequeh, and Saleh Alkhafaji, as partners doing business as West Florissant BP, formerly known as Florissant Amoco, ("WFBP"), by and through its undersigned counsel, and for its Petition for Injunction, Mandamus, Declaratory Judgment, and Alternatively, for Writ of Certiorari pursuant to Chapter 536 and Chapter 89 for Judicial Review of a decision of the City's Board of Adjustment and for

1

Exhibit A

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

Damages based on violations of Petitioners' Due Process, Equal Protection and Takings Clause rights under the United States Constitution, states as follows:

## INTRODUCTION

1.  This action arises out of actions by various officials of the City of St. Louis, Missouri (the "City") that culminated in an unlawful decision by the Board of Adjustment of the City of St. Louis' ("Board") in Appeal No. 20251 decided on or about January 29, 2020 (the "2020 Decision"). That decision upheld the Board of Public Services' denial of an occupancy permit that was not legally required in the first instance since there has been no change of occupancy and WFBP has a valid occupancy permit dating back decades.

2.  In 2012, the City recognized that the partners of WFBP made what the City classified as an "intercorporate transfer" between partners of WFBP. The City did not require a new occupancy permit in 2012, 2013, 2014, 2015, 2016, 2017 or 2018, and in each of those years, the City granted annual business licenses to WFBP to continue to operate a convenience store and gas station at 4126 W. Florissant Avenue, St. Louis, Missouri (the "Property") just as WFBP had done since 1998. The City also continued to accept business license fees during all of these years, including as recently as June 2019 (a true and accurate copy of that license is attached hereto as **Exhibit 1**).

3.  The WFBP partners have continuously and without interruption occupied and used the Property as a convenience store and gas station since at least 1998.

4.  The Board's 2020 Decision must be reversed by this Court because it is unconstitutional, unlawful, unreasonable, arbitrary, capricious, against the weight of the evidence, and unsupported by competent and substantial evidence.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

**PARTIES**

5.    The WFBP partners are the owners and operators of the gas-station and convenience-store business at 4126 W. Florissant Avenue, located on City Block #3547 within the City of St. Louis, Missouri 63115 (the "Property").

6.    The City of St. Louis is an independent charter city (and county) existing by virtue of Article VI, Section 31 of the Missouri Constitution (the "City"), and in this case has functioned in its capacity as a city.

7.    The Board of Adjustment (the "Board") of the City of St. Louis ("City") is a board authorized by Chapter 89 of the Revised Statutes of Missouri and Section 26.84.010 et seq. of the City's Municipal Code to hear certain appeals.

**JURISDICTION AND VENUE**

8.    This Court has jurisdiction of this action pursuant to either or both of §536.150 and RSMo. §89.110.

9.    Venue is proper in this Court pursuant to § 508.050 RSMo. because the City of St. Louis, Missouri is located within the jurisdiction of this Court.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

10.    On February 4, 2020, WFBP received notice from the City Permit Section that referenced "Abandon application per BPS denial ltr 1/29/20." That letter went on to state that "since your Application for Certificate of Use and Occupancy has been abandoned you may not conduct any business at this location." A second similar letter was sent on February 5, 2020. True and accurate copies of the February 4, 2020 and February 5, 2020 letters are attached hereto as **Exhibit 2.**

3

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

11.     Based upon this threatening letter, WFBP located a copy of the 2020 Decision, a true and accurate copy of which is attached hereto as **Exhibit 3**.

12.     As the Findings of Fact in the 2020 Decision clearly show, 25 witnesses testified in favor of granting an occupancy permit to WFBP because "crimes in the area are not because of the gas station" (Finding 7), and "the operation is nice" (Finding 8), and "since they've been closing at 11 p.m. traffic has died down . . . and they have new security and it is now safer" (Finding 9) and "since they've put up security cameras, crime goes elsewhere" (Finding 12), and "it's not the store itself, it's the gang members who are the problem" (Finding 13) and "the drug dealers and gang members are not the owners fault" (Finding 15).

13.     WFBP also presented favorable testimony from a number of others, who stated that the owners were good neighbors who helped in times of trouble and "takes care of things" and "the owners try to run their operation, but also have to be the police and risk their lives daily" and "they help people financially" in the neighborhood and "that there will be crime even without the BP" and the area "needs more police."

14.     The Board found all this testimony "to be credible."  See Exhibit 2, Findings 7-30.

15.     There was no competent or substantial evidence offered by the City or the few in opposition that showed any basis for requiring a new occupancy permit from WFBP.

16.     There was no competent or substantial evidence offered by the City or any other witness that showed any unsafe condition in the structure or other improvements on the Property that would require the revocation of WFBP's valid, existing occupancy permit.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

17.    There was no competent or substantial evidence offered by the City or any other witness that showed any nexus between the allegations of crimes in the vicinity and the operation of WFBP's gas station and convenience store.

18.    The City presented no evidence demonstrating that the structure and other improvements on the Property are in any way unsafe for occupancy or use as a gas and convenience store, or that constitutes an unsafe condition or threat to life or property.

19.    Instead, the testimony focused on crimes committed in the vicinity by unrelated persons, gangs, drug dealers and prostitutes who are not properly controlled by the City's police department, which admittedly lacks the capability to provide adequate patrols to eliminate the crime endemic in the neighborhood.

20.    The City itself affirmed WFBP's right to continue to operate its long-standing business when it repeatedly granted business licenses annually, up to and including June 6, 2019 that remains in effect until May 31, 2020.

21.    The overwhelming and competent evidence in the record before the Board supports the legal occupancy by WFBP of the Property and WFBP's right to continue to use its vested property rights in the same manner as it has for decades.  See **Exhibit 3.**

22.    The Board's Decision is not supported by competent and substantial evidence in the record, as the evidence adduced at the hearings and submitted by Petitioner establishes that there is no threat to the public health, welfare or safety as a result of the continued occupancy and use by WFBP of its Property, and thus, the Board was required to either reverse the decisions of the officials from whom an appeal was taken or to grant a new occupancy permit as a ministerial act.

23.    WFBP hereby timely files its Petition herein pursuant to §536.150 and §89.110 RSMo., and City Code Section 26.84.050(G) well within thirty (30) days of the 2020 Decision.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

## COUNT I.  PETITION FOR INJUNCTION, MANDAMUS AND DECLARATORY JUDGMENT

24.     WFBP re-alleges and incorporates by reference Paragraphs 1 through 23 above.

25.     At no time did the City commission any expert reports, authenticated studies or other scientific data to substantiate its Findings and Conclusions of the Board.

26.     Specifically, the Decision of the Board is against the weight of the evidence, as no competent evidence was presented by anyone regarding any safety threat or hazard existing in WFBP's structures or improvements or any crime having been committed or allowed to be committed on the Property by WFBP.  The overwhelming weight of the evidence supported WFBP.

27.     The 2020 Decision contains a "Conclusion of Law" that the "proposed use does not conform to the standards required for conditional use approval. . ."   Yet, the conditional use permit now lawfully held by WFBP was never at issue in the appeal to the Board, nor is it within the jurisdiction of the Board to conduct a revocation hearing of a conditional use permit, especially without proper notice and a full contested-case hearing.  To compound the confusion, the 2020 Decision also contains a "Notice" following the Conclusions of law on the last page of the Decision that threatens the revocation of WFBP's conditional use permit. Again, this threat is made without any compliance with proper due process notice or the contested-case procedures required by Chapter 536 RSMo., just as those procedures were not used to revoke WFBP's existing, lawful occupancy permit.

28.     Moreover, the repeal of WFBP's long-standing occupancy rights through a summary action by the Board of Public Safety and the subsequent affirmation of that summary action by the Board of Adjustment deprives WFBP of due process rights guaranteed by the United States and Missouri constitutions and is an illegal attempt to deprive WFBP of its vested

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

property rights to occupy and use the Property without due process or fair and just compensation. WFBP is, therefore, entitled to a trial de novo pursuant to §536.150, which authorizes actions for injunctions, mandamus and other appropriate actions such as a declaratory judgment.

29.     Furthermore, the City's actions are unconstitutional, unlawful, unreasonable, arbitrary and/or capricious in that the City applied an incorrect legal standard and required WFBP to apply for an occupancy permit in a manner different from other commercial occupants of similarly situated businesses in similar circumstances.

30.     And, the 2020 Decision is unconstitutional, unlawful, unreasonable, arbitrary and/or capricious in that it applied an incorrect legal standard and treated WFBP's coerced application for an occupancy permit differently than other applications by similarly situated businesses in similar circumstances.

31.     The Board's 2020 Decision is not based upon an objective evaluation of the merits of WFBP's application.

32.     The 2020 Decision of the Board is unconstitutional, unlawful, unreasonable, arbitrary and/or capricious in that it contains deficient findings of fact and conclusions of law.

33.     The  Board's 2020 Decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious, against the weight of the evidence, and unsupported by competent and substantial evidence in that the Board failed to consider the positive impact of the WFBP's property uses on the neighborhood and the general welfare of the community.

34.     Petitioner is also authorized pursuant to RSMo. § 536.150 to seek judicial review of the Board's Decision by suit for certiorari in a de novo proceeding.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

**WHEREFORE** Petitioner prays that this Court: a) issue an injunction preventing the City from enforcing its threatened closure of WFBP's vested business operations; b) declare that WFBP has a right to continue to operate its lawful, vested and continuously occupied business at 4126 West Florissant Avenue without undue and unfounded interference from the City; and c) to issue an order in mandamus requiring that the City issue any occupancy permit that may be necessary for WFBP to continue to operate its lawful business as it has for decades; and d) reverse and vacate the 2020 Decision of the Board and e) to issue such other and further orders as are necessary, just or equitable in the circumstances.

### COUNT II. ALTERNATIVE WRIT OF CERTIORARI UNDER CHAPTER 89

35.      WFBP re-alleges and incorporates by reference Paragraphs 1 through 34 above as though fully set forth herein.

36.      This Court has jurisdiction over review of the Board pursuant to § 89.110 RSMo.

37.      The evidence adduced at the Board of Adjustment hearing established that WFBP has a continued right to conduct its long-standing business at the Property.

38.      The Board 2020 Decision to deny WFBP's amendment to the conditional variance is not supported by competent and substantial evidence on the whole record and is arbitrary and capricious and in violation of Missouri law.

39.      The Board's 2020 Decision is clearly arbitrary in that a number of similarly situated stores in the same or nearby neighborhoods as WFBP are permitted to continue to operate despite similar conditions and with fewer constraints.

40.      WFBP has been aggrieved by the Board of Adjustment's decision and will continue to suffer financial hardship absent relief from this Court.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

41.     The filing of this Verified Petition is filed timely and within the thirty (30) days from the date of the Board's 2020 Decision on or about January 29, 2020.

42.     Pursuant to § 89.110 RSMo., this Court is authorized to reverse or modify the decision of Board and allow WFBP continued occupancy and use of its vested property rights.

43.     All actions by City officials were stayed pending the appeal to the Board of Adjustment by operation of Section 26.84.040 of the City's Municipal Code, which provides in pertinent part that:

> Any appeal stays all proceedings in furtherance of the action appealed from, unless the Building Commissioner or the Board of Public Service certifies to the Board, after notice of appeal shall have been filed with him or it, that, by reason of facts stated in the certificate, a stay would, in his opinion, or its opinion, cause imminent peril to life or property.

No such certification was filed or was made a part of the Findings of Fact and Conclusions of Law in the 2020 Decision.

44.     Consequently, Petitioner WFBP, for good cause shown herein, hereby applies for a restraining order to stay all actions by the City and its officers, officials, employees, agents and representatives regarding the Property, pending final resolution of this Writ of Certiorari and/or the other claims pleaded herein.

**WHEREFORE**, Petitioner WFBP respectfully requests that this Court issue a Writ of Certiorari directed to the Board of Adjustment requiring the Board to certify to this Court a true, full and complete copy of the record of the acts and proceedings in this matter, along with all exhibits and documents admitted into evidence, and to have a complete copy returned to the Court as provided by law, so that this Court may adjudicate, on an expedited basis, the legality of the proceedings and make such further orders therein as it deems necessary, including: entering

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

an order reversing the decision of the Board of Adjustment, awarding Petitioner its attorneys' fees and costs incurred in this matter; **and hereby applies to the Court for a restraining order** that stays, restrains and enjoins the City and its officers, officials, employees, agents and representatives from taking any action to close or interfere with the operation of WFBP's business at the Property, pending final resolution of this Writ of Certiorari and/or the other claims pleaded herein; and for other such relief as the Court deems appropriate, just or equitable under the circumstances.

## COUNT III. PROCEDURAL DUE PROCESS

45.     WFBP hereby restates each of the allegations contained in numbered paragraphs 1 through 44 as if fully set forth herein.

46.     WFBP has a vested property right to continue to use the Property as it has lawfully done since 1998.

47.     At all times relevant herein, Respondents and their agents and employees were acting under the color and authority of the law of the State of Missouri, and WFBP's property interests are protected by the Due Process clause of the Fourteenth Amendment to the United States Constitution.

48.     Respondents violated WFBP's procedural due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, in that WFBP has been denied its constitutionally protected right to keep and/or renew its occupancy permit, which was purportedly revoked without due process of law by not providing for a hearing with those protections required by Missouri law, including but not limited to those in Chapter 536.010-536.090.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

49.     The above acts of Respondents, jointly and severally, were made for improper and illegal motives, and were willful, wanton, and malicious.

50.     As a result of Respondents' actions described herein, WFBP will suffer substantial damages not yet capable of calculation if this Court does not enjoin the unlawful conduct of Respondents to close WFBP's business operations at the Property.

51.     WFBP has also suffered the expense of instituting and prosecuting this suit pursuant to 42 U.S.C. Sections 1983 and 1988, pursuant to which this Court has concurrent jurisdiction with the federal courts.

**WHEREFORE**, WFBP prays this Court to declare Respondents' refusal to allow WFBP to continue to legally occupy its Property to be unlawful and unconstitutional, and further prays the Court to enter judgment for WFBP and against Respondents, jointly and severally, in an amount necessary to reasonably compensate WFBP for its losses and damages, and further prays that the Court award WFBP punitive damages that are fair and reasonable under the circumstances, to award WFBP its attorney's fees and costs expended herein, and for such other and further relief as this Court deems necessary and proper.

### COUNT IV. EQUAL PROTECTION

52.     WFBP hereby restates each of the allegations contained in numbered paragraphs 1 through 51 above as if fully set forth herein.

53.     Respondents City and Board have not revoked occupancy permits or refused to grant new occupancy permits to other commercial businesses and convenience stores and gas stations that are similarly situated to WFBP.

54.     The equal protection clauses of the United States and Missouri constitutions entitle WFBP to receive approval from Respondents of its request for permits without regard to

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

the ethnicity or religion of Petitioners because WFBP is similarly situated to other commercial businesses and convenience stores and gas stations.

55.     Further, WFBP is otherwise qualified to keep its existing, lawful occupancy permit or to receive a new one.

56.     Respondents have no rational basis for failing and refusing to allow WFBP to continue to operate its business under its validly issued permits.

57.     Respondents' failure and refusal to allow WFBP to proceed under its validly issued permits has unconstitutionally singled out WFBP for discriminatory treatment in that the treatment is invidiously dissimilar to that of others similarly situated.

58.     This invidious discriminatory treatment is a violation of WFBP's Fourteenth Amendment equal protection rights.

59.     At all times relevant herein, Respondents were acting under the color and authority of the law of the State of Missouri.

60.     The acts and omissions of Respondents described herein demonstrate deliberate indifference and willful disregard for WFBP's constitutional rights.

61.     Respondents knew, or reasonably should have known, that the acts and omissions described herein violated WFBP's constitutional rights.

62.     Respondents City and Board's acts and omissions described herein were willful, wanton, and malicious, entitling Petitioners to a reasonable award of punitive damages.

63.     State and federal laws allow WFBP to recover its damages and attorney's fees incurred as a result of violations of its constitutional rights in this Court, see, e.g., 42 U.S.C. Sections 1983 and 1988.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

**WHEREFORE**, WFBP prays this Court:  i) to declare Respondents' failure and refusal to allow WFBP to operate its business under its validly issued permits as unconstitutional and invalid; ii) to enter judgment for WFBP and against Respondents, jointly and severally, to award WFBP damages to reasonably compensate it;  iii) to award WFBP punitive damages that are fair and reasonable under the circumstances; iv) to award WFBP its attorney's fees and costs expended herein under 42 U.S.C. Sections 1983 and 1988; and v) for such other and further relief as this Court deems necessary and proper.

## COUNT V.  ACTION FOR CONSTITUTIONAL TAKING

64.     WFBP hereby restates each of the allegations contained in numbered paragraphs 1 through 63 above as if fully set forth herein.

65.     The City's unilateral taking without just cause or compensation of WFBP's vested property rights significantly diminishes the value of WFBP's Property.

66.     WFBP purchased the property with the intention to operate it as a gas station and convenience store, just as WFBP's predecessor had done since at least 1964.

67.     Respondents' unlawful and unilateral actions completely prohibit WFBP from using its property in accordance with WFBP's investment-backed expectations to continue to operate its gas station and convenience stores business.

68.     Respondents' unlawful taking of WFBP's vested property rights is arbitrary, capricious, unreasonable, and an abuse of discretion.

69.     Respondents' actions with regard to WFBP's vested property rights represent an unconstitutional taking, a regulatory taking and an inverse condemnation.

70.     As a direct result of Respondents' unconstitutional taking, WFBP has sustained damages far in excess of $25,000.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

**WHEREFORE**, WFBP prays for entry of Judgment against Respondents, jointly and severally, in an amount that justly compensates WFBP for the unconstitutional taking, for its reasonable attorneys' fees and costs pursuant to Sections 42 U.S.C. Section 1983 and 1988, and for such other relief as the Court deems just and appropriate.

Respectfully Submitted,

CURTIS, HEINZ, GARRETT & O'KEEFE, P.C.

*/s/ Helmut Starr*
HELMUT STARR #32899
Attorneys for Plaintiffs
130 South Bemiston Avenue, Suite 200
St. Louis, Missouri 63105
(314) 725-8788
(314) 725-8789 Facsimile
hstarr@chgolaw.com

*Attorneys for WFBP Property L.L.C.*

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

### DECLARATION OF VERIFICATION

I, Mazen Owydat, swear upon penalty of perjury, that:

1.    I am over the age of eighteen and have personal knowledge about, or information available to me regarding the allegations made in the foregoing Verified Petition ("Petition") in my capacity as a partner of WFBP.

2.    In that capacity, I have read the foregoing Petition and am authorized to execute this Verification on behalf of WFBP.

3.    The facts in the foregoing Petition are true and correct to the best of my knowledge, information and belief.

_____
Mazen Owydat, Partner, WFBP

**2022-CC00292**

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

# City of Saint Louis

## THIS LICENSE MUST BE POSTED ON THE PREMISES IN FULL PUBLIC VIEW

TERM OF LICENSE:

WEST FLORISSANT AMOCO
4126 W FLORISSANT AV
ST LOUIS MO 63115

| FROM DATE: | TO DATE: |
|---|---|
| 06/01/19 | 05/31/20 |

LICENSE #    LC9884155
DATE ISSUED    05/07/19
FEE PAID    $325.00
FED ID    431803392

BUSINESS LICENSE

BUSINESS TYPE: GASOLINE SERVICE STA

MANAGING OFFICER OR PARTNERS:

If this is not a Business License the following applies: Pursuant to city ordinances and conditioned upon payment of the required fee or tax due, subject to audit and zoning requirements, license is hereby granted for the term and purpose stated.

If this is a Business License, the following applies: The City of Saint Louis: To all who shall see these presents, greeting: Know ye that the licensee, having paid to the City of Saint Louis the sum stated above, being the tax and license upon the licensee as a business, therefore, the said licensee is hereby authorized to sell any goods, wares, services and merchandise of any description, except as otherwise provided by ordinance at any one store, stand or place of business within the City, for the year ending as stated above. In testimony whereof, I, the comptroller of the City of Saint Louis have hereunto set my hand.

REGISTER

COMPTROLLER

**EXHIBIT 1**

SIGNATURE OF LICENSE COLLECTOR OR DEPUTY

016900

## LICENSE NOT TRANSFERABLE



**2022-CC00292**

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

**EXHIBIT 2 to WFBP PETITION**



# City of St. Louis
## DEPARTMENT OF PUBLIC SAFETY
### DIVISION OF BUILDING AND INSPECTION
LYDA KREWSON
MAYOR



JIMMIE M. EDWARDS
DIRECTOR OF PUBLIC SAFETY

FRANK OSWALD
BUILDING COMMISSIONER

Tuesday, February 4, 2020

WEST FLORISSANT BP
OWYDAT, MAZEN
4126 WEST FLORISSANT AV
ST LOUIS, MO 63115

RE: 4126 W FLORISSANT AV

Dear Applicant,

Please be informed that the Application for Certificate of Use and Occupancy applied for on 4/15/2019 for Convenience Store and Gas Station, CONVENIENCE STORE w/GAS STATION (NO CARWASH, NO LIQUOR, NO COOKING), at the above referenced address is hereby abandoned for the following reasons:

Abandon application per BPS denial ltr 1/29/20

Recommended By:
City User(s)

Further, be informed that since your Application for Certificate of Use and Occupancy has been abandoned you may not conduct any business at this location.

Violation of the above order may result in legal action and prosecution by the City of St. Louis.

Yours truly,

Permit Section
314-622-3313

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM



**City of St. Louis**

**DEPARTMENT OF PUBLIC SAFETY**
DIVISION OF BUILDING AND INSPECTION
**LYDA KREWSON**
MAYOR



JIMMIE M. EDWARDS
DIRECTOR OF PUBLIC SAFETY

**FRANK OSWALD**
BUILDING COMMISSIONER

Wednesday, February 5, 2020

WEST FLORISSANT BP
OWYDAT, MAZEN
4126 WEST FLORISSANT AV
ST LOUIS, MO 63115

RE: 4126 W FLORISSANT AV

Dear Applicant,

Please be informed that the Application for Certificate of Use and Occupancy applied for on 4/15/2019 for Convenience Store and Gas Station, CONVENIENCE STORE w/GAS STATION (NO CARWASH, NO LIQUOR, NO COOKING), at the above referenced address is hereby abandoned for the following reasons:

Abandon permit per Board of Public Service. Cease and desist operation until Occupancy Permit has been issued.

Recommended By:
City User(s)

Further, be informed that since your Application for Certificate of Use and Occupancy has been abandoned you may not conduct any business at this location.

Violation of the above order may result in legal action and prosecution by the City of St. Louis.

Yours truly,

Permit Section
314-622-3313

2022-CC00292

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM



# 𝔅oard of 𝔄djustment

City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103

**Board of Adjustment Appeal #20251**
**RE:  #BPS-126680/#AOP-3847-19**
**4126 W. Florissant Ave.**

**Proceedings**

On January 15, 2020 and October 9, 2019, the Board of Adjustment of the City of St. Louis heard Appeal No. 20251, pursuant to Section 26.84.040 of the Zoning Code, concerning an appeal from the Board of Public's Service's denial of an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

On January 15, 2020, Board Members Joe Klitzing, John Albert, Mel Desemone, Mona Parsley, and Irene Soll were present for this Appeal.

On October 9, 2019, Board Members, Board Members Joe Klitzing, John Albert, Sallie Burke, Mona Parsley, and Irene Soll were present for this Appeal.

On January 15, 2020 Steve Brooks testified in favor of this Appeal.

On January 15, 2020 the following people testified in opposition of this Appeal; Melinda Long, Carol Johnson, Don Hanley, Beth Weismann, Kimberly Collins, and Barbara Hall

On October 9, 2020, the following people testified in favor of this Appeal; Samuel Jackson, Yvette Peebles, Sondra P., Julius Lewis, Katherine Davis, Karla Jensen, Jimmie Tate, Tiffany Palmer, Danita Jackson, Sylvia Smith, Gregory Williams, Maurice Davis, Archie Wayne, Vanessa Scott, Charles Kennedy, Stacy Harrison, Keith Davis, Carl Piffen, April Channing, Rodney, Sharonda Davis, Jason Love, Robert K.

On October 9, 2019, Owydat Mazen, testified in favor of this Appeal.

On October 9, 2019, the following people testified in opposition of this Appeal; Melinda Long, Sharie Taylor, Carolyn Washington, Brenda Nelson, Barbara Homes, and Delores Smith.

On January 15, 2020 and October 9, 2019 Erin Godwin, Zoning Plan Examiner, represented the Building Commissioner.

**EXHIBIT 3 TO WFBP PETITION**

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

Page 2
Appeal #20251
4126 W. Florissant Ave.

## Findings of Fact

The Board of Adjustment hereby makes the following findings of fact:

1. The following exhibits were admitted into evidence:  A certified copy of the Zoning Code, Ordinance 59979, with amendments, was introduced as Exhibit A.  Appeal to the Board, Basis for Denial / Basis of Appeal from the Board of Public Service, Meeting Notice Letter, City Journal Public Notices, Photographs and Sanborn Map(s) were introduced as Exhibits B – G.  On October 9, 2019, a fax sent by Appellant's attorney requesting continuance, was introduced as Exhibit H.  On January 15, 2020, Letter of Opposition was submitted by Amber Cole, was introduced as Exhibit H-1.  Faxed received on January 14, 2020, from Appellant's attorney requesting a continuance, was introduced as Exhibit I-1.  Petition in Opposition, submitted by Opposition, was introduced as Exhibit J-1.  Event Search Police Report, submitted by Opposition, was introduced as Exhibit K-1.

2. The subject property, known and numbered as 4126 W. Florissant Ave., is in City Block #3547.

3. The applicable zoning designation is "G" – Local Commercial and Office District.

4. Appellant has applied for an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

5. On January 15, 2020 and October 9, 2019, per the testimony of Erin Godwin, the Zoning Plan Examiner, the proposed occupancy permit was denied by the Board of Public Service, which concluded that the use would be detrimental to the public health, safety, morals or general welfare.  The Board found this testimony to be credible.

6. On October 9, 2019 the Board convened for this hearing.

7. Samuel L. Jackson testified in favor of this Appeal.  Mr. Jackson testified that he has been a resident of the neighborhood since 1966. Mr. Jackson testified that the crimes are not because of the gas station.  He stated that the Board should take into consideration the people who live in the neighborhood.  The Board found this testimony to be credible.

8. Yvette Peebles testified in favor of this Appeal.  Ms. Peebles testified that

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

Page 3
Appeal #20251
4126 W. Florissant Ave.

crime is everywhere.  She stated the operation is nice.  The Board found this
testimony to be credible.

9.  Sondra P. testified in favor of this Appeal.  Ms. Sondra testified that things
have changed since last meeting.  She stated that since they've been closing
at 11 p.m. traffic has died down.  Ms. Sondra testified that they have new
security and it is now safer.  She stated people aren't gathering there
anymore.  Ms. Sondra testified that closing the BP would hurt the
neighborhood.  The Board found this testimony to be credible.

10. Julius Lewis testified in favor of this Appeal.  Mr. Lewis testified that he had
left work early to come in support of this Appeal.  He stated since the hours
changed, there is difference.  The Board found this testimony to be credible.

11. Katherine Davis testified in favor of this Appeal.  Ms. Davis testified that she is
in support of keeping the BP open.  She stated that the owner helped her
when her son died.  The Board found this testimony to be credible.

12. Karla Jensen testified in favor of this Appeal.  Ms. Jensen testified that if the
BP closes, it would become a trap house.  She stated since they've put up
security cameras, crime goes else where.  The Board found this testimony to
be credible.

13. Jimmy Tate testified in favor of this Appeal.  Mr. Tate testified that he has
lived in the neighborhood since he was 12 years old.  He stated it's not the
store itself; it's the gang members who are the problem.  Mr. Tate testified
that the store is an asset.  Mr. Tate testified that the police should deal with
the gang members.  The Board found this testimony to be credible.

14. Tiffany Palmer testified in favor of this Appeal.  Ms. Palmer testified that she
only goes there for gas.  Ms. Palmer testified she's been there for 30 years.
Ms. Palmer testified that since under new management, it is better.  She
stated the hours have changed and security is there all day.  The Board found
this testimony to be credible.

15. Danita Jackson testified in favor of this Appeal.  Ms. Jackson testified that she
is in support of keeping the store open.   She stated the drug dealers and
gang members are not the owners fault.  Ms. Jackson asked that the Board
not close the BP.  The Board found this testimony to be credible.

16. Sylvia Smith testified in favor of this Appeal.  Ms. Smith testified that she's

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

Page 4
Appeal #20251
4126 W. Florissant Ave.

been a resident for 40 years.  She stated Josh takes care of things.  She asked that the Board not close the filling station.  The Board found this testimony to be credible.

17. Gregory Williams testified in favor of this Appeal.  Mr. Williams testified that the owner takes care of business.  Mr. Williams testified that the owners try to run their operation, but also have to be the police and risk their lives daily.  He stated that they help people financially.  The Board found this testimony to be credible.

18. Maurice Davis testified in favor of this Appeal.  Mr. Davis testified that the owners have helped him with work.  He stated that there will be crime even without the BP.  Mr. Davis testified that the owners help the community.  The Board found this testimony to be credible.

19. Archie Wayne testified in favor of this Appeal.  Mr. Wayne testified that that they need the gas station.  He stated they neighborhood has already lost alot of businesses.  The Board found this testimony to be credible.

20. Vanessa Scott testified in favor of this Appeal.  Ms. Scott testified that she is 45 years old and handicap.  She stated the proximity of the store is important and she feels safe there.  The Board found this testimony to be credible.

21. Charles Kennedy testified in favor of this Appeal.  Mr. Kennedy testified that the problem is people coming from other neighborhoods.  The Board found this testimony to be credible.

22. Stacey Harrison testified in favor of this Appeal.  Ms. Harrison testified that she agrees with everyone else.  She stated Josh does what he can every day.  The Board found this testimony to be credible.

23. Keith Davis testified in favor this Appeal.  Mr. Davis testified that he supports keeping the BP open for the community.  He stated that closing early has made a difference.  Mr. Davis testified that the store is in the highest crime rate.  He stated the police should be the enforcers not the store owners.  The Board found this testimony to be credible.

24. Carl Piffen testified in favor of this Appeal.  Mr. Piffen testified that even though his brother was killed there 3 years ago, he still goes there.  He stated he loves this store.  The Board found this testimony to be credible.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

Page 5
Appeal #20251
4126 W. Florissant Ave.

25. April Channing testified in favor of this Appeal.  Ms. Channing testified that she agrees with the others.  The Board found this testimony to be credible.

26. Rodney Aldridge testified in favor of this Appeal.  Mr. Aldridge testified that he agrees with the others.  He stated they need more police and leave Josh alone.  The Board found this testimony to be credible.

27. Sharonda Davis testified in favor of this Appeal.  Ms. Davis testified that the BP should stay open.  She stated that it don't matter where you go, there is crime everywhere.  The Board found this testimony to be credible.

28. Jason Love testified in favor of this Appeal.  Mr. Love testified that he supports saving the BP.  He stated he feels safe.  The Board found this testimony to be credible.

29. Robert Critchen testified in favor of this Appeal.  Mr. Critchen testified that the store is beautiful.  The Board found this testimony to be credible.

30. Owydat Mazen testified in favor of this Appeal.  Mr. Mazen testified that he is the owner.  Mr. Mazen testified that the patrons call him Josh.  He stated that for the past 20 years he's been part of the neighborhood.  Mr. Mazen testified that he is trying to do all he can to stay open.  The Board found this testimony to be credible.

31. Melinda Long testified in opposition of this Appeal.  Ms. Long testified that she lives around the corner from the BP.  She stated the BP is not a store; it sells only a few grocery items.  Ms. Long testified that primary business is a gas station.  She stated the owners never had a security guard.  She stated there is alot of crime that goes on there.  Ms. Long testified that the BP needs to go.  The Board found this testimony to be credible.

32. Sharie Taylor testified in opposition of this Appeal.  Ms. Taylor testified that there are years of police calls and years of meeting with owners and nothing changed.  She stated that only recently the owners started to comply.  Ms. Taylor testified that they sell opened prescriptions over the counter.  The Board found this testimony to be credible.

33. Carolyn Washington testified in opposition of this Appeal.  Ms. Washington testified that she lives across the street.  She stated that there's too much traffic.  Ms. Washington testified that from her porch you can see the prostitution and drug deals.  She stated they need a bathroom, as people use

Page 6
Appeal #20251
4126 W. Florissant Ave.

the bathroom outside.  Ms. Washington testified that the BP needs more lights.  She stated that people hang around there alot after 11 p.m.  The Board found this testimony to be credible.

34. Brenda Nelson testified in opposition of this Appeal.  Ms. Nelson testified that she agrees with the others who are in opposition.  The Board found this testimony to be credible.

35. Barbara Homes testified in opposition of this Appeal.  Ms. Homes testified that doesn't go to this BP.  She stated it is nasty looking and unkept.  The Board found this testimony to be credible.

36. Delores Smith testified in opposition of this Appeal.  Ms. Smith testified that she is 54 year old resident.  Ms. Smith testified that the previous owners kept it cleaner.  The Board found this testimony to be credible.

37. On October 9, 2019, Chairman Klitzing made a motion to continue Appeal No. 20251, to the next available date, per the Appellant's attorney's request.  Board Member Parsley seconded the motion.  All voted in favor of the motion.  This Appeal will be rescheduled to a later date.

38. On January 15, 2020 the Board reconvened for this hearing.

39. Steve Brooks testified in favor of this Appeal.  Mr. Brooks testified that he is the attorney for the Appellant.  Mr. Brooks testified that he was hired to do an investigation as to the allegations against the reasons why the permit was not granted.  Mr. Brooks testified that he has made several formal and informal requests for certain documents, so he can complete his investigation to properly advise his client.  He stated he has not received any documents.  Mr. Brooks testified that the Board should not go forward with the hearing until he has the chance to properly advise his client and do a proper investigation.  Mr. Brooks testified this is why he requested a continuance.  He then referred the Board, his Exhibit 1 of his continuance request, which was his sunshine request, to provide all records including, but not limited to photos, written complaints, inspection summaries and other documents that formed the basis for denial of BP Florissant on June 18, 2019.  Mr. Brooks testified that he initially requested this information on September 27, 2019.  He stated he didn't follow-up with the City sunshine coordinator.  Mr. Brooks testified that on September 26, 2019, he did call Cherise Thomas, Secretary of BPS.  He stated he didn't know how long it takes the City to respond to requests.  Mr. Brooks testified that he did not think there was anywhere in the sunshine law

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

Page 7
Appeal #20251
4126 W. Florissant Ave.

that it states he should follow up.  He stated that it's the City's responsibility to
follow up with his request.  Mr. Brooks testified that the City failed to provide
the requested documents, therefore he requests a continuance.

40. Melinda Long testified in opposition of this Appeal.  Ms. Long testified that she
lives right around the corner from BP Florissant.  Ms. Long testified that she
personally called the City's Legal Department and spoke to Richard Sykora.
She stated that by speaking to him, she received an email from him of all the
police calls from October 2017 – October 2019; however she only received 4
of the 6 pages.  Ms. Long testified that each page list 24 calls.  She stated
that at the same time they have a lot of seniors in the area, she stated that
she called the Board of Adjustment Secretary and asked if they could prepare
a letter of opposition that they oppose the continuance.  Ms. Long testified
that they gathered 150 signatures that are in support of BPS's denial and
request the Board of Adjustment to not grant another continuance.  Ms. Long
testified that the residents have had it for over 30 years.  She stated the "new
management" has been there for decades.  Ms. Long testified that this
"fraternity of men" has 8 to 9 gas stations going up within 1 - 2 miles of this
location.  She stated that they have security but they do not have formal
security from a security firm.  Ms. Long testified that when the police ask to
view the security tapes, the owners claim there is no film.  She stated the BP
Station had 20 individuals, come in support of keeping the BP open, however
it was later found out that these individuals were picked up that same day of
hearing on October 9, 2019 and were paid $25.00 to testify in support of the
appeal.  Ms. Long testified that the BP station is nothing but problems, from
drugs to prostitution to shootings.  Ms. Long asks the Board not to give
another continuance.  The Board found this testimony to be credible.

41. Carol Johnson testified in opposition of this Appeal.  Ms. Johnson testified
that the prior owner was Caucasian and did not have as many problems as
the current owner.  She stated from her porch she can see all the illegal
activities, drug dealing, prostitution, and people being shot.  Ms. Johnson
testified that they sell individual Benadryl shots.  She stated there's heavy
traffic and a lot of trash.  Ms. Johnson testified that she is tired of being
looked over and asks the board to not grant a continuance and to uphold the
BPS denial.  The Board found this testimony to be credible.

42. Don Hanley testified in opposition of this Appeal.  Mr. Hanley testified that he
cleans his block daily.  Mr. Hanley testified that he's lost two (2) people close
to him that were killed in the parking lot of the BP station.  He stated the BP is
ridiculous and must go.  The Board found this testimony to be credible.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

Page 8
Appeal #20251
4126 W. Florissant Ave.

43. Beth Weismann testified in opposition of this Appeal.  Ms. Weismann testified that her son is in the Army and warned her not to go there, as the station is known for trouble.  Ms. Weismann testified that she lives above the church where her husband is the Pastor.  She stated that they need help and cooperation to live a better life.  The Board found this testimony to be credible.

44. Kimberly Collins testified in opposition of this Appeal.  Ms. Collins testified that she collected signatures for the petition.  She stated she doesn't go down Adelaide because of the crime.   Ms. Collins testified that her neighbor was shot by his girlfriend from a drug incident that was carried on at the BP station.  The Board found this testimony to be credible.

45. Barbara Hall testified in opposition of this Appeal.  Ms. Hall testified that she was here in October.  She stated the Appellant had all these people here in support of the appeal.  Ms. Hall testified that there were two (2) vans full of people and after the hearing they all were in front of the BP lot hanging out. The Board found this testimony to be credible.

46. Ms. Johnson came back up to testify.  Ms. Johnson testified that on October 9, 2019 when they got home from that Appeal, all the supporters of the appeal were falling over getting high on the BP lot.  Ms. Johnson asks that the board help the residents and not grant a continuance.  The Board found this testimony to be credible.

### Conclusions of Law and Order

Regarding the Appellant's request for continuance, the Board denies this request.

It is the decision of the Board of Adjustment that the proposed use does not conform to the standards required for conditional use approval as set forth in Section 26.80.010.E. of the Zoning Code.  Specifically, the Board heard evidence that the use would be detrimental to public health, safety, morals or general welfare. The Board, therefore, upholds the decision of the Board of Public Service to deny an occupancy permit to operate a convenience store and gas station at 4126 W. Florissant Ave.

The above motion, made by Chairman Klitzing and seconded by Board Member Soll, was passed by a unanimous vote of the Board.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

Page 9
Appeal #20251
4126 W. Florissant Ave.

## Notice

Please note that any person or persons jointly aggrieved by any decision of the Board of Adjustment or any officer, department, board or bureau of the municipality, may present to the Circuit Court of the City a petition, duly verified that such decision is illegal, in whole or in part, and specifying the grounds of the illegality.  Such petition shall be presented to the Court within thirty (30) days after the filing of the decision of the Board as provided by Section 89.110 of the Revised Statutes of Missouri.

Further, be advised that Sections 26.100.030 and 26.100.040 of the Revised Code of the City of St. Louis provide for authorization to revoke conditional use permits and variances to the Zoning Code if any use is made of the building, structure or premises which constitutes an enlargement, alteration, or extension of the permitted use for which a conditional use or a variance has been granted or if the applicant or use fails to comply with conditions imposed when a conditional use or variance is granted.

By Order of the Board of Adjustment,

Andrea Gutierrez
Secretary

cc:     Ward 21 Alderman John Collins Muhammad
        Neighborhood Stabilization Officer
        Zoning Plan Examiners
        Building Inspection
        Cultural Resources
        Mary Hart Burton, Zoning Administrator
        Don Roe, PDA
        Permits
        Business Assistance Center
        License Collector

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

FEB 2 6 2020

CIRCUIT CLERK OFFICE

MAZEN OWYDAT, et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Petitioners/ Plaintiffs,　　　　　　)　　　　Cause No. 2022-CC00292
　　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　)　　　　Division No. 19
　　　　　　　　　　　　　　　　　　　　　　)
THE CITY OF ST. LOUIS, MISSOURI, et al.,　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Respondent/Defendant.　　　　　　)

## <u>ORDER TEMPORRILY GRANTING APPLICATION FOR RESTRAINING ORDER</u>

Upon review of Petitioner's application for Temporary Restraining Order within the

Petition for Injunction and other relief and arguments of counsel, this Court does hereby find that

Petitioner has made a sufficient showing that the Court should grant an order preserving the

status quo ante until such time as the Court may conduct an evidentiary hearing on Petitioner's

application.

THEREFORE, BEING DULY ADVISED IN THE PREMISES IT IS HEREBY

ORDERED THAT:

1.　　　Respondents the City of St. Louis and its Board of Adjustment, directly or

indirectly through their agents, employees or representatives are prohibited from any action to

close the gas station and convenience store operated at 4126 West Florissant Avenue, St. Louis,

MO 63115 until further order of this Court or as otherwise provided below.

2.　　　The Parties shall appear before this Court on the 2nd day of April 2020, at

9:00 a.m. ~~p.m.~~ for a hearing on Petitioners' application for a restraining order pursuant to

Chapter 89.110 RSMO.　This order shall take effect immediately and shall remain in effect ~~for~~

**ENTERED**

FEB 27 2020

MDG　　　　　　1

~~ten (10) days~~ until ~~February 28~~, 2020 unless dissolved by further order of this Court or unless *April 3,*

further extended by this Court for good cause shown.

3.   This order shall be binding upon Respondents and their agents, servants,

employees, attorneys, and successors and upon those persons in active concert or participation

with them and they are so bound thereby from and after the date of this Order as service has been

accepted by Respondents' counsel.

Date and time:  __2/26/20__
                __10:35m__                 _____
                                           Circuit Court Judge

2

Electronically Filed - City of St. Louis - February 27, 2020 - 12:44 PM

# MISSOURI CIRCUIT COURT
## TWENTY-SECOND JUDICIAL CIRCUIT
### [ST. LOUIS CITY]

| | | |
|---|---|---|
| **MAZEN OWYDAT,** | ) | |
| **YOUSSEF MEQUEH,   and** | ) | |
| **SALEH ALKHAFAJI** | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | **Case No. 2022-CC00292** |
| **v.** | ) | |
| | ) | **Division 19** |
| **CITY OF ST. LOUIS ET AL** | ) | |
| | ) | |
| RESPONDENTS. | ) | |

## ENTRY OF APPEARANCE

COMES NOW Assistant City Counselor Megan Bruyns and hereby enters her appearance as counsel of record for Respondents City of St. Louis and City of St. Louis Board of Adjustment.

Respectfully submitted,
JULIAN L. BUSH
CITY COUNSELOR

By:  ____/s/ Megan G. Bruyns____

Megan G. Bruyns #69987
Associate City Counselor
1200 Market Street
City Hall Room 314
St. Louis, Missouri 63103
Phone: 314-622-3366
Fax: 314-622-4956
Bruynsm@stlouis-mo.gov
ATTORNEY FOR RESPONDENTS

## CERTIFICATE OF SERVICE

A copy of this Entry was filed on February 27, 2020 for service through the Missouri electronic filing system upon all attorneys of record.

____/s/ Megan G. Bruyns____