# IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
# STATE OF MISSOURI

| | |
|---|---|
| MAZEN OWYDAT, YOUSSEF MEQUEH, ) <br> and SALEH ALKHAFAJI, as partners, ) <br> d/b/a West Florissant BP, f/k/a West ) <br> Florissant Amoco, ) <br> ) <br>         Petitioners/ Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> THE CITY OF ST. LOUIS, ) <br> ) <br> SERVE:  Lyda Krewson ) <br>         Mayor ) <br>         1200 Market Street, Room 200 ) <br>         St. Louis, MO 63103 ) <br> ) <br> BOARD OF ADJUSTMENT OF THE CITY OF ) <br> ST. LOUIS, MISSOURI, ) <br> ) <br> SERVE: Mary Hart-Burton ) <br>        Zoning Administrator ) <br>        Board of Adjustment ) <br>        1200 Market Street, Room 400 ) <br>        St. Louis, Missouri 63103 ) <br> ) <br>         Respondents/Defendants. ) | Cause No. <br><br> Division No. |

**PETITION FOR INJUNCTION, MANDAMUS, DECLARATORY JUDGMENT AND, ALTERNATIVELY, WRIT OF CERTIORARI AND APPLICATION FOR A STAY PURSUANT TO CHAPTER 89.110 RSMO. AND DAMAGES CLAIMS**

COME NOW Petitioners/Plaintiffs Mazen Owydat, Youssef Mequeh, and Saleh Alkhafaji, as partners doing business as West Florissant BP, formerly known as Florissant Amoco, ("WFBP"), by and through its undersigned counsel, and for its Petition for Injunction, Mandamus, Declaratory Judgment, and Alternatively, for Writ of Certiorari pursuant to Chapter 536 and Chapter 89 for Judicial Review of a decision of the City's Board of Adjustment and for

Exhibit A

Damages based on violations of Petitioners' Due Process, Equal Protection and Takings Clause rights under the United States Constitution, states as follows:

## INTRODUCTION

1. This action arises out of actions by various officials of the City of St. Louis, Missouri (the "City") that culminated in an unlawful decision by the Board of Adjustment of the City of St. Louis' ("Board") in Appeal No. 20251 decided on or about January 29, 2020 (the "2020 Decision").  That decision upheld the Board of Public Services' denial of an occupancy permit that was not legally required in the first instance since there has been no change of occupancy and WFBP has a valid occupancy permit dating back decades.

2. In 2012, the City recognized that the partners of WFBP made what the City classified as an "intercorporate transfer" between partners of WFBP.  The City did not require a new occupancy permit in 2012, 2013, 2014, 2015, 2016, 2017 or 2018, and in each of those years, the City granted annual business licenses to WFBP to continue to operate a convenience store and gas station at 4126 W. Florissant Avenue, St. Louis, Missouri (the "Property") just as WFBP had done since 1998.  The City also continued to accept business license fees during all of these years, including as recently as June 2019 (a true and accurate copy of that license is attached hereto as **Exhibit 1**).

3. The WFBP partners have continuously and without interruption occupied and used the Property as a convenience store and gas station since at least 1998.

4. The Board's 2020 Decision must be reversed by this Court because it is unconstitutional, unlawful, unreasonable, arbitrary, capricious, against the weight of the evidence, and unsupported by competent and substantial evidence.

## PARTIES

5. The WFBP partners are the owners and operators of the gas-station and convenience-store business at 4126 W. Florissant Avenue, located on City Block #3547 within the City of St. Louis, Missouri 63115 (the "Property").

6. The City of St. Louis is an independent charter city (and county) existing by virtue of Article VI, Section 31 of the Missouri Constitution (the "City"), and in this case has functioned in its capacity as a city.

7. The Board of Adjustment (the "Board") of the City of St. Louis ("City") is a board authorized by Chapter 89 of the Revised Statutes of Missouri and Section 26.84.010 et seq. of the City's Municipal Code to hear certain appeals.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this action pursuant to either or both of §536.150 and RSMo. §89.110.

9. Venue is proper in this Court pursuant to § 508.050 RSMo. because the City of St. Louis, Missouri is located within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. On February 4, 2020, WFBP received notice from the City Permit Section that referenced "Abandon application per BPS denial ltr 1/29/20." That letter went on to state that "since your Application for Certificate of Use and Occupancy has been abandoned you may not conduct any business at this location." A second similar letter was sent on February 5, 2020. True and accurate copies of the February 4, 2020 and February 5, 2020 letters are attached hereto as **Exhibit 2.**

11. Based upon this threatening letter, WFBP located a copy of the 2020 Decision, a true and accurate copy of which is attached hereto as **Exhibit 3**.

12. As the Findings of Fact in the 2020 Decision clearly show, 25 witnesses testified in favor of granting an occupancy permit to WFBP because "crimes in the area are not because of the gas station" (Finding 7), and "the operation is nice" (Finding 8), and "since they've been closing at 11 p.m. traffic has died down . . . and they have new security and it is now safer" (Finding 9) and "since they've put up security cameras, crime goes elsewhere" (Finding 12), and "it's not the store itself, it's the gang members who are the problem" (Finding 13) and "the drug dealers and gang members are not the owners fault" (Finding 15).

13. WFBP also presented favorable testimony from a number of others, who stated that the owners were good neighbors who helped in times of trouble and "takes care of things" and "the owners try to run their operation, but also have to be the police and risk their lives daily" and "they help people financially" in the neighborhood and "that there will be crime even without the BP" and the area "needs more police."

14. The Board found all this testimony "to be credible."  See Exhibit 2, Findings 7-30.

15. There was no competent or substantial evidence offered by the City or the few in opposition that showed any basis for requiring a new occupancy permit from WFBP.

16. There was no competent or substantial evidence offered by the City or any other witness that showed any unsafe condition in the structure or other improvements on the Property that would require the revocation of WFBP's valid, existing occupancy permit.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

17. There was no competent or substantial evidence offered by the City or any other witness that showed any nexus between the allegations of crimes in the vicinity and the operation of WFBP's gas station and convenience store.

18. The City presented no evidence demonstrating that the structure and other improvements on the Property are in any way unsafe for occupancy or use as a gas and convenience store, or that constitutes an unsafe condition or threat to life or property.

19. Instead, the testimony focused on crimes committed in the vicinity by unrelated persons, gangs, drug dealers and prostitutes who are not properly controlled by the City's police department, which admittedly lacks the capability to provide adequate patrols to eliminate the crime endemic in the neighborhood.

20. The City itself affirmed WFBP's right to continue to operate its long-standing business when it repeatedly granted business licenses annually, up to and including June 6, 2019 that remains in effect until May 31, 2020.

21. The overwhelming and competent evidence in the record before the Board supports the legal occupancy by WFBP of the Property and WFBP's right to continue to use its vested property rights in the same manner as it has for decades.  See **Exhibit 3.**

22. The Board's Decision is not supported by competent and substantial evidence in the record, as the evidence adduced at the hearings and submitted by Petitioner establishes that there is no threat to the public health, welfare or safety as a result of the continued occupancy and use by WFBP of its Property, and thus, the Board was required to either reverse the decisions of the officials from whom an appeal was taken or to grant a new occupancy permit as a ministerial act.

23. WFBP hereby timely files its Petition herein pursuant to §536.150 and §89.110 RSMo., and City Code Section 26.84.050(G) well within thirty (30) days of the 2020 Decision.

## COUNT I.  PETITION FOR INJUNCTION, MANDAMUS AND DECLARATORY JUDGMENT

24. WFBP re-alleges and incorporates by reference Paragraphs 1 through 23 above.

25. At no time did the City commission any expert reports, authenticated studies or other scientific data to substantiate its Findings and Conclusions of the Board.

26. Specifically, the Decision of the Board is against the weight of the evidence, as no competent evidence was presented by anyone regarding any safety threat or hazard existing in WFBP's structures or improvements or any crime having been committed or allowed to be committed on the Property by WFBP.  The overwhelming weight of the evidence supported WFBP.

27. The 2020 Decision contains a "Conclusion of Law" that the "proposed use does not conform to the standards required for conditional use approval. . ."   Yet, the conditional use permit now lawfully held by WFBP was never at issue in the appeal to the Board, nor is it within the jurisdiction of the Board to conduct a revocation hearing of a conditional use permit, especially without proper notice and a full contested-case hearing.  To compound the confusion, the 2020 Decision also contains a "Notice" following the Conclusions of law on the last page of the Decision that threatens the revocation of WFBP's conditional use permit. Again, this threat is made without any compliance with proper due process notice or the contested-case procedures required by Chapter 536 RSMo., just as those procedures were not used to revoke WFBP's existing, lawful occupancy permit.

28. Moreover, the repeal of WFBP's long-standing occupancy rights through a summary action by the Board of Public Safety and the subsequent affirmation of that summary action by the Board of Adjustment deprives WFBP of due process rights guaranteed by the United States and Missouri constitutions and is an illegal attempt to deprive WFBP of its vested

property rights to occupy and use the Property without due process or fair and just compensation. WFBP is, therefore, entitled to a trial de novo pursuant to §536.150, which authorizes actions for injunctions, mandamus and other appropriate actions such as a declaratory judgment.

29. Furthermore, the City's actions are unconstitutional, unlawful, unreasonable, arbitrary and/or capricious in that the City applied an incorrect legal standard and required WFBP to apply for an occupancy permit in a manner different from other commercial occupants of similarly situated businesses in similar circumstances.

30. And, the 2020 Decision is unconstitutional, unlawful, unreasonable, arbitrary and/or capricious in that it applied an incorrect legal standard and treated WFBP's coerced application for an occupancy permit differently than other applications by similarly situated businesses in similar circumstances.

31. The Board's 2020 Decision is not based upon an objective evaluation of the merits of WFBP's application.

32. The 2020 Decision of the Board is unconstitutional, unlawful, unreasonable, arbitrary and/or capricious in that it contains deficient findings of fact and conclusions of law.

33. The Board's 2020 Decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious, against the weight of the evidence, and unsupported by competent and substantial evidence in that the Board failed to consider the positive impact of the WFBP's property uses on the neighborhood and the general welfare of the community.

34. Petitioner is also authorized pursuant to RSMo. § 536.150 to seek judicial review of the Board's Decision by suit for certiorari in a de novo proceeding.

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

**WHEREFORE** Petitioner prays that this Court: a) issue an injunction preventing the City from enforcing its threatened closure of WFBP's vested business operations; b) declare that WFBP has a right to continue to operate its lawful, vested and continuously occupied business at 4126 West Florissant Avenue without undue and unfounded interference from the City; and c) to issue an order in mandamus requiring that the City issue any occupancy permit that may be necessary for WFBP to continue to operate its lawful business as it has for decades; and d) reverse and vacate the 2020 Decision of the Board and e) to issue such other and further orders as are necessary, just or equitable in the circumstances.

## COUNT II. ALTERNATIVE WRIT OF CERTIORARI UNDER CHAPTER 89

35.WFBP re-alleges and incorporates by reference Paragraphs 1 through 34 above as though fully set forth herein.

36.This Court has jurisdiction over review of the Board pursuant to § 89.110 RSMo.

37.The evidence adduced at the Board of Adjustment hearing established that WFBP has a continued right to conduct its long-standing business at the Property.

38.The Board 2020 Decision to deny WFBP's amendment to the conditional variance is not supported by competent and substantial evidence on the whole record and is arbitrary and capricious and in violation of Missouri law.

39.The Board's 2020 Decision is clearly arbitrary in that a number of similarly situated stores in the same or nearby neighborhoods as WFBP are permitted to continue to operate despite similar conditions and with fewer constraints.

40.WFBP has been aggrieved by the Board of Adjustment's decision and will continue to suffer financial hardship absent relief from this Court.

8

41. The filing of this Verified Petition is filed timely and within the thirty (30) days from the date of the Board's 2020 Decision on or about January 29, 2020.

42. Pursuant to § 89.110 RSMo., this Court is authorized to reverse or modify the decision of Board and allow WFBP continued occupancy and use of its vested property rights.

43. All actions by City officials were stayed pending the appeal to the Board of Adjustment by operation of Section 26.84.040 of the City's Municipal Code, which provides in pertinent part that:

> Any appeal stays all proceedings in furtherance of the action appealed from, unless the Building Commissioner or the Board of Public Service certifies to the Board, after notice of appeal shall have been filed with him or it, that, by reason of facts stated in the certificate, a stay would, in his opinion, or its opinion, cause imminent peril to life or property.

No such certification was filed or was made a part of the Findings of Fact and Conclusions of Law in the 2020 Decision.

44. Consequently, Petitioner WFBP, for good cause shown herein, hereby applies for a restraining order to stay all actions by the City and its officers, officials, employees, agents and representatives regarding the Property, pending final resolution of this Writ of Certiorari and/or the other claims pleaded herein.

**WHEREFORE**, Petitioner WFBP respectfully requests that this Court issue a Writ of Certiorari directed to the Board of Adjustment requiring the Board to certify to this Court a true, full and complete copy of the record of the acts and proceedings in this matter, along with all exhibits and documents admitted into evidence, and to have a complete copy returned to the Court as provided by law, so that this Court may adjudicate, on an expedited basis, the legality of the proceedings and make such further orders therein as it deems necessary, including: entering

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

an order reversing the decision of the Board of Adjustment, awarding Petitioner its attorneys' fees and costs incurred in this matter; **and hereby applies to the Court for a restraining order** that stays, restrains and enjoins the City and its officers, officials, employees, agents and representatives from taking any action to close or interfere with the operation of WFBP's business at the Property, pending final resolution of this Writ of Certiorari and/or the other claims pleaded herein; and for other such relief as the Court deems appropriate, just or equitable under the circumstances.

## COUNT III. PROCEDURAL DUE PROCESS

45. WFBP hereby restates each of the allegations contained in numbered paragraphs 1 through 44 as if fully set forth herein.

46. WFBP has a vested property right to continue to use the Property as it has lawfully done since 1998.

47. At all times relevant herein, Respondents and their agents and employees were acting under the color and authority of the law of the State of Missouri, and WFBP's property interests are protected by the Due Process clause of the Fourteenth Amendment to the United States Constitution.

48. Respondents violated WFBP's procedural due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, in that WFBP has been denied its constitutionally protected right to keep and/or renew its occupancy permit, which was purportedly revoked without due process of law by not providing for a hearing with those protections required by Missouri law, including but not limited to those in Chapter 536.010-536.090.

49. The above acts of Respondents, jointly and severally, were made for improper and illegal motives, and were willful, wanton, and malicious.

50. As a result of Respondents' actions described herein, WFBP will suffer substantial damages not yet capable of calculation if this Court does not enjoin the unlawful conduct of Respondents to close WFBP's business operations at the Property.

51. WFBP has also suffered the expense of instituting and prosecuting this suit pursuant to 42 U.S.C. Sections 1983 and 1988, pursuant to which this Court has concurrent jurisdiction with the federal courts.

**WHEREFORE**, WFBP prays this Court to declare Respondents' refusal to allow WFBP to continue to legally occupy its Property to be unlawful and unconstitutional, and further prays the Court to enter judgment for WFBP and against Respondents, jointly and severally, in an amount necessary to reasonably compensate WFBP for its losses and damages, and further prays that the Court award WFBP punitive damages that are fair and reasonable under the circumstances, to award WFBP its attorney's fees and costs expended herein, and for such other and further relief as this Court deems necessary and proper.

## COUNT IV. EQUAL PROTECTION

52. WFBP hereby restates each of the allegations contained in numbered paragraphs 1 through 51 above as if fully set forth herein.

53. Respondents City and Board have not revoked occupancy permits or refused to grant new occupancy permits to other commercial businesses and convenience stores and gas stations that are similarly situated to WFBP.

54. The equal protection clauses of the United States and Missouri constitutions entitle WFBP to receive approval from Respondents of its request for permits without regard to

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

the ethnicity or religion of Petitioners because WFBP is similarly situated to other commercial businesses and convenience stores and gas stations.

55. Further, WFBP is otherwise qualified to keep its existing, lawful occupancy permit or to receive a new one.

56. Respondents have no rational basis for failing and refusing to allow WFBP to continue to operate its business under its validly issued permits.

57. Respondents' failure and refusal to allow WFBP to proceed under its validly issued permits has unconstitutionally singled out WFBP for discriminatory treatment in that the treatment is invidiously dissimilar to that of others similarly situated.

58. This invidious discriminatory treatment is a violation of WFBP's Fourteenth Amendment equal protection rights.

59. At all times relevant herein, Respondents were acting under the color and authority of the law of the State of Missouri.

60. The acts and omissions of Respondents described herein demonstrate deliberate indifference and willful disregard for WFBP's constitutional rights.

61. Respondents knew, or reasonably should have known, that the acts and omissions described herein violated WFBP's constitutional rights.

62. Respondents City and Board's acts and omissions described herein were willful, wanton, and malicious, entitling Petitioners to a reasonable award of punitive damages.

63. State and federal laws allow WFBP to recover its damages and attorney's fees incurred as a result of violations of its constitutional rights in this Court, see, e.g., 42 U.S.C. Sections 1983 and 1988.

**WHEREFORE**, WFBP prays this Court:  i) to declare Respondents' failure and refusal to allow WFBP to operate its business under its validly issued permits as unconstitutional and invalid; ii) to enter judgment for WFBP and against Respondents, jointly and severally, to award WFBP damages to reasonably compensate it;  iii) to award WFBP punitive damages that are fair and reasonable under the circumstances; iv) to award WFBP its attorney's fees and costs expended herein under 42 U.S.C. Sections 1983 and 1988; and v) for such other and further relief as this Court deems necessary and proper.

### COUNT V.  ACTION FOR CONSTITUTIONAL TAKING

64. WFBP hereby restates each of the allegations contained in numbered paragraphs 1 through 63 above as if fully set forth herein.

65. The City's unilateral taking without just cause or compensation of WFBP's vested property rights significantly diminishes the value of WFBP's Property.

66. WFBP purchased the property with the intention to operate it as a gas station and convenience store, just as WFBP's predecessor had done since at least 1964.

67. Respondents' unlawful and unilateral actions completely prohibit WFBP from using its property in accordance with WFBP's investment-backed expectations to continue to operate its gas station and convenience stores business.

68. Respondents' unlawful taking of WFBP's vested property rights is arbitrary, capricious, unreasonable, and an abuse of discretion.

69. Respondents' actions with regard to WFBP's vested property rights represent an unconstitutional taking, a regulatory taking and an inverse condemnation.

70. As a direct result of Respondents' unconstitutional taking, WFBP has sustained damages far in excess of $25,000.

**WHEREFORE**, WFBP prays for entry of Judgment against Respondents, jointly and severally, in an amount that justly compensates WFBP for the unconstitutional taking, for its reasonable attorneys' fees and costs pursuant to Sections 42 U.S.C. Section 1983 and 1988, and for such other relief as the Court deems just and appropriate.

Respectfully Submitted,

CURTIS, HEINZ, GARRETT & O'KEEFE, P.C.

*/s/ Helmut Starr*
HELMUT STARR #32899
Attorneys for Plaintiffs
130 South Bemiston Avenue, Suite 200
St. Louis, Missouri 63105
(314) 725-8788
(314) 725-8789 Facsimile
hstarr@chgolaw.com

*Attorneys for WFBP Property L.L.C.*

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM

## DECLARATION OF VERIFICATION

I, Mazen Owydat, swear upon penalty of perjury, that:

1. I am over the age of eighteen and have personal knowledge about, or information available to me regarding the allegations made in the foregoing Verified Petition ("Petition") in my capacity as a partner of WFBP.

2. In that capacity, I have read the foregoing Petition and am authorized to execute this Verification on behalf of WFBP.

3. The facts in the foregoing Petition are true and correct to the best of my knowledge, information and belief.

_____
Mazen Owydat, Partner, WFBP

Electronically Filed - City of St. Louis - February 09, 2020 - 11:32 PM