UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAZEN OWYDAT, <br> YOUSSEF MEQUEH and <br> SALEH ALKHAFAJI d/b/a WEST <br> FLORISSANT BP f/k/a <br> WEST FLORISSANT AMOCO, <br><br> Petitioners/Plaintiffs, <br><br> vs. <br><br> CITY OF ST. LOUIS and <br> BOARD OF ADJUSTMENT OF THE <br> CITY OF ST. LOUIS, MISSOURI, <br><br> Respondents/Defendants. | Cause No. 4:20-cv-00388-NAB |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS COUNTS I, III, IV AND V**

COME NOW Respondents City of St. Louis ("City") and the Board of Adjustment of the City of St. Louis, by and through counsel, and for their Reply Memorandum in Support of Defendants' Motion to Dismiss Counts I, III, IV and V, respectfully state as follows:

**I.     The Petition does not allege that any City ordinance is invalid. Therefore Section 89.110 of the Revised Missouri Statutes is the exclusive remedy for plaintiffs to obtain judicial review of the subject Board of Adjustment decision and Count I should be dismissed.**

Plaintiffs assert that they may seek judicial review of a decision of the City's Board of Adjustment under either § 536.150 (Count I) or § 89.110 or RSMo. (Count II).  Defendants move to dismiss Count I on grounds plaintiffs' claims are not actionable under § 536.150 RSMo.

Plaintiffs place primary reliance on *Duffner v. City of St. Peters*, 482 S.W.3d 811 (Mo. App. E.D. 2016), which, as noted in plaintiffs' opposition Memorandum (Doc. 17, p. 4), found

that claimants are not limited to § 89.110 where a party asserts a facial constitutional challenge to an ordinance. *Id*. at 817-818. The *Duffner* distinction does not exist here. Unlike *Duffner*, none of claims asserted in plaintiffs' Petition seek to have any City ordinance declared invalid. Although their opposition Memorandum contains a bald assertion that their Petition challenges the validity of City ordinances "on their face" (Doc. 17, p. 4), plaintiffs' Petition contains no such allegations. The Memorandum appears to reference paragraphs 28-30, 46-51, 54-63, and 65-69 of the Petition to support this assertion (*id*.), but there is no such allegation. Nowhere in those paragraphs do plaintiffs indicate which City ordinance or ordinances they purport to be challenging. In fact, the word "ordinance" does not appear in any of those paragraphs. Thus, it is clear plaintiffs did not sufficiently plead a challenge to the facial validity of any City ordinance. The *Duffner* distinction is therefore inapplicable.

Plaintiffs also allege that "those ordinances" were unconstitutionally applied to them. Doc. 17, p. 4. Plaintiffs cite *Duffner, w*here plaintiffs argued that a turf grass requirement in a specific city ordinance affected their ability to use and enjoy their property, which constituted a regulatory taking. 482 S.W.3d at 815. *Duffner* found that plaintiffs sufficiently alleged an unconstitutional application of the ordinance to plaintiffs, which does not fall under Section 89.110 RSMo. *Id*. at 818. So, in *Duffner*, there was a challenge to a specific requirement found within a specific ordinance. Here, on the other hand, Plaintiffs make no reference in their Petition to any ordinance whatsoever, and fail, even in their Memorandum, to identify with any specificity which ordinance they are allegedly challenging.

Further, plaintiffs misstate the holding in *Duffner* – the case plaintiffs rely upon almost exclusively in Part I of their Memorandum. Plaintiffs cite dicta by stating the court determined that a "Plaintiff may plead claims under the Court's 'plenary jurisdiction' in addition to the

'special jurisdiction' granted by Chapter 89.110." Doc. 17, p. 3. The issue of whether a circuit court may exercise both its plenary jurisdiction and its statutory jurisdiction under Section 89.110 was not before the *Duffner* court, as the plaintiffs' petition did not include a claim under Section 89.110.[1] Thus, even if Plaintiffs had sufficiently plead a challenge to the validity of a City ordinance, it is unclear whether this Court could decide both the Section 89.110 claim and the challenge to the validity of the City Ordinance.

**II.    In Counts III, IV and V, plaintiffs do not plead sufficient facts to establish a protected property right.**

Plaintiffs fail to plead facts sufficient to support their conclusory allegation that they have a "vested property right" to continue to occupy the property. Plaintiffs allege that the City recognized an "intercorporate transfer" in 2012 (Doc. 17, p.7); it is unclear from the Petition how the City, or who within the City, "recognized" this transfer. As a result, one must presume, based on the Petition, that plaintiffs are asserting that by granting annual business licenses and

---

[1] Footnote 6 of *Duffner* states: This begs the question, however, of whether the trial court would have been able to decide all four counts on the merits had Count II been pied [sic] as a certiorari request under Section 89.110. While that issue is not squarely before us, it is important to note that of the cases prohibiting the trial court from exercising both statutory and plenary jurisdiction, it seems in light of the Missouri Supreme Court's clarification in Webb, the circuit court has subject matter jurisdiction over all issues but is limited by the statute only in the remedy it may grant. 275 S.W.3d at 255 (proper to read statute "as merely setting statutory limits on remedies or elements of claims of relief that courts may grant"). As that issue is not before us, we do not decide it directly but only raise it in light of Webb. 482 S.W.3d at 820.

3

accepting business license fees after 2012, the City acknowledged the 2012 transfer to be "intercorporate" and, therefore, no new occupancy permit was required. Doc. 17, p. 8. These assertions, however, misstate the nature of the business licenses and fees, as well as the role of the Office of the License Collector.

Title 8 of the City Code governs " Business Taxes, Licenses and Regulations." *New Life Evangelistic Center v. City of St. Louis*, 564 S.W.3d 665, 677-678 (Mo.App. E.D. 2018). The City's License Collector functions as a collector of certain tax revenues. § 82.395.1 RSMo. In addition, the License Collector is a "county" official and therefore has no authority to act for or on behalf of the City, except with respect to its tax collection functions. § 82.395.1 R.S.Mo.; *City of St. Louis v. Doss*, 807 S.W.2d 61, 63 (Mo. 1991); *Preisler v. Hayden*, 309 S.W.2d 645, 649 (Mo. 1958).

Therefore, plaintiffs' assertion that the City License Collector's renewal of plaintiffs' business licenses and collection of business license fees from plaintiffs is irrelevant to the issue of whether plaintiffs complied with the terms and conditions of their occupancy and conditional use permits. Plaintiff' pleaded facts related to business licenses and fees cannot support its assertion that it had a vested property right to continue its occupancy of the subject property.

**IV.     Conclusion**

For the reasons set forth above, on the face of their Petition plaintiffs fail to state a claim against respondents in Counts I, III, IV and V. Consequently, plaintiffs' claims against the City of St. Louis and the Board of Adjustment for the City of St. Louis should be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted,

JULIAN L. BUSH,
CITY COUNSELOR

By: /s/ Travis F. Warren
Travis F. Warren, #71304 (MO)
Assistant City Counselor
City Hall, Room 314
St. Louis, MO 63103
PHONE: 314-622-3361
FAX: 314-622-4956
warrent@stlouis-mo.gov

CERTIFICATE OF SERVICE

    I hereby certify that on June 5, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record and also by email to Helmut Starr, hstarr@chgolaw.com.

/s/ Travis F. Warren