IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MAZEN OWYDAT, et al., <br> d/b/a West Florissant BP, f/k/a West <br> Florissant Amoco, <br><br> Petitioner/ Plaintiff, <br><br> vs. <br><br> BOARD OF ADJUSTMENT OF THE CITY OF <br> ST. LOUIS, MISSOURI, et al., <br><br> Respondents/Defendants. | Case No. 4:20-CV-388-NAB |

## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND MEMORANDUM IN SUPPORT

Comes now Plaintiff, West Florissant BP formerly known as Florissant Amoco, a Missouri partnership, and moves, pursuant to Rule 65 of the Federal Rules of Civil Procedure, that the Court grant forthwith against Defendants a temporary restraining order restraining and enjoining Defendants and Defendants' agents and employees from shutting down or otherwise interfering with the operation of the gasoline station and convenience store at 4126 West Florissant Avenue, which is a business legally operating under a Conditional Use Permit and Occupancy Permit issued in 1999 to the partnership, which has continuously used the property in compliance with its lawfully granted CUP since that time.

In support of the motion, Plaintiff states:

1. In February 1999, the City of St. Louis ("City") issued an Occupancy Permit to Plaintiff for the property at 4126 West Florissant Avenue. (*See* Certificate of Occupancy and Zoning, and attached as Exhibit 1).

1

2. Twenty (20) years later, In April 2019, City administrative staff began to arbitrarily require Plaintiff to apply for a new occupancy permit under the City's Property Maintenance Code based on the false assertion that there had been a change of ownership of the property upon which the business operated.

3. Under compulsion, Plaintiff pursued the administrative remedies required by the City.

4. In February 2020, the administrative remedies concluded by a decision of the City's Board of Adjustment that refused to grant an occupancy permit to Plaintiff on grounds improperly based on a zoning use analysis rather than any health or safety issues related to the building or grounds at 4126 West Florissant, as required by the Property Maintenance Code.

5. Under Missouri law, where a property has established a legal use under zoning laws in existence at the time the use begins, a property owner acquires a vested property right that cannot be taken without paying just compensation so long as the **use** does not change. *See, e.g., State ex rel. Kugler v. City of Maryland Heights,* 817 S.W.2d 931 (Mo. App. E.D. 1991).

6. *Kugler* held that "The legality of nonconforming use is vested by use and not by ownership or tenancy", citing *State ex rel. Keeven v. City of Hazelwood,* 585 S.W.2d 557, 560[6] (Mo.App. E.D. 1979). A hallmark of a vested property right is that it can be sold so long as the use does not change.

7. In this case, Plaintiff's right to continue to use its property for a gas station/convenience store is vested as a matter or right, or, in the alternative, as a legal non-conforming use.

8. A conditional use permit does not expire unless it is properly revoked because conditions initially imposed have been violated. The City has never initiated any action to revoke Plaintiff's CUP, and it remains in full effect.

9. Instead, the City asserts that Plaintiff changed the ownership of the property at 4126 West Florissant in 2012. At that time, one of the partners of the West Florissant BP partnership, who held the land for the partnership and, who believed he was dying of cancer, transferred a deed to the property to another partner of the West Florissant BP partnership to hold the land for the partnership, which continued to own and operate the business on the land owned by the partnership. (Plaintiff's tax returns, which will be filed under seal at the request of the Court, confirm this fact).

10. In 2012, the City itself treated the transfer as an "inter-corporate transfer" that did not require a new occupancy permit. (*See* printed pages from the City's website confirming this status, and attached as Exhibit 2).

11. Seven years later, and after issuing annual business licenses to the partnership, and without ever requiring a new occupancy permit, the City's Building Division initiated a program of arbitrarily "making inspections in all City neighborhoods to cite properties that may have violations of the Property Maintenance Code, or other City Ordinances." Plaintiff's property was "inspected" and cited under the Property Maintenance Code for not having a current occupancy permit due to the inter-corporate transfer in 2012. (*See* April 10, 2019 letter attached as Exhibit 3). No citation was issued regarding the health or safety of the building or the grounds at 4126 West Florissant, yet Plaintiff was ordered to cease operations until a new occupancy permit was issued. *Id.* at page 2.

12. Under compulsion, Plaintiff filed for a new occupancy permit on April 15, 2019, and on April 18, 2019, the City's Zoning Administrator stated that the occupancy permit could not be granted because the property required a new Conditional Use Permit since "[t]here can be no continuation of this nonconforming use to this new applicant since convenience store uses can no longer be transferred to subsequent owners without conditional use approval." (*See* April 18, 2019 letter, page 2, attached as Exhibit 4).

13. Such a legal determination is clearly at odds with Missouri law, as set forth *Kugler* and other cases under Missouri law.

14. Plaintiff has properly exhausted its administrative remedies and timely filed this case challenging the City's determinations. The case was originally filed in state court and removed by the City to this Court. Before the removal, the state court had granted a stay of all enforcement actions for 60 days pending the litigation. That stay was granted without opposition from the City and Plaintiff's counsel understood that enforcement action would be continued to be stayed unless and until proper notice was given that enforcement action would be taken, or a new motion to stay filed. No such notice has been given or received since the case was removed to this Court.

15. On January 12, 2021, the parties engaged in mediation with the neutral mediator, Dudley McCarter, but a settlement could not be reached.

16. In the morning of January 15, 2021, City building officials accompanied by armed police officers entered Plaintiff's building at 4126 West Florissant and removed Plaintiff's validly issued Business License, based on a February 5, 2020 notice to cease operations that is part of the substance of this lawsuit before the Court, and Plaintiff was ordered to cease operations. (*See* February 5, 2020 notice as served on January 15, 2021,

attached hereto as Exhibit 5).

17. The stale notice from February 2020 does not comport with due process and also violates the Fourth Amendment of the United States Constitution in that allows entry into a building without the consent of the owner or a warrant, and cites provisions in the City's own Code of Ordinances that do not support a pre-hearing closure of a business or the summary revocation of a Business License.

18. The stale notice cites two sections of the of the City's Code. First, Section 110 is cited and is not relevant to occupancy permits, but instead concerns inspections prior to the issuance of building and construction permits, which is not at issue in this case. Section 110.7 contains a table of periodic inspections, but inspections for occupancy are not included. In contravention of the Fourth Amendment, Section 110.8 gives City officials authority to enter where a permit has been issued but an occupancy certificate has not been issued. There is no language in Section 110 that provides that a property owner must cease operation until an occupancy certificate is obtained. (*See* Exhibit 6 attached hereto).

19. Second, the stale notice cites Section 119.1.13, which pertains to the actual structural condition of the building, rather than whether the operation of the property is without an occupancy permit. Section 119.1 states that a building may be condemned after an inspection finds a violation of Section 119, but only after the owner is given seven days to remedy the violation (which again is in regard to structural violations that are not at issue in this case). Penalties for violation of Section 119 consist of fines and imprisonment, not suspension or revocation of permits. Section 119.8 provides for appeals of condemnation under the Missouri Administrative Procedures Act, Chapter 536

RSMo. (*See* Exhibit 7 attached hereto).

20. The balance of harms is strongly in favor of Plaintiff in this case. As stated in the accompanying Affidavit of Saleh Alkhafaji, the mandatory and immediate closure of the gas station and convenience store at 4126 West Florissant will cause serious and ongoing harm in that five (5) employees will be immediately without work, contracts for gas deliveries will be unable to me met, gas just delivered will spoil and be required by the State of Missouri to be pumped out and tanks cleaned, certain goods will perish, and supply contracts will be forced into breach, likely leading to bankruptcy.

21. The City, to the contrary, will not be harmed by allowing the business to continue to operate during the pendency of this litigation since the business has operated continuously since the City began this unfounded process in April 2019 and no harm has resulted to any individual as a consequence of any health or safety issue related to the structure, the premises or the operation of Plaintiff's business.

22. Plaintiff is likely to succeed on the merits of its claims in this case due to the unlawful taking of Plaintiff's vested property rights, as set forth above and in the pleadings before the Court.

**WHEREFORE**, Plaintiff will be immediately and irreparably harmed by the unnecessary closing of its business and Plaintiff's Affidavit in support recites specific facts that demonstrate that immediate and irreparable injury, loss, or damage will result unless this Court grants a temporary restraining order that allows Plaintiff's business to reopen pending a resolution of the merits of the case or a hearing on a preliminary injunction.

Respectfully submitted,

CURTIS, HEINZ, GARRETT & O'KEEFE, PC


By: */s/Helmut Starr*
   Helmut Starr, #32889MO
   Nancy Mogab, #32478MO
   Edward Sluys, #60471MO
   Andrew Bramman, #69980MO
   130 S. Bemiston, Suite 200
   Clayton, Missouri 63105
   (314) 725-8788 phone
   (314) 725-8789 facsimile
   hstarr@chgolaw.com
   nmogab@chgolaw.com
   esluys@chgolaw.com
   abramman@chgolaw.com

*Attorneys for Plaintiff*
*West Florissant BP*


## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, the foregoing Motion for a Temporary Restraining Order and Memorandum in Support was served by E-mail upon Brent Dulle, dulleb@stlouis-mo.gov and Travis F. Warren, warrent@stlouis-mo.gov, counsel for Defendants.

   */s/Helmut Starr*
   Helmut Starr