

# 𝔅oard of 𝔄djustment

**CERTIFICATION**

I, **Andrea Gutierrez**, hereby certify that I am the Secretary of the Board of Adjustment of the City of St. Louis, Missouri; that I am Custodian of the records of said Board, that Suzie Zes on October 23, 2019 and Amanda Farrar on January 15, 2020, Certified Shorthand Reporters, were the Official Reporters for said Board at the meetings and has the custody of the testimony given at the hearing; and that the attached papers contain and constitute a true, perfect and complete copy of the Record of said Board in Appeal #20251 at 4126 W. Florissant Ave.

**Exhibit 5**

Andrea Gutierrez, Secretary
Board of Adjustment
City of St. Louis

STATE OF MISSOURI )
                 ) ss
CITY OF ST.LOUIS   )

Before me, the undersigned Notary Public personally appeared **Andrea Gutierrez, Secretary** of the Board of Adjustment, first being duly sworn upon her oath states that the foregoing Certificate is true and correct according to her best knowledge and belief.

IN TESTIMONY THERETO, I have hereunto set my hand affixed my seal that on _2nd_ day of _March_ , 2020.

Notary Public

My commission expires: _March 12, 2022_

THERESA ALVEY
My Commission Expires
March 12, 2022
St Louis City
Commission #14475740



# Board of Adjustment

City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103

February 4, 2020

West Florissant BP
c/o Owydat Mazen
2931 Pinery Point
St. Louis, MO 63129

**RE: Scrivener's Error Corrected**
**Board of Adjustment Appeal #20251**
**4126 W. Florissant Ave.**

Dear Owydat Mazen,

After further review of the file, a scrivener's error was noticed in the address mentioned on **Page 8, Conclusions of Law and Order, first (1st) paragraph.** The proceedings have been corrected to reflect the correct address.

Attached please find the corrected proceedings and the decision of the Board of Adjustment for Appeal No. 20251.

Sincerely,

Mary Hart Burton

Mary Hart Burton
Zoning Administrator

MHB/ag

attachment



# Board of Adjustment

City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103

**Board of Adjustment Appeal #20251**
**RE: #BPS-126680/#AOP-3847-19**
**4126 W. Florissant Ave.**

## Proceedings

On January 15, 2020 and October 9, 2019, the Board of Adjustment of the City of St. Louis heard Appeal No. 20251, pursuant to Section 26.84.040 of the Zoning Code, concerning an appeal from the Board of Public's Service's denial of an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

On January 15, 2020, Board Members Joe Klitzing, John Albert, Mel Desemone, Mona Parsley, and Irene Soll were present for this Appeal.

On October 9, 2019, Board Members, Board Members Joe Klitzing, John Albert, Sallie Burke, Mona Parsley, and Irene Soll were present for this Appeal.

On January 15, 2020 Steve Brooks testified in favor of this Appeal.

On January 15, 2020 the following people testified in opposition of this Appeal; Melinda Long, Carol Johnson, Don Hanley, Beth Weismann, Kimberly Collins, and Barbara Hall

On October 9, 2020, the following people testified in favor of this Appeal; Samuel Jackson, Yvette Peebles, Sondra P., Julius Lewis, Katherine Davis, Karla Jensen, Jimmie Tate, Tiffany Palmer, Danita Jackson, Sylvia Smith, Gregory Williams, Maurice Davis, Archie Wayne, Vanessa Scott, Charles Kennedy, Stacy Harrison, Keith Davis, Carl Piffen, April Channing, Rodney, Sharonda Davis, Jason Love, Robert K.

On October 9, 2019, Owydat Mazen, testified in favor of this Appeal.

On October 9, 2019, the following people testified in opposition of this Appeal; Melinda Long, Sharie Taylor, Carolyn Washington, Brenda Nelson, Barbara Homes, and Delores Smith.

On January 15, 2020 and October 9, 2019 Erin Godwin, Zoning Plan Examiner, represented the Building Commissioner.

## Findings of Fact

The Board of Adjustment hereby makes the following findings of fact:

1. The following exhibits were admitted into evidence: A certified copy of the Zoning Code, Ordinance 59979, with amendments, was introduced as Exhibit A. Appeal to the Board, Basis for Denial / Basis of Appeal from the Board of Public Service, Meeting Notice Letter, City Journal Public Notices, Photographs and Sanborn Map(s) were introduced as Exhibits B – G. On October 9, 2019, a fax sent by Appellant's attorney requesting continuance, was introduced as Exhibit H. On January 15, 2020, Letter of Opposition was submitted by Amber Cole, was introduced as Exhibit H-1. Faxed received on January 14, 2020, from Appellant's attorney requesting a continuance, was introduced as Exhibit I-1. Petition in Opposition, submitted by Opposition, was introduced as Exhibit J-1. Event Search Police Report, submitted by Opposition, was introduced as Exhibit K-1.

2. The subject property, known and numbered as 4126 W. Florissant Ave., is in City Block #3547.

3. The applicable zoning designation is "G" – Local Commercial and Office District.

4. Appellant has applied for an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

5. On January 15, 2020 and October 9, 2019, per the testimony of Erin Godwin, the Zoning Plan Examiner, the proposed occupancy permit was denied by the Board of Public Service, which concluded that the use would be detrimental to the public health, safety, morals or general welfare. The Board found this testimony to be credible.

6. On October 9, 2019 the Board convened for this hearing.

7. Samuel L. Jackson testified in favor of this Appeal. Mr. Jackson testified that he has been a resident of the neighborhood since 1966. Mr. Jackson testified that the crimes are not because of the gas station. He stated that the Board should take into consideration the people who live in the neighborhood. The Board found this testimony to be credible.

8. Yvette Peebles testified in favor of this Appeal. Ms. Peebles testified that

crime is everywhere. She stated the operation is nice. The Board found this testimony to be credible.

9. Sondra P. testified in favor of this Appeal. Ms. Sondra testified that things have changed since last meeting. She stated that since they've been closing at 11 p.m. traffic has died down. Ms. Sondra testified that they have new security and it is now safer. She stated people aren't gathering there anymore. Ms. Sondra testified that closing the BP would hurt the neighborhood. The Board found this testimony to be credible.

10. Julius Lewis testified in favor of this Appeal. Mr. Lewis testified that he had left work early to come in support of this Appeal. He stated since the hours changed, there is difference. The Board found this testimony to be credible.

11. Katherine Davis testified in favor of this Appeal. Ms. Davis testified that she is in support of keeping the BP open. She stated that the owner helped her when her son died. The Board found this testimony to be credible.

12. Karla Jensen testified in favor of this Appeal. Ms. Jensen testified that if the BP closes, it would become a trap house. She stated since they've put up security cameras, crime goes else where. The Board found this testimony to be credible.

13. Jimmy Tate testified in favor of this Appeal. Mr. Tate testified that he has lived in the neighborhood since he was 12 years old. He stated it's not the store itself; it's the gang members who are the problem. Mr. Tate testified that the store is an asset. Mr. Tate testified that the police should deal with the gang members. The Board found this testimony to be credible.

14. Tiffany Palmer testified in favor of this Appeal. Ms. Palmer testified that she only goes there for gas. Ms. Palmer testified she's been there for 30 years. Ms. Palmer testified that since under new management, it is better. She stated the hours have changed and security is there all day. The Board found this testimony to be credible.

15. Danita Jackson testified in favor of this Appeal. Ms. Jackson testified that she is in support of keeping the store open. She stated the drug dealers and gang members are not the owners fault. Ms. Jackson asked that the Board not close the BP. The Board found this testimony to be credible.

16. Sylvia Smith testified in favor of this Appeal. Ms. Smith testified that she's

been a resident for 40 years. She stated Josh takes care of things. She asked that the Board not close the filling station. The Board found this testimony to be credible.

17. Gregory Williams testified in favor of this Appeal. Mr. Williams testified that the owner takes care of business. Mr. Williams testified that the owners try to run their operation, but also have to be the police and risk their lives daily. He stated that they help people financially. The Board found this testimony to be credible.

18. Maurice Davis testified in favor of this Appeal. Mr. Davis testified that the owners have helped him with work. He stated that there will be crime even without the BP. Mr. Davis testified that the owners help the community. The Board found this testimony to be credible.

19. Archie Wayne testified in favor of this Appeal. Mr. Wayne testified that that they need the gas station. He stated they neighborhood has already lost alot of businesses. The Board found this testimony to be credible.

20. Vanessa Scott testified in favor of this Appeal. Ms. Scott testified that she is 45 years old and handicap. She stated the proximity of the store is important and she feels safe there. The Board found this testimony to be credible.

21. Charles Kennedy testified in favor of this Appeal. Mr. Kennedy testified that the problem is people coming from other neighborhoods. The Board found this testimony to be credible.

22. Stacey Harrison testified in favor of this Appeal. Ms. Harrison testified that she agrees with everyone else. She stated Josh does what he can every day. The Board found this testimony to be credible.

23. Keith Davis testified in favor this Appeal. Mr. Davis testified that he supports keeping the BP open for the community. He stated that closing early has made a difference. Mr. Davis testified that the store is in the highest crime rate. He stated the police should be the enforcers not the store owners. The Board found this testimony to be credible.

24. Carl Piffen testified in favor of this Appeal. Mr. Piffen testified that even though his brother was killed there 3 years ago, he still goes there. He stated he loves this store. The Board found this testimony to be credible.

25. April Channing testified in favor of this Appeal. Ms. Channing testified that she agrees with the others. The Board found this testimony to be credible.

26. Rodney Aldridge testified in favor of this Appeal. Mr. Aldridge testified that he agrees with the others. He stated they need more police and leave Josh alone. The Board found this testimony to be credible.

27. Sharonda Davis testified in favor of this Appeal. Ms. Davis testified that the BP should stay open. She stated that it don't matter where you go, there is crime everywhere. The Board found this testimony to be credible.

28. Jason Love testified in favor of this Appeal. Mr. Love testified that he supports saving the BP. He stated he feels safe. The Board found this testimony to be credible.

29. Robert Critchen testified in favor of this Appeal. Mr. Critchen testified that the store is beautiful. The Board found this testimony to be credible.

30. Owydat Mazen testified in favor of this Appeal. Mr. Mazen testified that he is the owner. Mr. Mazen testified that the patrons call him Josh. He stated that for the past 20 years he's been part of the neighborhood. Mr. Mazen testified that he is trying to do all he can to stay open. The Board found this testimony to be credible.

31. Melinda Long testified in opposition of this Appeal. Ms. Long testified that she lives around the corner from the BP. She stated the BP is not a store; it sells only a few grocery items. Ms. Long testified that primary business is a gas station. She stated the owners never had a security guard. She stated there is alot of crime that goes on there. Ms. Long testified that the BP needs to go. The Board found this testimony to be credible.

32. Sharie Taylor testified in opposition of this Appeal. Ms. Taylor testified that there are years of police calls and years of meeting with owners and nothing changed. She stated that only recently the owners started to comply. Ms. Taylor testified that they sell opened prescriptions over the counter. The Board found this testimony to be credible.

33. Carolyn Washington testified in opposition of this Appeal. Ms. Washington testified that she lives across the street. She stated that there's too much traffic. Ms. Washington testified that from her porch you can see the prostitution and drug deals. She stated they need a bathroom, as people use

the bathroom outside. Ms. Washington testified that the BP needs more lights. She stated that people hang around there alot after 11 p.m. The Board found this testimony to be credible.

34. Brenda Nelson testified in opposition of this Appeal. Ms. Nelson testified that she agrees with the others who are in opposition. The Board found this testimony to be credible.

35. Barbara Homes testified in opposition of this Appeal. Ms. Homes testified that doesn't go to this BP. She stated it is nasty looking and unkept. The Board found this testimony to be credible.

36. Delores Smith testified in opposition of this Appeal. Ms. Smith testified that she is 54 year old resident. Ms. Smith testified that the previous owners kept it cleaner. The Board found this testimony to be credible.

37. On October 9, 2019, Chairman Klitzing made a motion to continue Appeal No. 20251, to the next available date, per the Appellant's attorney's request. Board Member Parsley seconded the motion. All voted in favor of the motion. This Appeal will be rescheduled to a later date.

38. On January 15, 2020 the Board reconvened for this hearing.

39. Steve Brooks testified in favor of this Appeal. Mr. Brooks testified that he is the attorney for the Appellant. Mr. Brooks testified that he was hired to do an investigation as to the allegations against the reasons why the permit was not granted. Mr. Brooks testified that he has made several formal and informal requests for certain documents, so he can complete his investigation to properly advise his client. He stated he has not received any documents. Mr. Brooks testified that the Board should not go forward with the hearing until he has the chance to properly advise his client and do a proper investigation. Mr. Brooks testified this is why he requested a continuance. He then referred the Board, his Exhibit 1 of his continuance request, which was his sunshine request, to provide all records including, but not limited to photos, written complaints, inspection summaries and other documents that formed the basis for denial of BP Florissant on June 18, 2019. Mr. Brooks testified that he initially requested this information on September 27, 2019. He stated he didn't follow-up with the City sunshine coordinator. Mr. Brooks testified that on September 26, 2019, he did call Cherise Thomas, Secretary of BPS. He stated he didn't know how long it takes the City to respond to requests. Mr. Brooks testified that he did not think there was anywhere in the sunshine law

that it states he should follow up. He stated that it's the City's responsibility to follow up with his request. Mr. Brooks testified that the City failed to provide the requested documents, therefore he requests a continuance.

40. Melinda Long testified in opposition of this Appeal. Ms. Long testified that she lives right around the corner from BP Florissant. Ms. Long testified that she personally called the City's Legal Department and spoke to Richard Sykora. She stated that by speaking to him, she received an email from him of all the police calls from October 2017 – October 2019; however she only received 4 of the 6 pages. Ms. Long testified that each page list 24 calls. She stated that at the same time they have a lot of seniors in the area, she stated that she called the Board of Adjustment Secretary and asked if they could prepare a letter of opposition that they oppose the continuance. Ms. Long testified that they gathered 150 signatures that are in support of BPS's denial and request the Board of Adjustment to not grant another continuance. Ms. Long testified that the residents have had it for over 30 years. She stated the "new management" has been there for decades. Ms. Long testified that this "fraternity of men" has 8 to 9 gas stations going up within 1 - 2 miles of this location. She stated that they have security but they do not have formal security from a security firm. Ms. Long testified that when the police ask to view the security tapes, the owners claim there is no film. She stated the BP Station had 20 individuals, come in support of keeping the BP open, however it was later found out that these individuals were picked up that same day of hearing on October 9, 2019 and were paid $25.00 to testify in support of the appeal. Ms. Long testified that the BP station is nothing but problems, from drugs to prostitution to shootings. Ms. Long asks the Board not to give another continuance. The Board found this testimony to be credible.

41. Carol Johnson testified in opposition of this Appeal. Ms. Johnson testified that the prior owner was Caucasian and did not have as many problems as the current owner. She stated from her porch she can see all the illegal activities, drug dealing, prostitution, and people being shot. Ms. Johnson testified that they sell individual Benadryl shots. She stated there's heavy traffic and a lot of trash. Ms. Johnson testified that she is tired of being looked over and asks the board to not grant a continuance and to uphold the BPS denial. The Board found this testimony to be credible.

42. Don Hanley testified in opposition of this Appeal. Mr. Hanley testified that he cleans his block daily. Mr. Hanley testified that he's lost two (2) people close to him that were killed in the parking lot of the BP station. He stated the BP is ridiculous and must go. The Board found this testimony to be credible.

43. Beth Weismann testified in opposition of this Appeal. Ms. Weismann testified that her son is in the Army and warned her not to go there, as the station is known for trouble. Ms. Weismann testified that she lives above the church where her husband is the Pastor. She stated that they need help and cooperation to live a better life. The Board found this testimony to be credible.

44. Kimberly Collins testified in opposition of this Appeal. Ms. Collins testified that she collected signatures for the petition. She stated she doesn't go down Adelaide because of the crime. Ms. Collins testified that her neighbor was shot by his girlfriend from a drug incident that was carried on at the BP station. The Board found this testimony to be credible.

45. Barbara Hall testified in opposition of this Appeal. Ms. Hall testified that she was here in October. She stated the Appellant had all these people here in support of the appeal. Ms. Hall testified that there were two (2) vans full of people and after the hearing they all were in front of the BP lot hanging out. The Board found this testimony to be credible.

46. Ms. Johnson came back up to testify. Ms. Johnson testified that on October 9, 2019 when they got home from that Appeal, all the supporters of the appeal were falling over getting high on the BP lot. Ms. Johnson asks that the board help the residents and not grant a continuance. The Board found this testimony to be credible.

## Conclusions of Law and Order

Regarding the Appellant's request for continuance, the Board denies this request.

It is the decision of the Board of Adjustment that the proposed use does not conform to the standards required for conditional use approval as set forth in Section 26.80.010.E. of the Zoning Code. Specifically, the Board heard evidence that the use would be detrimental to public health, safety, morals or general welfare. The Board, therefore, upholds the decision of the Board of Public Service to deny an occupancy permit to operate a convenience store and gas station at 4126 W. Florissant Ave.

The above motion, made by Chairman Klitzing and seconded by Board Member Soll, was passed by a unanimous vote of the Board.

## Notice

Please note that any person or persons jointly aggrieved by any decision of the Board of Adjustment or any officer, department, board or bureau of the municipality, may present to the Circuit Court of the City a petition, duly verified that such decision is illegal, in whole or in part, and specifying the grounds of the illegality. Such petition shall be presented to the Court within thirty (30) days after the filing of the decision of the Board as provided by Section 89.110 of the Revised Statutes of Missouri.

Further, be advised that Sections 26.100.030 and 26.100.040 of the Revised Code of the City of St. Louis provide for authorization to revoke conditional use permits and variances to the Zoning Code if any use is made of the building, structure or premises which constitutes an enlargement, alteration, or extension of the permitted use for which a conditional use or a variance has been granted or if the applicant or use fails to comply with conditions imposed when a conditional use or variance is granted.

By Order of the Board of Adjustment,

Andrea Gutierrez
Secretary

cc:     Ward 21 Alderman John Collins Muhammad
        Neighborhood Stabilization Officer
        Zoning Plan Examiners
        Building Inspection
        Cultural Resources
        Mary Hart Burton, Zoning Administrator
        Don Roe, PDA
        Permits
        Business Assistance Center
        License Collector

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

#20251

West Florissant BP
c/o Owydat Mazen
2931 Pinery Point
St. Louis, MO  63129

9590 9402 5115 9092 1020 92

2. Article Number (Transfer from service label)

7019 0140 0000 0593 0931

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Post
$

#20251

Sent To   West Florissant BP
Street and  c/o Owydat Mazen
          2931 Pinery Point
City, State,  St. Louis, MO  63129

7019 0140 0000 0593 0931

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions



# Board of Adjustment

City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103

February 4, 2020

MacArthur Mote, P.C.
Attorneys at Law
3920 Lindell Blvd., Ste. 200
St. Louis, MO 63108
ATTN: Steve D. Brooks

**RE: Scrivener's Error Corrected**
    **Board of Adjustment Appeal #20251**
    **4126 W. Florissant Ave.**

After further review of the file, a scrivener's error was noticed in the address mentioned on **Page 8, Conclusions of Law and Order, first (1st) paragraph.** The proceedings have been corrected to reflect the correct address.

Attached please find the corrected proceedings and the decision of the Board of Adjustment for Appeal No. 20251.

Sincerely,

*Mary Hart Burton*

Mary Hart Burton
Zoning Administrator

MHB/ag

attachment



# Board of Adjustment
### City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103

**Board of Adjustment Appeal #20251**
**RE: #BPS-126680/#AOP-3847-19**
**4126 W. Florissant Ave.**

### Proceedings

On January 15, 2020 and October 9, 2019, the Board of Adjustment of the City of St. Louis heard Appeal No. 20251, pursuant to Section 26.84.040 of the Zoning Code, concerning an appeal from the Board of Public's Service's denial of an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

On January 15, 2020, Board Members Joe Klitzing, John Albert, Mel Desemone, Mona Parsley, and Irene Soll were present for this Appeal.

On October 9, 2019, Board Members, Board Members Joe Klitzing, John Albert, Sallie Burke, Mona Parsley, and Irene Soll were present for this Appeal.

On January 15, 2020 Steve Brooks testified in favor of this Appeal.

On January 15, 2020 the following people testified in opposition of this Appeal; Melinda Long, Carol Johnson, Don Hanley, Beth Weismann, Kimberly Collins, and Barbara Hall

On October 9, 2020, the following people testified in favor of this Appeal; Samuel Jackson, Yvette Peebles, Sondra P., Julius Lewis, Katherine Davis, Karla Jensen, Jimmie Tate, Tiffany Palmer, Danita Jackson, Sylvia Smith, Gregory Williams, Maurice Davis, Archie Wayne, Vanessa Scott, Charles Kennedy, Stacy Harrison, Keith Davis, Carl Piffen, April Channing, Rodney, Sharonda Davis, Jason Love, Robert K.

On October 9, 2019, Owydat Mazen, testified in favor of this Appeal.

On October 9, 2019, the following people testified in opposition of this Appeal; Melinda Long, Sharie Taylor, Carolyn Washington, Brenda Nelson, Barbara Homes, and Delores Smith.

On January 15, 2020 and October 9, 2019 Erin Godwin, Zoning Plan Examiner, represented the Building Commissioner.

### Findings of Fact

The Board of Adjustment hereby makes the following findings of fact:

1. The following exhibits were admitted into evidence: A certified copy of the Zoning Code, Ordinance 59979, with amendments, was introduced as Exhibit A. Appeal to the Board, Basis for Denial / Basis of Appeal from the Board of Public Service, Meeting Notice Letter, City Journal Public Notices, Photographs and Sanborn Map(s) were introduced as Exhibits B – G. On October 9, 2019, a fax sent by Appellant's attorney requesting continuance, was introduced as Exhibit H. On January 15, 2020, Letter of Opposition was submitted by Amber Cole, was introduced as Exhibit H-1. Faxed received on January 14, 2020, from Appellant's attorney requesting a continuance, was introduced as Exhibit I-1. Petition in Opposition, submitted by Opposition, was introduced as Exhibit J-1. Event Search Police Report, submitted by Opposition, was introduced as Exhibit K-1.

2. The subject property, known and numbered as 4126 W. Florissant Ave., is in City Block #3547.

3. The applicable zoning designation is "G" – Local Commercial and Office District.

4. Appellant has applied for an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

5. On January 15, 2020 and October 9, 2019, per the testimony of Erin Godwin, the Zoning Plan Examiner, the proposed occupancy permit was denied by the Board of Public Service, which concluded that the use would be detrimental to the public health, safety, morals or general welfare. The Board found this testimony to be credible.

6. On October 9, 2019 the Board convened for this hearing.

7. Samuel L. Jackson testified in favor of this Appeal. Mr. Jackson testified that he has been a resident of the neighborhood since 1966. Mr. Jackson testified that the crimes are not because of the gas station. He stated that the Board should take into consideration the people who live in the neighborhood. The Board found this testimony to be credible.

8. Yvette Peebles testified in favor of this Appeal. Ms. Peebles testified that

crime is everywhere. She stated the operation is nice. The Board found this testimony to be credible.

9. Sondra P. testified in favor of this Appeal. Ms. Sondra testified that things have changed since last meeting. She stated that since they've been closing at 11 p.m. traffic has died down. Ms. Sondra testified that they have new security and it is now safer. She stated people aren't gathering there anymore. Ms. Sondra testified that closing the BP would hurt the neighborhood. The Board found this testimony to be credible.

10. Julius Lewis testified in favor of this Appeal. Mr. Lewis testified that he had left work early to come in support of this Appeal. He stated since the hours changed, there is difference. The Board found this testimony to be credible.

11. Katherine Davis testified in favor of this Appeal. Ms. Davis testified that she is in support of keeping the BP open. She stated that the owner helped her when her son died. The Board found this testimony to be credible.

12. Karla Jensen testified in favor of this Appeal. Ms. Jensen testified that if the BP closes, it would become a trap house. She stated since they've put up security cameras, crime goes else where. The Board found this testimony to be credible.

13. Jimmy Tate testified in favor of this Appeal. Mr. Tate testified that he has lived in the neighborhood since he was 12 years old. He stated it's not the store itself; it's the gang members who are the problem. Mr. Tate testified that the store is an asset. Mr. Tate testified that the police should deal with the gang members. The Board found this testimony to be credible.

14. Tiffany Palmer testified in favor of this Appeal. Ms. Palmer testified that she only goes there for gas. Ms. Palmer testified she's been there for 30 years. Ms. Palmer testified that since under new management, it is better. She stated the hours have changed and security is there all day. The Board found this testimony to be credible.

15. Danita Jackson testified in favor of this Appeal. Ms. Jackson testified that she is in support of keeping the store open. She stated the drug dealers and gang members are not the owners fault. Ms. Jackson asked that the Board not close the BP. The Board found this testimony to be credible.

16. Sylvia Smith testified in favor of this Appeal. Ms. Smith testified that she's

been a resident for 40 years. She stated Josh takes care of things. She asked that the Board not close the filling station. The Board found this testimony to be credible.

17. Gregory Williams testified in favor of this Appeal. Mr. Williams testified that the owner takes care of business. Mr. Williams testified that the owners try to run their operation, but also have to be the police and risk their lives daily. He stated that they help people financially. The Board found this testimony to be credible.

18. Maurice Davis testified in favor of this Appeal. Mr. Davis testified that the owners have helped him with work. He stated that there will be crime even without the BP. Mr. Davis testified that the owners help the community. The Board found this testimony to be credible.

19. Archie Wayne testified in favor of this Appeal. Mr. Wayne testified that that they need the gas station. He stated they neighborhood has already lost alot of businesses. The Board found this testimony to be credible.

20. Vanessa Scott testified in favor of this Appeal. Ms. Scott testified that she is 45 years old and handicap. She stated the proximity of the store is important and she feels safe there. The Board found this testimony to be credible.

21. Charles Kennedy testified in favor of this Appeal. Mr. Kennedy testified that the problem is people coming from other neighborhoods. The Board found this testimony to be credible.

22. Stacey Harrison testified in favor of this Appeal. Ms. Harrison testified that she agrees with everyone else. She stated Josh does what he can every day. The Board found this testimony to be credible.

23. Keith Davis testified in favor this Appeal. Mr. Davis testified that he supports keeping the BP open for the community. He stated that closing early has made a difference. Mr. Davis testified that the store is in the highest crime rate. He stated the police should be the enforcers not the store owners. The Board found this testimony to be credible.

24. Carl Piffen testified in favor of this Appeal. Mr. Piffen testified that even though his brother was killed there 3 years ago, he still goes there. He stated he loves this store. The Board found this testimony to be credible.

25. April Channing testified in favor of this Appeal. Ms. Channing testified that she agrees with the others. The Board found this testimony to be credible.

26. Rodney Aldridge testified in favor of this Appeal. Mr. Aldridge testified that he agrees with the others. He stated they need more police and leave Josh alone. The Board found this testimony to be credible.

27. Sharonda Davis testified in favor of this Appeal. Ms. Davis testified that the BP should stay open. She stated that it don't matter where you go, there is crime everywhere. The Board found this testimony to be credible.

28. Jason Love testified in favor of this Appeal. Mr. Love testified that he supports saving the BP. He stated he feels safe. The Board found this testimony to be credible.

29. Robert Critchen testified in favor of this Appeal. Mr. Critchen testified that the store is beautiful. The Board found this testimony to be credible.

30. Owydat Mazen testified in favor of this Appeal. Mr. Mazen testified that he is the owner. Mr. Mazen testified that the patrons call him Josh. He stated that for the past 20 years he's been part of the neighborhood. Mr. Mazen testified that he is trying to do all he can to stay open. The Board found this testimony to be credible.

31. Melinda Long testified in opposition of this Appeal. Ms. Long testified that she lives around the corner from the BP. She stated the BP is not a store; it sells only a few grocery items. Ms. Long testified that primary business is a gas station. She stated the owners never had a security guard. She stated there is alot of crime that goes on there. Ms. Long testified that the BP needs to go. The Board found this testimony to be credible.

32. Sharie Taylor testified in opposition of this Appeal. Ms. Taylor testified that there are years of police calls and years of meeting with owners and nothing changed. She stated that only recently the owners started to comply. Ms. Taylor testified that they sell opened prescriptions over the counter. The Board found this testimony to be credible.

33. Carolyn Washington testified in opposition of this Appeal. Ms. Washington testified that she lives across the street. She stated that there's too much traffic. Ms. Washington testified that from her porch you can see the prostitution and drug deals. She stated they need a bathroom, as people use

the bathroom outside. Ms. Washington testified that the BP needs more lights. She stated that people hang around there alot after 11 p.m. The Board found this testimony to be credible.

34. Brenda Nelson testified in opposition of this Appeal. Ms. Nelson testified that she agrees with the others who are in opposition. The Board found this testimony to be credible.

35. Barbara Homes testified in opposition of this Appeal. Ms. Homes testified that doesn't go to this BP. She stated it is nasty looking and unkept. The Board found this testimony to be credible.

36. Delores Smith testified in opposition of this Appeal. Ms. Smith testified that she is 54 year old resident. Ms. Smith testified that the previous owners kept it cleaner. The Board found this testimony to be credible.

37. On October 9, 2019, Chairman Klitzing made a motion to continue Appeal No. 20251, to the next available date, per the Appellant's attorney's request. Board Member Parsley seconded the motion. All voted in favor of the motion. This Appeal will be rescheduled to a later date.

38. On January 15, 2020 the Board reconvened for this hearing.

39. Steve Brooks testified in favor of this Appeal. Mr. Brooks testified that he is the attorney for the Appellant. Mr. Brooks testified that he was hired to do an investigation as to the allegations against the reasons why the permit was not granted. Mr. Brooks testified that he has made several formal and informal requests for certain documents, so he can complete his investigation to properly advise his client. He stated he has not received any documents. Mr. Brooks testified that the Board should not go forward with the hearing until he has the chance to properly advise his client and do a proper investigation. Mr. Brooks testified this is why he requested a continuance. He then referred the Board, his Exhibit 1 of his continuance request, which was his sunshine request, to provide all records including, but not limited to photos, written complaints, inspection summaries and other documents that formed the basis for denial of BP Florissant on June 18, 2019. Mr. Brooks testified that he initially requested this information on September 27, 2019. He stated he didn't follow-up with the City sunshine coordinator. Mr. Brooks testified that on September 26, 2019, he did call Cherise Thomas, Secretary of BPS. He stated he didn't know how long it takes the City to respond to requests. Mr. Brooks testified that he did not think there was anywhere in the sunshine law

that it states he should follow up. He stated that it's the City's responsibility to follow up with his request. Mr. Brooks testified that the City failed to provide the requested documents, therefore he requests a continuance.

40. Melinda Long testified in opposition of this Appeal. Ms. Long testified that she lives right around the corner from BP Florissant. Ms. Long testified that she personally called the City's Legal Department and spoke to Richard Sykora. She stated that by speaking to him, she received an email from him of all the police calls from October 2017 – October 2019; however she only received 4 of the 6 pages. Ms. Long testified that each page list 24 calls. She stated that at the same time they have a lot of seniors in the area, she stated that she called the Board of Adjustment Secretary and asked if they could prepare a letter of opposition that they oppose the continuance. Ms. Long testified that they gathered 150 signatures that are in support of BPS's denial and request the Board of Adjustment to not grant another continuance. Ms. Long testified that the residents have had it for over 30 years. She stated the "new management" has been there for decades. Ms. Long testified that this "fraternity of men" has 8 to 9 gas stations going up within 1 - 2 miles of this location. She stated that they have security but they do not have formal security from a security firm. Ms. Long testified that when the police ask to view the security tapes, the owners claim there is no film. She stated the BP Station had 20 individuals, come in support of keeping the BP open, however it was later found out that these individuals were picked up that same day of hearing on October 9, 2019 and were paid $25.00 to testify in support of the appeal. Ms. Long testified that the BP station is nothing but problems, from drugs to prostitution to shootings. Ms. Long asks the Board not to give another continuance. The Board found this testimony to be credible.

41. Carol Johnson testified in opposition of this Appeal. Ms. Johnson testified that the prior owner was Caucasian and did not have as many problems as the current owner. She stated from her porch she can see all the illegal activities, drug dealing, prostitution, and people being shot. Ms. Johnson testified that they sell individual Benadryl shots. She stated there's heavy traffic and a lot of trash. Ms. Johnson testified that she is tired of being looked over and asks the board to not grant a continuance and to uphold the BPS denial. The Board found this testimony to be credible.

42. Don Hanley testified in opposition of this Appeal. Mr. Hanley testified that he cleans his block daily. Mr. Hanley testified that he's lost two (2) people close to him that were killed in the parking lot of the BP station. He stated the BP is ridiculous and must go. The Board found this testimony to be credible.

43. Beth Weismann testified in opposition of this Appeal. Ms. Weismann testified that her son is in the Army and warned her not to go there, as the station is known for trouble. Ms. Weismann testified that she lives above the church where her husband is the Pastor. She stated that they need help and cooperation to live a better life. The Board found this testimony to be credible.

44. Kimberly Collins testified in opposition of this Appeal. Ms. Collins testified that she collected signatures for the petition. She stated she doesn't go down Adelaide because of the crime. Ms. Collins testified that her neighbor was shot by his girlfriend from a drug incident that was carried on at the BP station. The Board found this testimony to be credible.

45. Barbara Hall testified in opposition of this Appeal. Ms. Hall testified that she was here in October. She stated the Appellant had all these people here in support of the appeal. Ms. Hall testified that there were two (2) vans full of people and after the hearing they all were in front of the BP lot hanging out. The Board found this testimony to be credible.

46. Ms. Johnson came back up to testify. Ms. Johnson testified that on October 9, 2019 when they got home from that Appeal, all the supporters of the appeal were falling over getting high on the BP lot. Ms. Johnson asks that the board help the residents and not grant a continuance. The Board found this testimony to be credible.

## Conclusions of Law and Order

Regarding the Appellant's request for continuance, the Board denies this request.

It is the decision of the Board of Adjustment that the proposed use does not conform to the standards required for conditional use approval as set forth in Section 26.80.010.E. of the Zoning Code. Specifically, the Board heard evidence that the use would be detrimental to public health, safety, morals or general welfare. The Board, therefore, upholds the decision of the Board of Public Service to deny an occupancy permit to operate a convenience store and gas station at 4126 W. Florissant Ave.

The above motion, made by Chairman Klitzing and seconded by Board Member Soll, was passed by a unanimous vote of the Board.

## Notice

Please note that any person or persons jointly aggrieved by any decision of the Board of Adjustment or any officer, department, board or bureau of the municipality, may present to the Circuit Court of the City a petition, duly verified that such decision is illegal, in whole or in part, and specifying the grounds of the illegality. Such petition shall be presented to the Court within thirty (30) days after the filing of the decision of the Board as provided by Section 89.110 of the Revised Statutes of Missouri.

Further, be advised that Sections 26.100.030 and 26.100.040 of the Revised Code of the City of St. Louis provide for authorization to revoke conditional use permits and variances to the Zoning Code if any use is made of the building, structure or premises which constitutes an enlargement, alteration, or extension of the permitted use for which a conditional use or a variance has been granted or if the applicant or use fails to comply with conditions imposed when a conditional use or variance is granted.

By Order of the Board of Adjustment,

Andrea Gutierrez
Secretary

cc:     Ward 21 Alderman John Collins Muhammad
        Neighborhood Stabilization Officer
        Zoning Plan Examiners
        Building Inspection
        Cultural Resources
        Mary Hart Burton, Zoning Administrator
        Don Roe, PDA
        Permits
        Business Assistance Center
        License Collector

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

#20251

MacArthur Mote, P.C.
Attorneys at Law
3920 Lindell Blvd., Ste. 200
St. Louis, MO 63108
ATTN: Steve D. Brooks

9590 9402 5115 9092 1020 85

2. Article Number (Transfer from service label)

7019 0140 0000 0593 0924

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery   $

Postmark
Here

Postage
$

#20251

Total
$

MacArthur Mote, P.C.
Attorneys at Law
3920 Lindell Blvd., Ste. 200
St. Louis, MO 63108
ATTN: Steve D. Brooks

7019 0140 0000 0593 0924

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions



# 𝕭𝖔𝖆𝖗𝖉 𝖔𝖋 𝕬𝖉𝖏𝖚𝖘𝖙𝖒𝖊𝖓𝖙

City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103

January 29, 2020

West Florissant BP
c/o Owydat Mazen
2931 Pinery Point
St. Louis, MO 63129

**RE: Board of Adjustment Appeal #20251**
    **4126 W. Florissant Ave.**

Attached are the proceedings and decision of the Board of Adjustment regarding the above referenced appeal number.

Sincerely,

Mary Hart Burton

Mary Hart Burton
Zoning Administrator

MHB/ag

attachment



# Board of Adjustment

### City of St. Louis
### Room 400, City Hall
### 1200 Market Street
### Saint Louis, Missouri 63103

**Board of Adjustment Appeal #20251**
**RE: #BPS-126680/#AOP-3847-19**
**4126 W. Florissant Ave.**

<u>Proceedings</u>

On January 15, 2020 and October 9, 2019, the Board of Adjustment of the City of St. Louis heard Appeal No. 20251, pursuant to Section 26.84.040 of the Zoning Code, concerning an appeal from the Board of Public's Service's denial of an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

On January 15, 2020, Board Members Joe Klitzing, John Albert, Mel Desemone, Mona Parsley, and Irene Soll were present for this Appeal.

On October 9, 2019, Board Members, Board Members Joe Klitzing, John Albert, Sallie Burke, Mona Parsley, and Irene Soll were present for this Appeal.

On January 15, 2020 Steve Brooks testified in favor of this Appeal.

On January 15, 2020 the following people testified in opposition of this Appeal; Melinda Long, Carol Johnson, Don Hanley, Beth Weismann, Kimberly Collins, and Barbara Hall

On October 9, 2020, the following people testified in favor of this Appeal; Samuel Jackson, Yvette Peebles, Sondra P., Julius Lewis, Katherine Davis, Karla Jensen, Jimmie Tate, Tiffany Palmer, Danita Jackson, Sylvia Smith, Gregory Williams, Maurice Davis, Archie Wayne, Vanessa Scott, Charles Kennedy, Stacy Harrison, Keith Davis, Carl Piffen, April Channing, Rodney, Sharonda Davis, Jason Love, Robert K.

On October 9, 2019, Owydat Mazen, testified in favor of this Appeal.

On October 9, 2019, the following people testified in opposition of this Appeal; Melinda Long, Sharie Taylor, Carolyn Washington, Brenda Nelson, Barbara Homes, and Delores Smith.

On January 15, 2020 and October 9, 2019 Erin Godwin, Zoning Plan Examiner, represented the Building Commissioner.

## Findings of Fact

The Board of Adjustment hereby makes the following findings of fact:

1. The following exhibits were admitted into evidence:  A certified copy of the Zoning Code, Ordinance 59979, with amendments, was introduced as Exhibit A.  Appeal to the Board, Basis for Denial / Basis of Appeal from the Board of Public Service, Meeting Notice Letter, City Journal Public Notices, Photographs and Sanborn Map(s) were introduced as Exhibits B – G.  On October 9, 2019, a fax sent by Appellant's attorney requesting continuance, was introduced as Exhibit H.  On January 15, 2020, Letter of Opposition was submitted by Amber Cole, was introduced as Exhibit H-1.  Faxed received on January 14, 2020, from Appellant's attorney requesting a continuance, was introduced as Exhibit I-1.  Petition in Opposition, submitted by Opposition, was introduced as Exhibit J-1.  Event Search Police Report, submitted by Opposition, was introduced as Exhibit K-1.

2. The subject property, known and numbered as 4126 W. Florissant Ave., is in City Block #3547.

3. The applicable zoning designation is "G" – Local Commercial and Office District.

4. Appellant has applied for an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

5. On January 15, 2020 and October 9, 2019, per the testimony of Erin Godwin, the Zoning Plan Examiner, the proposed occupancy permit was denied by the Board of Public Service, which concluded that the use would be detrimental to the public health, safety, morals or general welfare.  The Board found this testimony to be credible.

6. On October 9, 2019 the Board convened for this hearing.

7. Samuel L. Jackson testified in favor of this Appeal.  Mr. Jackson testified that he has been a resident of the neighborhood since 1966. Mr. Jackson testified that the crimes are not because of the gas station.  He stated that the Board should take into consideration the people who live in the neighborhood.  The Board found this testimony to be credible.

8. Yvette Peebles testified in favor of this Appeal.  Ms. Peebles testified that

crime is everywhere. She stated the operation is nice. The Board found this testimony to be credible.

9. Sondra P. testified in favor of this Appeal. Ms. Sondra testified that things have changed since last meeting. She stated that since they've been closing at 11 p.m. traffic has died down. Ms. Sondra testified that they have new security and it is now safer. She stated people aren't gathering there anymore. Ms. Sondra testified that closing the BP would hurt the neighborhood. The Board found this testimony to be credible.

10. Julius Lewis testified in favor of this Appeal. Mr. Lewis testified that he had left work early to come in support of this Appeal. He stated since the hours changed, there is difference. The Board found this testimony to be credible.

11. Katherine Davis testified in favor of this Appeal. Ms. Davis testified that she is in support of keeping the BP open. She stated that the owner helped her when her son died. The Board found this testimony to be credible.

12. Karla Jensen testified in favor of this Appeal. Ms. Jensen testified that if the BP closes, it would become a trap house. She stated since they've put up security cameras, crime goes else where. The Board found this testimony to be credible.

13. Jimmy Tate testified in favor of this Appeal. Mr. Tate testified that he has lived in the neighborhood since he was 12 years old. He stated it's not the store itself; it's the gang members who are the problem. Mr. Tate testified that the store is an asset. Mr. Tate testified that the police should deal with the gang members. The Board found this testimony to be credible.

14. Tiffany Palmer testified in favor of this Appeal. Ms. Palmer testified that she only goes there for gas. Ms. Palmer testified she's been there for 30 years. Ms. Palmer testified that since under new management, it is better. She stated the hours have changed and security is there all day. The Board found this testimony to be credible.

15. Danita Jackson testified in favor of this Appeal. Ms. Jackson testified that she is in support of keeping the store open. She stated the drug dealers and gang members are not the owners fault. Ms. Jackson asked that the Board not close the BP. The Board found this testimony to be credible.

16. Sylvia Smith testified in favor of this Appeal. Ms. Smith testified that she's

been a resident for 40 years. She stated Josh takes care of things. She asked that the Board not close the filling station. The Board found this testimony to be credible.

17. Gregory Williams testified in favor of this Appeal. Mr. Williams testified that the owner takes care of business. Mr. Williams testified that the owners try to run their operation, but also have to be the police and risk their lives daily. He stated that they help people financially. The Board found this testimony to be credible.

18. Maurice Davis testified in favor of this Appeal. Mr. Davis testified that the owners have helped him with work. He stated that there will be crime even without the BP. Mr. Davis testified that the owners help the community. The Board found this testimony to be credible.

19. Archie Wayne testified in favor of this Appeal. Mr. Wayne testified that that they need the gas station. He stated they neighborhood has already lost alot of businesses. The Board found this testimony to be credible.

20. Vanessa Scott testified in favor of this Appeal. Ms. Scott testified that she is 45 years old and handicap. She stated the proximity of the store is important and she feels safe there. The Board found this testimony to be credible.

21. Charles Kennedy testified in favor of this Appeal. Mr. Kennedy testified that the problem is people coming from other neighborhoods. The Board found this testimony to be credible.

22. Stacey Harrison testified in favor of this Appeal. Ms. Harrison testified that she agrees with everyone else. She stated Josh does what he can every day. The Board found this testimony to be credible.

23. Keith Davis testified in favor this Appeal. Mr. Davis testified that he supports keeping the BP open for the community. He stated that closing early has made a difference. Mr. Davis testified that the store is in the highest crime rate. He stated the police should be the enforcers not the store owners. The Board found this testimony to be credible.

24. Carl Piffen testified in favor of this Appeal. Mr. Piffen testified that even though his brother was killed there 3 years ago, he still goes there. He stated he loves this store. The Board found this testimony to be credible.

25. April Channing testified in favor of this Appeal. Ms. Channing testified that she agrees with the others. The Board found this testimony to be credible.

26. Rodney Aldridge testified in favor of this Appeal. Mr. Aldridge testified that he agrees with the others. He stated they need more police and leave Josh alone. The Board found this testimony to be credible.

27. Sharonda Davis testified in favor of this Appeal. Ms. Davis testified that the BP should stay open. She stated that it don't matter where you go, there is crime everywhere. The Board found this testimony to be credible.

28. Jason Love testified in favor of this Appeal. Mr. Love testified that he supports saving the BP. He stated he feels safe. The Board found this testimony to be credible.

29. Robert Critchen testified in favor of this Appeal. Mr. Critchen testified that the store is beautiful. The Board found this testimony to be credible.

30. Owydat Mazen testified in favor of this Appeal. Mr. Mazen testified that he is the owner. Mr. Mazen testified that the patrons call him Josh. He stated that for the past 20 years he's been part of the neighborhood. Mr. Mazen testified that he is trying to do all he can to stay open. The Board found this testimony to be credible.

31. Melinda Long testified in opposition of this Appeal. Ms. Long testified that she lives around the corner from the BP. She stated the BP is not a store; it sells only a few grocery items. Ms. Long testified that primary business is a gas station. She stated the owners never had a security guard. She stated there is alot of crime that goes on there. Ms. Long testified that the BP needs to go. The Board found this testimony to be credible.

32. Sharie Taylor testified in opposition of this Appeal. Ms. Taylor testified that there are years of police calls and years of meeting with owners and nothing changed. She stated that only recently the owners started to comply. Ms. Taylor testified that they sell opened prescriptions over the counter. The Board found this testimony to be credible.

33. Carolyn Washington testified in opposition of this Appeal. Ms. Washington testified that she lives across the street. She stated that there's too much traffic. Ms. Washington testified that from her porch you can see the prostitution and drug deals. She stated they need a bathroom, as people use

the bathroom outside. Ms. Washington testified that the BP needs more lights. She stated that people hang around there alot after 11 p.m. The Board found this testimony to be credible.

34. Brenda Nelson testified in opposition of this Appeal. Ms. Nelson testified that she agrees with the others who are in opposition. The Board found this testimony to be credible.

35. Barbara Homes testified in opposition of this Appeal. Ms. Homes testified that doesn't go to this BP. She stated it is nasty looking and unkept. The Board found this testimony to be credible.

36. Delores Smith testified in opposition of this Appeal. Ms. Smith testified that she is 54 year old resident. Ms. Smith testified that the previous owners kept it cleaner. The Board found this testimony to be credible.

37. On October 9, 2019, Chairman Klitzing made a motion to continue Appeal No. 20251, to the next available date, per the Appellant's attorney's request. Board Member Parsley seconded the motion. All voted in favor of the motion. This Appeal will be rescheduled to a later date.

38. On January 15, 2020 the Board reconvened for this hearing.

39. Steve Brooks testified in favor of this Appeal. Mr. Brooks testified that he is the attorney for the Appellant. Mr. Brooks testified that he was hired to do an investigation as to the allegations against the reasons why the permit was not granted. Mr. Brooks testified that he has made several formal and informal requests for certain documents, so he can complete his investigation to properly advise his client. He stated he has not received any documents. Mr. Brooks testified that the Board should not go forward with the hearing until he has the chance to properly advise his client and do a proper investigation. Mr. Brooks testified this is why he requested a continuance. He then referred the Board, his Exhibit 1 of his continuance request, which was his sunshine request, to provide all records including, but not limited to photos, written complaints, inspection summaries and other documents that formed the basis for denial of BP Florissant on June 18, 2019. Mr. Brooks testified that he initially requested this information on September 27, 2019. He stated he didn't follow-up with the City sunshine coordinator. Mr. Brooks testified that on September 26, 2019, he did call Cherise Thomas, Secretary of BPS. He stated he didn't know how long it takes the City to respond to requests. Mr. Brooks testified that he did not think there was anywhere in the sunshine law

that it states he should follow up. He stated that it's the City's responsibility to follow up with his request. Mr. Brooks testified that the City failed to provide the requested documents, therefore he requests a continuance.

40. Melinda Long testified in opposition of this Appeal. Ms. Long testified that she lives right around the corner from BP Florissant. Ms. Long testified that she personally called the City's Legal Department and spoke to Richard Sykora. She stated that by speaking to him, she received an email from him of all the police calls from October 2017 – October 2019; however she only received 4 of the 6 pages. Ms. Long testified that each page list 24 calls. She stated that at the same time they have a lot of seniors in the area, she stated that she called the Board of Adjustment Secretary and asked if they could prepare a letter of opposition that they oppose the continuance. Ms. Long testified that they gathered 150 signatures that are in support of BPS's denial and request the Board of Adjustment to not grant another continuance. Ms. Long testified that the residents have had it for over 30 years. She stated the "new management" has been there for decades. Ms. Long testified that this "fraternity of men" has 8 to 9 gas stations going up within 1 - 2 miles of this location. She stated that they have security but they do not have formal security from a security firm. Ms. Long testified that when the police ask to view the security tapes, the owners claim there is no film. She stated the BP Station had 20 individuals, come in support of keeping the BP open, however it was later found out that these individuals were picked up that same day of hearing on October 9, 2019 and were paid $25.00 to testify in support of the appeal. Ms. Long testified that the BP station is nothing but problems, from drugs to prostitution to shootings. Ms. Long asks the Board not to give another continuance. The Board found this testimony to be credible.

41. Carol Johnson testified in opposition of this Appeal. Ms. Johnson testified that the prior owner was Caucasian and did not have as many problems as the current owner. She stated from her porch she can see all the illegal activities, drug dealing, prostitution, and people being shot. Ms. Johnson testified that they sell individual Benadryl shots. She stated there's heavy traffic and a lot of trash. Ms. Johnson testified that she is tired of being looked over and asks the board to not grant a continuance and to uphold the BPS denial. The Board found this testimony to be credible.

42. Don Hanley testified in opposition of this Appeal. Mr. Hanley testified that he cleans his block daily. Mr. Hanley testified that he's lost two (2) people close to him that were killed in the parking lot of the BP station. He stated the BP is ridiculous and must go. The Board found this testimony to be credible.

43. Beth Weismann testified in opposition of this Appeal. Ms. Weismann testified that her son is in the Army and warned her not to go there, as the station is known for trouble. Ms. Weismann testified that she lives above the church where her husband is the Pastor. She stated that they need help and cooperation to live a better life. The Board found this testimony to be credible.

44. Kimberly Collins testified in opposition of this Appeal. Ms. Collins testified that she collected signatures for the petition. She stated she doesn't go down Adelaide because of the crime. Ms. Collins testified that her neighbor was shot by his girlfriend from a drug incident that was carried on at the BP station. The Board found this testimony to be credible.

45. Barbara Hall testified in opposition of this Appeal. Ms. Hall testified that she was here in October. She stated the Appellant had all these people here in support of the appeal. Ms. Hall testified that there were two (2) vans full of people and after the hearing they all were in front of the BP lot hanging out. The Board found this testimony to be credible.

46. Ms. Johnson came back up to testify. Ms. Johnson testified that on October 9, 2019 when they got home from that Appeal, all the supporters of the appeal were falling over getting high on the BP lot. Ms. Johnson asks that the board help the residents and not grant a continuance. The Board found this testimony to be credible.

## Conclusions of Law and Order

Regarding the Appellant's request for continuance, the Board denies this request.

It is the decision of the Board of Adjustment that the proposed use does not conform to the standards required for conditional use approval as set forth in Section 26.80.010.E. of the Zoning Code. Specifically, the Board heard evidence that the use would be detrimental to public health, safety, morals or general welfare. The Board, therefore, upholds the decision of the Board of Public Service to deny an occupancy permit to operate a convenience store and gas station (no cooking) at 3934 S. Grand.

The above motion, made by Chairman Klitzing and seconded by Board Member Soll, was passed by a unanimous vote of the Board.

## Notice

Please note that any person or persons jointly aggrieved by any decision of the Board of Adjustment or any officer, department, board or bureau of the municipality, may present to the Circuit Court of the City a petition, duly verified that such decision is illegal, in whole or in part, and specifying the grounds of the illegality. Such petition shall be presented to the Court within thirty (30) days after the filing of the decision of the Board as provided by Section 89.110 of the Revised Statutes of Missouri.

Further, be advised that Sections 26.100.030 and 26.100.040 of the Revised Code of the City of St. Louis provide for authorization to revoke conditional use permits and variances to the Zoning Code if any use is made of the building, structure or premises which constitutes an enlargement, alteration, or extension of the permitted use for which a conditional use or a variance has been granted or if the applicant or use fails to comply with conditions imposed when a conditional use or variance is granted.

By Order of the Board of Adjustment,

Andrea Gutierrez
Secretary


cc:     Ward 21 Alderman John Collins Muhammad
        Neighborhood Stabilization Officer
        Zoning Plan Examiners
        Building Inspection
        Cultural Resources
        Mary Hart Burton, Zoning Administrator
        Don Roe, PDA
        Permits
        Business Assistance Center
        License Collector

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

#20251

West Florissant BP
c/o Owydat Mazen
2931 Pinery Point
St. Louis, MO 63129

9590 9402 5115 9092 1021 77

2. Article Number (Transfer from service label)

7019 0140 0000 0593 0795

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Mg Owydat_
□ Agent
☑ Addressee

B. Received by (Printed Name)
MAZEN OWIDAT
C. Date of Delivery
2-10-20

D. Is delivery address different from item 1? □ Yes
If YES, enter delivery address below: □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☑ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
□ Return Receipt (hardcopy)        $ _____
□ Return Receipt (electronic)      $ _____
□ Certified Mail Restricted Delivery $ _____
□ Adult Signature Required         $ _____
□ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage
$

Sent To
#20251

Street and Apt.
West Florissant BP
c/o Owydat Mazen
City, State, ZIP
2931 Pinery Point
St. Louis, MO 63129

Postmark
Here

7019 0140 0000 0593 0795

PS Form **3800**, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions



# Board of Adjustment

City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103

January 29, 2020

MacArthur Mote, P.C.
Attorneys at Law
3920 Lindell Blvd., Ste. 200
St. Louis, MO  63108
ATTN: Steve D. Brooks

**RE: Board of Adjustment Appeal #20251**
   **4126 W. Florissant Ave.**

Attached are the proceedings and decision of the Board of Adjustment regarding the above referenced appeal number.

Sincerely,

Mary Hart Burton
Mary Hart Burton
Zoning Administrator

MHB/ag

attachment



# Board of Adjustment

### City of St. Louis
### Room 400, City Hall
### 1200 Market Street
### Saint Louis, Missouri 63103

### Board of Adjustment Appeal #20251
### RE: #BPS-126680/#AOP-3847-19
### 4126 W. Florissant Ave.

### Proceedings

On January 15, 2020 and October 9, 2019, the Board of Adjustment of the City of St. Louis heard Appeal No. 20251, pursuant to Section 26.84.040 of the Zoning Code, concerning an appeal from the Board of Public's Service's denial of an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

On January 15, 2020, Board Members Joe Klitzing, John Albert, Mel Desemone, Mona Parsley, and Irene Soll were present for this Appeal.

On October 9, 2019, Board Members, Board Members Joe Klitzing, John Albert, Sallie Burke, Mona Parsley, and Irene Soll were present for this Appeal.

On January 15, 2020 Steve Brooks testified in favor of this Appeal.

On January 15, 2020 the following people testified in opposition of this Appeal; Melinda Long, Carol Johnson, Don Hanley, Beth Weismann, Kimberly Collins, and Barbara Hall

On October 9, 2020, the following people testified in favor of this Appeal; Samuel Jackson, Yvette Peebles, Sondra P., Julius Lewis, Katherine Davis, Karla Jensen, Jimmie Tate, Tiffany Palmer, Danita Jackson, Sylvia Smith, Gregory Williams, Maurice Davis, Archie Wayne, Vanessa Scott, Charles Kennedy, Stacy Harrison, Keith Davis, Carl Piffen, April Channing, Rodney, Sharonda Davis, Jason Love, Robert K.

On October 9, 2019, Owydat Mazen, testified in favor of this Appeal.

On October 9, 2019, the following people testified in opposition of this Appeal; Melinda Long, Sharie Taylor, Carolyn Washington, Brenda Nelson, Barbara Homes, and Delores Smith.

On January 15, 2020 and October 9, 2019 Erin Godwin, Zoning Plan Examiner, represented the Building Commissioner.

<u>Findings of Fact</u>

The Board of Adjustment hereby makes the following findings of fact:

1. The following exhibits were admitted into evidence: A certified copy of the Zoning Code, Ordinance 59979, with amendments, was introduced as Exhibit A. Appeal to the Board, Basis for Denial / Basis of Appeal from the Board of Public Service, Meeting Notice Letter, City Journal Public Notices, Photographs and Sanborn Map(s) were introduced as Exhibits B – G. On October 9, 2019, a fax sent by Appellant's attorney requesting continuance, was introduced as Exhibit H. On January 15, 2020, Letter of Opposition was submitted by Amber Cole, was introduced as Exhibit H-1. Faxed received on January 14, 2020, from Appellant's attorney requesting a continuance, was introduced as Exhibit I-1. Petition in Opposition, submitted by Opposition, was introduced as Exhibit J-1. Event Search Police Report, submitted by Opposition, was introduced as Exhibit K-1.

2. The subject property, known and numbered as 4126 W. Florissant Ave., is in City Block #3547.

3. The applicable zoning designation is "G" – Local Commercial and Office District.

4. Appellant has applied for an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave.

5. On January 15, 2020 and October 9, 2019, per the testimony of Erin Godwin, the Zoning Plan Examiner, the proposed occupancy permit was denied by the Board of Public Service, which concluded that the use would be detrimental to the public health, safety, morals or general welfare. The Board found this testimony to be credible.

6. On October 9, 2019 the Board convened for this hearing.

7. Samuel L. Jackson testified in favor of this Appeal. Mr. Jackson testified that he has been a resident of the neighborhood since 1966. Mr. Jackson testified that the crimes are not because of the gas station. He stated that the Board should take into consideration the people who live in the neighborhood. The Board found this testimony to be credible.

8. Yvette Peebles testified in favor of this Appeal. Ms. Peebles testified that

crime is everywhere. She stated the operation is nice. The Board found this testimony to be credible.

9. Sondra P. testified in favor of this Appeal. Ms. Sondra testified that things have changed since last meeting. She stated that since they've been closing at 11 p.m. traffic has died down. Ms. Sondra testified that they have new security and it is now safer. She stated people aren't gathering there anymore. Ms. Sondra testified that closing the BP would hurt the neighborhood. The Board found this testimony to be credible.

10. Julius Lewis testified in favor of this Appeal. Mr. Lewis testified that he had left work early to come in support of this Appeal. He stated since the hours changed, there is difference. The Board found this testimony to be credible.

11. Katherine Davis testified in favor of this Appeal. Ms. Davis testified that she is in support of keeping the BP open. She stated that the owner helped her when her son died. The Board found this testimony to be credible.

12. Karla Jensen testified in favor of this Appeal. Ms. Jensen testified that if the BP closes, it would become a trap house. She stated since they've put up security cameras, crime goes else where. The Board found this testimony to be credible.

13. Jimmy Tate testified in favor of this Appeal. Mr. Tate testified that he has lived in the neighborhood since he was 12 years old. He stated it's not the store itself; it's the gang members who are the problem. Mr. Tate testified that the store is an asset. Mr. Tate testified that the police should deal with the gang members. The Board found this testimony to be credible.

14. Tiffany Palmer testified in favor of this Appeal. Ms. Palmer testified that she only goes there for gas. Ms. Palmer testified she's been there for 30 years. Ms. Palmer testified that since under new management, it is better. She stated the hours have changed and security is there all day. The Board found this testimony to be credible.

15. Danita Jackson testified in favor of this Appeal. Ms. Jackson testified that she is in support of keeping the store open. She stated the drug dealers and gang members are not the owners fault. Ms. Jackson asked that the Board not close the BP. The Board found this testimony to be credible.

16. Sylvia Smith testified in favor of this Appeal. Ms. Smith testified that she's

been a resident for 40 years. She stated Josh takes care of things. She asked that the Board not close the filling station. The Board found this testimony to be credible.

17. Gregory Williams testified in favor of this Appeal. Mr. Williams testified that the owner takes care of business. Mr. Williams testified that the owners try to run their operation, but also have to be the police and risk their lives daily. He stated that they help people financially. The Board found this testimony to be credible.

18. Maurice Davis testified in favor of this Appeal. Mr. Davis testified that the owners have helped him with work. He stated that there will be crime even without the BP. Mr. Davis testified that the owners help the community. The Board found this testimony to be credible.

19. Archie Wayne testified in favor of this Appeal. Mr. Wayne testified that that they need the gas station. He stated they neighborhood has already lost alot of businesses. The Board found this testimony to be credible.

20. Vanessa Scott testified in favor of this Appeal. Ms. Scott testified that she is 45 years old and handicap. She stated the proximity of the store is important and she feels safe there. The Board found this testimony to be credible.

21. Charles Kennedy testified in favor of this Appeal. Mr. Kennedy testified that the problem is people coming from other neighborhoods. The Board found this testimony to be credible.

22. Stacey Harrison testified in favor of this Appeal. Ms. Harrison testified that she agrees with everyone else. She stated Josh does what he can every day. The Board found this testimony to be credible.

23. Keith Davis testified in favor this Appeal. Mr. Davis testified that he supports keeping the BP open for the community. He stated that closing early has made a difference. Mr. Davis testified that the store is in the highest crime rate. He stated the police should be the enforcers not the store owners. The Board found this testimony to be credible.

24. Carl Piffen testified in favor of this Appeal. Mr. Piffen testified that even though his brother was killed there 3 years ago, he still goes there. He stated he loves this store. The Board found this testimony to be credible.

25. April Channing testified in favor of this Appeal. Ms. Channing testified that she agrees with the others. The Board found this testimony to be credible.

26. Rodney Aldridge testified in favor of this Appeal. Mr. Aldridge testified that he agrees with the others. He stated they need more police and leave Josh alone. The Board found this testimony to be credible.

27. Sharonda Davis testified in favor of this Appeal. Ms. Davis testified that the BP should stay open. She stated that it don't matter where you go, there is crime everywhere. The Board found this testimony to be credible.

28. Jason Love testified in favor of this Appeal. Mr. Love testified that he supports saving the BP. He stated he feels safe. The Board found this testimony to be credible.

29. Robert Critchen testified in favor of this Appeal. Mr. Critchen testified that the store is beautiful. The Board found this testimony to be credible.

30. Owydat Mazen testified in favor of this Appeal. Mr. Mazen testified that he is the owner. Mr. Mazen testified that the patrons call him Josh. He stated that for the past 20 years he's been part of the neighborhood. Mr. Mazen testified that he is trying to do all he can to stay open. The Board found this testimony to be credible.

31. Melinda Long testified in opposition of this Appeal. Ms. Long testified that she lives around the corner from the BP. She stated the BP is not a store; it sells only a few grocery items. Ms. Long testified that primary business is a gas station. She stated the owners never had a security guard. She stated there is alot of crime that goes on there. Ms. Long testified that the BP needs to go. The Board found this testimony to be credible.

32. Sharie Taylor testified in opposition of this Appeal. Ms. Taylor testified that there are years of police calls and years of meeting with owners and nothing changed. She stated that only recently the owners started to comply. Ms. Taylor testified that they sell opened prescriptions over the counter. The Board found this testimony to be credible.

33. Carolyn Washington testified in opposition of this Appeal. Ms. Washington testified that she lives across the street. She stated that there's too much traffic. Ms. Washington testified that from her porch you can see the prostitution and drug deals. She stated they need a bathroom, as people use

the bathroom outside. Ms. Washington testified that the BP needs more lights. She stated that people hang around there alot after 11 p.m. The Board found this testimony to be credible.

34. Brenda Nelson testified in opposition of this Appeal. Ms. Nelson testified that she agrees with the others who are in opposition. The Board found this testimony to be credible.

35. Barbara Homes testified in opposition of this Appeal. Ms. Homes testified that doesn't go to this BP. She stated it is nasty looking and unkept. The Board found this testimony to be credible.

36. Delores Smith testified in opposition of this Appeal. Ms. Smith testified that she is 54 year old resident. Ms. Smith testified that the previous owners kept it cleaner. The Board found this testimony to be credible.

37. On October 9, 2019, Chairman Klitzing made a motion to continue Appeal No. 20251, to the next available date, per the Appellant's attorney's request. Board Member Parsley seconded the motion. All voted in favor of the motion. This Appeal will be rescheduled to a later date.

38. On January 15, 2020 the Board reconvened for this hearing.

39. Steve Brooks testified in favor of this Appeal. Mr. Brooks testified that he is the attorney for the Appellant. Mr. Brooks testified that he was hired to do an investigation as to the allegations against the reasons why the permit was not granted. Mr. Brooks testified that he has made several formal and informal requests for certain documents, so he can complete his investigation to properly advise his client. He stated he has not received any documents. Mr. Brooks testified that the Board should not go forward with the hearing until he has the chance to properly advise his client and do a proper investigation. Mr. Brooks testified this is why he requested a continuance. He then referred the Board, his Exhibit 1 of his continuance request, which was his sunshine request, to provide all records including, but not limited to photos, written complaints, inspection summaries and other documents that formed the basis for denial of BP Florissant on June 18, 2019. Mr. Brooks testified that he initially requested this information on September 27, 2019. He stated he didn't follow-up with the City sunshine coordinator. Mr. Brooks testified that on September 26, 2019, he did call Cherise Thomas, Secretary of BPS. He stated he didn't know how long it takes the City to respond to requests. Mr. Brooks testified that he did not think there was anywhere in the sunshine law

that it states he should follow up. He stated that it's the City's responsibility to follow up with his request. Mr. Brooks testified that the City failed to provide the requested documents, therefore he requests a continuance.

40. Melinda Long testified in opposition of this Appeal. Ms. Long testified that she lives right around the corner from BP Florissant. Ms. Long testified that she personally called the City's Legal Department and spoke to Richard Sykora. She stated that by speaking to him, she received an email from him of all the police calls from October 2017 – October 2019; however she only received 4 of the 6 pages. Ms. Long testified that each page list 24 calls. She stated that at the same time they have a lot of seniors in the area, she stated that she called the Board of Adjustment Secretary and asked if they could prepare a letter of opposition that they oppose the continuance. Ms. Long testified that they gathered 150 signatures that are in support of BPS's denial and request the Board of Adjustment to not grant another continuance. Ms. Long testified that the residents have had it for over 30 years. She stated the "new management" has been there for decades. Ms. Long testified that this "fraternity of men" has 8 to 9 gas stations going up within 1 - 2 miles of this location. She stated that they have security but they do not have formal security from a security firm. Ms. Long testified that when the police ask to view the security tapes, the owners claim there is no film. She stated the BP Station had 20 individuals, come in support of keeping the BP open, however it was later found out that these individuals were picked up that same day of hearing on October 9, 2019 and were paid $25.00 to testify in support of the appeal. Ms. Long testified that the BP station is nothing but problems, from drugs to prostitution to shootings. Ms. Long asks the Board not to give another continuance. The Board found this testimony to be credible.

41. Carol Johnson testified in opposition of this Appeal. Ms. Johnson testified that the prior owner was Caucasian and did not have as many problems as the current owner. She stated from her porch she can see all the illegal activities, drug dealing, prostitution, and people being shot. Ms. Johnson testified that they sell individual Benadryl shots. She stated there's heavy traffic and a lot of trash. Ms. Johnson testified that she is tired of being looked over and asks the board to not grant a continuance and to uphold the BPS denial. The Board found this testimony to be credible.

42. Don Hanley testified in opposition of this Appeal. Mr. Hanley testified that he cleans his block daily. Mr. Hanley testified that he's lost two (2) people close to him that were killed in the parking lot of the BP station. He stated the BP is ridiculous and must go. The Board found this testimony to be credible.

43. Beth Weismann testified in opposition of this Appeal. Ms. Weismann testified that her son is in the Army and warned her not to go there, as the station is known for trouble. Ms. Weismann testified that she lives above the church where her husband is the Pastor. She stated that they need help and cooperation to live a better life. The Board found this testimony to be credible.

44. Kimberly Collins testified in opposition of this Appeal. Ms. Collins testified that she collected signatures for the petition. She stated she doesn't go down Adelaide because of the crime. Ms. Collins testified that her neighbor was shot by his girlfriend from a drug incident that was carried on at the BP station. The Board found this testimony to be credible.

45. Barbara Hall testified in opposition of this Appeal. Ms. Hall testified that she was here in October. She stated the Appellant had all these people here in support of the appeal. Ms. Hall testified that there were two (2) vans full of people and after the hearing they all were in front of the BP lot hanging out. The Board found this testimony to be credible.

46. Ms. Johnson came back up to testify. Ms. Johnson testified that on October 9, 2019 when they got home from that Appeal, all the supporters of the appeal were falling over getting high on the BP lot. Ms. Johnson asks that the board help the residents and not grant a continuance. The Board found this testimony to be credible.

## Conclusions of Law and Order

Regarding the Appellant's request for continuance, the Board denies this request.

It is the decision of the Board of Adjustment that the proposed use does not conform to the standards required for conditional use approval as set forth in Section 26.80.010.E. of the Zoning Code. Specifically, the Board heard evidence that the use would be detrimental to public health, safety, morals or general welfare. The Board, therefore, upholds the decision of the Board of Public Service to deny an occupancy permit to operate a convenience store and gas station (no cooking) at 3934 S. Grand.

The above motion, made by Chairman Klitzing and seconded by Board Member Soll, was passed by a unanimous vote of the Board.

## Notice

Please note that any person or persons jointly aggrieved by any decision of the Board of Adjustment or any officer, department, board or bureau of the municipality, may present to the Circuit Court of the City a petition, duly verified that such decision is illegal, in whole or in part, and specifying the grounds of the illegality. Such petition shall be presented to the Court within thirty (30) days after the filing of the decision of the Board as provided by Section 89.110 of the Revised Statutes of Missouri.

Further, be advised that Sections 26.100.030 and 26.100.040 of the Revised Code of the City of St. Louis provide for authorization to revoke conditional use permits and variances to the Zoning Code if any use is made of the building, structure or premises which constitutes an enlargement, alteration, or extension of the permitted use for which a conditional use or a variance has been granted or if the applicant or use fails to comply with conditions imposed when a conditional use or variance is granted.

By Order of the Board of Adjustment,

Andrea Gutierrez
Secretary

cc:  Ward 21 Alderman John Collins Muhammad
Neighborhood Stabilization Officer
Zoning Plan Examiners
Building Inspection
Cultural Resources
Mary Hart Burton, Zoning Administrator
Don Roe, PDA
Permits
Business Assistance Center
License Collector



**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

#20251

MacArthur Mote, P.C.
Attorneys at Law
3920 Lindell Blvd., Ste. 200
St. Louis, MO 63108
ATTN: STEVE D. BROOKS

9590 9402 5115 9092 1021 60

2. Article Number *(Transfer from service label)*

7019 0140 0000 0593 0801

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
ERACCA QUINICHETTE

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage

#20251

Sent To

MacArthur Mote, P.C.
Attorneys at Law
Street and 3920 Lindell Blvd., Ste. 200
St. Louis, MO 63108
City, State, ATTN: STEVE D. BROOKS

7019 0140 0000 0593 0801

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions





# City of St. Louis

## OFFICE OF THE SECRETARY

1200 MARKET STREET, ROOM 300
ST. LOUIS, MISSOURI 63103-2806
PHONE NO.: (314) 622-4650 OR (314) 622-4627
Fax No.: (314) 589-6598

LYDA KREWSON
MAYOR

RICHARD T. BRADLEY, P.E.
PRESIDENT

June 18, 2019

West Florissant BP
Owydat Mazen
2931 Pinery Point
St Louis MO 63129

EXHIBIT

C · 1

Dear Mazen:

At its meeting of June 18, 2019, the Board of Public Service voted to Deny Approval of Application No. 126680, West Florissant BP c/o Owydat Mazen, to occupy 4126 West Florissant as a convenience store with a gas station by reason of the fact that use will be detrimental to the public health, safety, morals, or general welfare.

Should you feel aggrieved in our decision you may appeal this denial within 30 calendar days of the date of this notice to Board of Adjustment, Room 400, City Hall. For convenience there is included with this notice, an application for appeal.

If you have questions relating to procedures on the appeal, please contact the Zoning Office at (314) 622-3666.

cc:     Zoning
        Don Roe
        Business Assistance Center
        NSO
        License Collector
        Alderman John Collins-Mohammad
        Files

Yours truly,

Cherise D. Jones, Secretary
Board of Public Service

# MacArthur Moten, P.C.

### ATTORNEYS AT LAW
### 3920 LINDELL BLVD.
### SUITE 200
### ST. LOUIS, MISSOURI 63108

**MACARTHUR MOTEN
* STEVE D. BROOKS

of Counsel
*JENNIFER H. FISHER

----------------
TELEPHONE:

(314) 645-9500

(314)-535-2948

FAX: (314) 645-9504

LICENSED TO PRACTICE IN
**MISSOURI/ILLINOIS
*MISSOURI
lawoffices1011@gmail.com
www.macarthurmoten.com

July 12, 2019

St. Louis City Board of Adjustment
1200 Market Street (City Hall)
Room 400
St. Louis, MO 63103

Re: Owydat, Mazen
West Florissant BP
4126 W. Florissant

Dear Sir/Madam:

This comes as application for an appeal of the Board of Public Service denial dated June 25, 2019. Our application is predicated on the fact that the Board's decision was arbitrary, capricious and not found in cogent facts per law. Further, and by way of discovery, we formally request any and all reports, memorandum and documents regarding any complaints about the business. Lastly, we request a hearing before the full Board of Adjustment with dispatch. If further elaboration is required, please advise.

Very truly yours,

Steve D. Brooks
Attorney at Law

SDB/vjl



# Board of Adjustment

### City of St. Louis
### Room 400, City Hall
### 1200 Market Street
### Saint Louis, Missouri 63103

December 23, 2019

WEST FLORISSANT BP
c/o OWYDAT MAZEN
2931 PINERY POINT
ST. LOUIS, MO 63129

EXHIBIT
B·1

**RE: Board of Adjustment Appeal #20251**
   **#BPS-126680 and #AOP-3847-19**
   **4126 W. Florissant Ave.**

We are in receipt of the appeal you have filed contesting the determination of the Board of Public Service in the denial of an occupancy permit authorizing the Appellant to operate a convenience store and a gas station, at 4126 W. Florissant Ave.

The Board of Adjustment will meet and consider your appeal on Wednesday, January 15, 2020, at 1:30 p.m., in Room 208, City Hall.

At the hearing, testimony and evidence will be accepted from you and other parties with an interest in your proposed use. As a result of the hearing, your appeal may be approved as you requested; approved with certain conditions; or denied.

In your appeal you stated: **Convenience Store and Gas Station in Zone G.**

Please be prepared to explain the above statement and answer inquiries from members of the Board of Adjustment. Your testimony and any supporting documentation you provide will assist the Board in reaching a determination on your appeal.

Your failure to appear at this hearing, or your failure to reschedule your hearing date, will result in an abandonment of your appeal.

If you need additional information or assistance, please contact the Zoning Office at 622-3666.

Sincerely,

Andrea Gutierrez
Secretary

cc: Ward 21 Alderman John Collins Muhammad
    Neighborhood Stabilization Officer
    Mary Hart Burton, Zoning Administrator
    Robert Hibbs, Associate City Counselor
    Board Members

EXHIBIT
1.3

Richard T. Bradley, P.E.
President

Attest:

Cherise D. Jones
Secretary

# AGENDA

### BOARD OF ADJUSTMENT OF THE CITY OF ST. LOUIS

**Regular Meeting**
**January 15, 2020**
**1:30 p.m.**
**Room 208, City Hall**

1. Call to order.

2. A public hearing to consider each of the following;

**APPEAL #20268** - Appeal filed by Omni Express Healthcare Services, LLC, from the determination of the Building Commissioner in the denial of an occupancy permit to operate an administrative healthcare office, at 6520 Arsenal St., Ste., 223. **WARD 23 #AOP-4493-19 ZONE: "A" - Single Family Dwelling District**

**APPEAL #11274** - Appeal filed by Michael Scott, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to make exterior/interior alterations, per plans (zoning only), at 5500 Oakland Ave. **(cont'd from 10/2/19) WARD 17 #AB-550392-19 ZONE: "G" - Local Commercial and Office District**

**APPEAL #11286** - Appeal filed by Scott Siekert R.A., from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to construct a four (4) car garage, with two (2) apartment units, per plans, at 4439 West Pine Blvd. **(cont'd from 10/23/19) WARD 17 #AB-548364-19 ZONE: "F" - Neighborhood Commercial District**

**APPEAL #11306** - Appeal filed by Vista 2015, LLC, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to construct a single family dwelling, per plans, at 4320 Vista Ave. **WARD 17 #AB-552287-19 ZONE: "B" - Two Family Dwelling District and ZONE: "F" - Neighborhood Commercial District and FPSE-FBC - Neighborhood General Type 3**

**APPEAL #9964** - Revocation Hearing for Taylor Auto Sales from the determination of the Building Commissioner in the revocation

of a use variance with conditions and an occupancy permit, authorizing the Appellant to operate an office and used auto sales business (no repair or painting), at 3001-03 Gravois. **(cont'd from 10/2/19) WARD 6 #AO-494363-11 ZONE: "F" - Neighborhood Commercial District**

**APPEAL #20251** - Appeal filed by West Florissant BP, from the determination of the Board of Public Service in the denial of an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave. **(cont'd from 10/9/19) WARD 21 #BPS-126680 / #AOP-3847-19 ZONE: "G" - Local Commercial and Office District**

3. Deliberations on the above hearings

4. Approval of Written decisions, Findings of Fact and Conclusions of Law from hearngs and deliberations held on January 8, 2020.

In accordance with the provisions of Ordinance 59981, effective July 31, 1986.

By authority of the Board of Adjustment
J. Klitzing, Chairman

# AGENDA

### BOARD OF ADJUSTMENT OF THE CITY OF ST. LOUIS

**Regular Meeting**
**January 22, 2020**
**1:30 p.m.**
**Room 208, City Hall**

1. Call to order.

2. A public hearing to consider each of the following;

**APPEAL #20269** - Appeal filed by Cardinal Imports, from the determination of the Building Commissioner in the denial of an occupancy permit to operate a used car sales office only, no repair, no detailing, at 1100 N. Sarah. **WARD 18 #AOP-4450-19 ZONE: "F" - Neighborhood Commercial District**

**APPEAL #11307** - Appeal filed by K.O. International Group, LLC, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to construct an Alley House, per plans, at 4007R Shaw Blvd. **WARD 8 #AB-552503-19 ZONE: "C" - Multiple Family Dwelling District**

**APPEAL #11308** - Appeal filed by Kaldi's Properties, LLC, from the determination of the Building Commissioner

in the denial of a building permit authorizing the Appellant to paint a mural, per plans, at 3983 Gratiot St. **WARD 17 #AB-552554-19 ZONE: "J" - Industrial District and FPSE-FBC Boulevard Type 2**

**APPEAL #11309** - Appeal filed by Universal Buddhist Congregation, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to install two (2) banner wall signs, per plans, at 4611 S. Grand Blvd. **WARD 25 #AB-552567-19 ZONE: "C" - Single Family Dwelling District**

**APPEAL #20198** - Revocation Hearing for Seandel L. Daniels, from the determination of the Building Commissioner in the revocation of a use variance with conditions, and an occupancy permit authorizing the Appellant to have outside storage of tractor trailers at 2601 University St. **(Cont'd from 10/23/19) WARD 3 #AOP-3093-18 ZONE: "G" - Local Commercial and Office District**

**APPEAL #20056** - Revocation Hearing for Hartmann's Auto Center, Inc., from the determination of the Building Commissioner in the revocation of a use variance with conditions, and an occupancy permit authorizing the Appellant to operate a used auto sales and repair business, with towing at 3301 Sublette Ave. **WARD 10 #AOP-860-16 ZONE: "F" - Neighborhood Commercial District**

3. Deliberations on the above hearings

4. Approval of Written decisions, Findings of Fact and Conclusions of Law from hearngs and deliberations held on January 15, 2020.

In accordance with the provisions of Ordinance 59981, effective July 31, 1986.

By authority of the Board of Adjustment
J. Klitzing, Chairman

# PUBLIC NOTICE

Conditional Use Hearing will be held in Room 208 City Hall at 8:30 a.m. on **Thursday, January 16, 2020.**

**5067 Lindenwood AHO-4586-19-** Aziza Meraj Home Daycare (Home Daycare/ 4 Children) "C" Multiple Family Dwelling District. Sl **Ward 10**

**5328 Goodfellow - #AHO-4613-19-** Lovable Learners Child Care Centers of America (Home Daycare/4 Children) "A" Single Family Dwelling District. Sl **Ward 27**

All labor to be performed under this contract shall be subject to the provisions of Section 290.210 to 290.340, inclusive, of the Revised Statutes of Missouri.

All bidders must regard Federal **Executive Order 11246, "Notice of Requirement for Affirmative Action to Ensure Equal Employment Opportunity"**, the "Equal Opportunity Clause" and the "Standard Federal Equal Employment Specifications" set forth within and referenced at www.stl-bps.org (Announcements).

The right of the Board of Public Service to reject any or all bids is expressly reserved.

By Order of the Board of Public Service,

Richard T. Bradley, P.E.
President

Attest:

Cherise D. Jones
Secretary

---

### City of St. Louis
### Office of the
### Board of Public Service
# REQUEST FOR QUALIFICATIONS (RFQ)
### for
### Professional Engineering Services for Traffic Management Enhancements - Phase 4, St. Louis, Missouri, Project No. CMAQ-9901(656).

Statements of Qualifications due by **5:00 PM CT, JANUARY 10, 2020** at Board of Public Service, 1200 Market, Room 301 City Hall, St. Louis, MO 63103. RFQ may be obtained from BPS website www.stl-bps.org, under On Line Plan Room-Plan Room, or call Board of Public Service at 314-622-3535. 16% DBE participation goals.

---

# AGENDA
### BOARD OF ADJUSTMENT
### OF THE CITY OF ST. LOUIS
### Regular Meeting
### January 8, 2020
### 1:30 p.m.
### Room 208, City Hall

1. Call to order.

2. A public hearing to consider each of the following;

**APPEAL#20266** - Appeal filed by D/B/A Mini Cinema, from the determination of the Building Commissioner in the denial of an occupancy permit to operate a movie theater with a single screen, with up to 60 seats, with a concession stand with popcorn and hotdogs (but no other cooking) and a full drink bar with rear patio (no cooking), at 5228 - 5230 Gravois Ave. **WARD 13 #AOP-4215-19 ZONE: "F" - Neighborhood Commercial District**

**APPEAL #20278** - Appeal filed by Kamal Muhammad, from the determination of the Building Commissioner in the denial of an occupancy permit authorizing the Appellant to operate a meeting hall (no liquor and no cooking), at 2035 Shenandoah **WARD 7 #BPS-127952 / #AOP-3597-19 ZONE: "G" - Local Commercial and Office District**

**APPEAL #20279** - Appeal filed by Broadway Ford Truck Sales, Inc, from the determination of the Building Commissioner in the denial of an occupancy permit to operate a truck repair business, no body work, no painting, with outside storage, at 111 Winnebago Ave. **WARD 20 #AOP-4595-19 ZONE: "J" - Industrial District**

**APPEAL#11305** - Appeal filed by 4001 Investors, LLC. from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to construct a multi-family & commercial building, per plans (zoning only), at 900 S. Sarah St. **WARD 17 #AB-552063-19 ZONE: Forest Park Southeast - FBD Neighborhood Center Type 1 Envelope Standard and Zone "G" - Local Commercial and Office District**

**APPEAL #7764** - Revocation Hearing for St. Louis Motor Company from the determination of the Building Commissioner in the revocation of a use variance with conditions and an occupancy permit, authorizing the Appellant to operate a used auto sales at 2743 Gravois Ave. **(continued from 9/25/19) WARD 6 #AO-171233-99 ZONE: "F" - Neighborhood Commercial District**

**APPEAL #7446** - Revocation Hearing for B Link Auto Sales, from the determination of the Building Commissioner in the revocation of a use variance with conditions and an occupancy permit authorizing the Appellant to operate a used car sales lot at 2719-27 Gravois Ave. **(continued from 9/11/19)** **WARD 6 #AO-123492-97 ZONE: "F" - Neighborhood Commercial District**

3. Deliberations on the above hearings

4. Approval of Written decisions, Findings of Fact and Conclusions of Law from hearings and deliberations held on December 18, 2019.

In accordance with the provisions of Ordinance 59981, effective July 31, 1986.

By authority of the Board of Adjustment
J. Klitzing, Chairman

---

# AGENDA
### BOARD OF ADJUSTMENT
### OF THE CITY OF ST. LOUIS
### Regular Meeting
### January 15, 2020
### 1:30 p.m.
### Room 208, City Hall

1. Call to order.

2. A public hearing to consider each of the following;

**APPEAL#20268** - Appeal filed by Omni Express Healthcare Services, LLC, from the determination of the Building Commissioner in the denial of an occupancy permit to operate an administrative healthcare office, at 6520 Arsenal St., Ste., 223. **WARD 23 #AOP-4493-19 ZONE: "A" - Single Family Dwelling District**

**APPEAL #11274** - Appeal filed by Michael Scott, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to make exterior/interior alterations, per plans (zoning only), at 5500 Oakland Ave. **(cont'd from 10/2/19) WARD 17 #AB-550392-19 ZONE: "G" - Local Commercial and Office District**

**APPEAL#11286** - Appeal filed by Scott Siekert R.A., from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to construct a four (4) car garage, with two (2) apartment units, per plans, at 4439 West Pine Blvd. **(cont'd from 10/23/19) WARD 17 #AB-548364-19 ZONE: "F" - Neighborhood Commercial District**

**APPEAL#11306** - Appeal filed by Vista 2015, LLC, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to construct a single family dwelling, per plans, at 4320 Vista Ave. **WARD 17 #AB-552287-**

19 ZONE: "B" - Two Family Dwelling District and ZONE: "F" - Neighborhood Commercial District and FPSE-FBC - Neighborhood General Type 3

**APPEAL #9964** - Revocation Hearing for Taylor Auto Sales from the determination of the Building Commissioner in the revocation of a use variance with conditions and an occupancy permit, authorizing the Appellant to operate an office and used auto sales business (no repair or painting), at 3001-03 Gravois. **(cont'd from 10/2/19) WARD 6 #AO-494363-11 ZONE: "F" - Neighborhood Commercial District**

**APPEAL #20251 -** Appeal filed by West Florissant BP, from the determination of the Board of Public Service in the denial of an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave. **(cont'd from 10/9/19) WARD 21 #BPS-126680 /#AOP-3847-19 ZONE: "G" - Local Commercial and Office District**

3. Deliberations on the above hearings

4. Approval of Written decisions, Findings of Fact and Conclusions of Law from hearngs and deliberations held on January 8, 2020.

In accordance with the provisions of Ordinance 59981, effective July 31, 1986.

By authority of the Board of Adjustment J. Klitzing, Chairman

# PUBLIC NOTICE

Conditional Use Hearing will be held in Room 208 City Hall at 8:30 a.m. on **Thursday, January 9, 2020.**

**4220 W. Page - #AHO-4598-19-** MJ"s Childcare (Home Daycare/10 Children) "C" Multiple Family Dwelling District. Sl **Ward 4**

**5810 Mimika -** # AHO-4616-19- Dailey Care Daycare (Home Daycare/4 Children) "F" Neighborhood Commercial District. Sl **Ward 27**

**2308 Palm - #** AHO-4622-19- Lynka Davis Home Childcare (Home Daycare/6 Children) "A"-Single Family Dwelling District. Dm **Ward 3**

**2501 N. Grand - #AOP-4610-19-** Grand & Grill (Convenience Store/Cooking/Full Packaged Liquor) "H" Area Commercial District. Sl **Ward 3**

**4010 Gravois - # AOP-4142-19-** Ab-Dalla Store (Convenience Store/Wire Transfer) "G"-Local Commercial and Office District. Sl **Ward 15**

**5623 Leona - #** AOP-4573-19- The Stellar Hog, LLC (Restaurant/Full Liquor/ Outside Seating/Sit Down/Carryout) "F"-Neighborhood Commercial District. Sl **Ward 13**

**2323 S. Jefferson - # AB-553220-19-** Nova Group Inc (Construct Commercial Building/Gas Station/Convenience Store) "F"-Neighborhood Commercial District. Dm **Ward 6**

**4201-29 Lindell - # AB553405-19-** Trivers (Interior Alterations per plans for Hotel/Zoning Only) "H"-Area Commercial District. Eg **Ward 18**

# PUBLIC NOTICE

Conditional Use Hearing will be held in Room 208 City Hall at 8:30 a.m. on **Thursday, January 16, 2020.**

**5067 Lindenwood AHO-4586-19-** Aziza Meraj Home Daycare (Home Daycare/ 4 Children) "C" Multiple Family Dwelling District. Sl **Ward 10**

**5328 Goodfellow - #AHO-4613-19-** Lovable Learners Child Care Centers of America (Home Daycare/4 Children) "A" Single Family Dwelling District. Sl **Ward 27**

**5950 Alpha - #AHO-4632-19-** Linda Fields Day Care (Home Daycare/2 Children) "A"-Single Family Dwelling District. Dm **Ward 27**

**5212 Emerson - #AHO-4629-19-** Quality Control Construction, LLC (Carpentry/Office Use Only) "A" Single Family Dwelling District. Dm **Ward 27**

**2720 N. 14th St - #AOP-4623-19-** Dough Joe's (Commercial Kitchen) "F"-Neighborhood Commercial District. Sl **Ward 5**

**5570 Fyler - #AB-553536-19-** Time Remodeling (Interior/Exterior Alterations for Daycare) "F"-Neighborhood Commercial District. Sk **Ward 23**

**5615-53 Ashland - #AB-553040-19-** MSD (Construct Bio-Retention Cell per plans for Rain Garden) "C"-Multiple Family Dwelling District. Te **Ward 22**

**5614-16 Hebert/5618-36 Hebert - #AB-553041-19-** MSD (Construct Bio-Retention Cell per plans for Rain Garden) "C"-

Multiple Family Dwelling District. Te **Ward 22**

# REQUEST FOR PROPOSAL (RFP)

The Firefighters' Retirement Plan is currently searching for a Core Mid CAP Investment Manager closing **Jan. 23, 2020** at 5 pm est. , and a Core Small CAP Investment Manager closing **Jan. 24, 2020** at 5 pm est. The search is being conducted by the Plan's Investment Manager, Dahab Associates and the RFPs can be found on the Dahab website:

**MID :** https://www.dahab.com/media/rfps/ St.%20Louis%20MCC%202020.docx

**SML:**https://www.dahab.com/media/rfps/ St.%20Louis%20SCC%202020.docx

# DEPARTMENT OF PERSONNEL

## NOTICE OF EXAMINATIONS

The City of St. Louis, Department of Personnel at 1114 Market Street, Room 700, announces competitive Civil Service examinations to fill vacancies in the Municipal Service.

The last date for filing an application for the following examinations is **JANUARY 10, 2020.**

### ATTORNEY II
Prom./O.C. 2852
$65,832 to $98,670 (Annual Salary Range)

### PROGRAM WORKER
(Department of Human Services) (Per Performance)
O.C. 3052
$11.31 (Hourly Salary)

Applications for the following examination will be accepted until a sufficient number are received to fill the anticipated vacancies. Please submit application as soon as possible.

### ELECTRICIAN FOREMAN
Prom./O.C.C. 3053
$52,312 to $69,836 (Annual Salary Range)

Vacation, Holidays, Medical Leave, Social Security, and Employees Retirement System Benefits privileges are provided in



PUBLIC NOTICE

Notice is hereby given that an Appeal from the Building
Commissioner has been made for the purpose of seeking
a permit to: operate a convenience store and gas
station @
            4126 W Florissant Ave.

A public hearing will be held on Wednesday, January 15, 2020
        in Room 208, City Hall at 1:30 p.m.
Ward 21    #BPS-124180/#AOP 3847-19    Appeal # 20257
$500.00 FINE FOR REMOVING OR                Board of Adjustment
DEFACING THIS PUBLIC NOTICE

12/13/2019



12/13/2019



12/13/2019

EXHIBIT F-1



12/13/2019

EXHIBIT E-1



12/13/2019



EXHIBIT
G.1





**Gutierrez, Andrea <gutierreza@stlouis-mo.gov>**

# BP STATION APPEAL #20251
2 messages

---

**Pieces Dream** <dreamandvisions@gmail.com>                     Wed, Jan 8, 2020 at 4:24 PM
To: gutierreza@stlouis-mo.gov

Please advise me if you receive this email.
I would like my statement read and entered into record for my REFUSAL FOR BP STATION TO REMAIN OPEN AT 4126 WEST
FLORISSANT
--
**Amber Cole**
Breath of Life Christian Fellowship Church
and Global Outreach Ministries
Cole Blooded Ministries
Pieces of a Dream, Inc.
314-583-2469
Dreamandvisions@gmail.com



**WARNING:** The information included and/or attached in this electronic mail transmission may contain confidential or privileged information and is intended solely for the addressee(s). Any unauthorized disclosure, reproduction, distribution or the taking of action in reliance on the contents of the information are strictly prohibited. If you have received the message in error, please notify the sender by reply transmission and delete the message without copying, disclosing or forwarding

 **Board of Appropriation BP Station.docx**
20K

---

**Gutierrez, Andrea** <gutierreza@stlouis-mo.gov>                Thu, Jan 9, 2020 at 1:37 PM
To: Pieces Dream <dreamandvisions@gmail.com>

I have received your email. I have printed your email request and the letter and have placed in the file.

Thank you,

*Drea Gutierrez*
*Secretary II*
*City of St. Louis, Board of Adjustment*
*T - 314.622.3666*
*F - 314.552.7617*

[Quoted text hidden]

EXHIBIT
H.1

Amber Cole
2007 East Fair Avenue
21st Ward

January 8, 2020

To Saint Louis City Board of Adjustment:

**Please submit to record.**

I am writing to express my adamant in agreement to not to allow the **BP Gas Station at 4126 West Florissant to remain in business in our community**. Since the beginning of the quest of my community very little improvement has been made.

I am under the impression that a private business owner is liable for two types of negligence in failing to keep the premises safe: In my opinion, The BP Station is:

- A nuisance and negligence arisen from all the illicit and criminal activities on the premises; and

- The BP Station is a nuisance and in negligence that have arisen from a premises defect thus the erosion and the intentional attempted the decade of our community and our next generation which Is our future

When a person is injured as a result of a condition(s) on the premises than any conduct occurring at the time of injury is responsible the harm that imposed on the community and its residents. Because of BP Station failure to improve its condition as ordered/request --- on a consistent manner it has inflected harm of our community (seniors, residents and youth) They should be held liable for their failure to comply. Because of their neglect to provide;

- ongoing security during the timeframe that was advised;
- allowing individuals to conjugate on their parking lot;
- allowing drug sale to be made;
- to continue to sell "Drug paraphernalia" any equipment, product or accessory that is intended or modified for making, using, or concealing drugs (I personally purchased the "A Rose Envelope" $5.00 to not to take someone word and I turned it into an officer.
- solicitation of prostitution: prostitute advertises his or her availability to perform sexual acts for compensation.

As an owner of this business BP Station should be held liable for injuries incurred by reason of the condition of their premises in the absence of negligence or maintenance of a nuisance property that caused injuries of its community members --- **THUS THE O'FALLON COMMUNITY LOCATED IN THE 21ST WARD!!!**

These owners should be held liable of their lack of action(s) for the injuries that they have allowed to happen in this community rather fully or partial. They are providing a disservice to this community which is struggling to maintain ifs character and grander. A business has a duty to exercise reasonable care for our vulnerable citizens. They cannot walk down the street without a dealer or a prostitute approaching them.

We have taken the steps and measure for this business to rectify his behavior with little or any improvement consistently. We have

- **SHOW ADEQUATE REMEDIAL MEASURES** Work with the Police Department to take steps to show adequate remedial measures to reduce, eliminate, or prevent future recurrences of nuisance behavior, such as installing and maintaining security cameras and sufficient lighting around the business and request for PAID security;


- **This business is a CHRONIC NUISANCE BUSINESS, GROSS NUSCIENCE AND NEGLIGENCE IN THIS COMMUNITY IN THEIR RECKLESS BEHAVIOR AND DISREGARD FOR THE SAFETY THAT "THEY" CHOOSE TO RECEIVE THEIR INCOME**
- Their negligence is of such a degree and recurrence as to manifest culpability, wrongful intent, or evil design and appear to show an intentional and substantial disregard of the interests of this community.

**Please consider NOT allowing the BP Station no further CONTINUESOUS AND IMMEDIATED CLOSURE OF this business ---BP STATION LOCATED AT 4126 West Florissant**

*Amber Cole*

*21st Ward Resident*


NOTE: Based on the city records the taxes that are collected does not cover the havoc that is occurring in our community... Police Call, Ambulance, Fire Department, Individuals Overdosing, loss of income, destruction of the family. Loss of a Future Generation... just to name a few.


OWYDAT, MAZEN          Occupancy      04/15/2019                    CONVENIENCE STO      $0.00
                        CONVENIENCE STORE W/GAS STATION (NO CARWASH, NO LIQUOR, NO COOKING)

| | | | | | |
|---|---|---|---|---|---|
| 2019 | $0.00 | $0.00 | $531.36 | $3,175.78 | $3,175.78 | $0.00 |
| 2018 | $0.00 | $0.00 | $519.88 | $3,189.02 | $3,189.02 | $0.00 |
| 2017 | $0.00 | $0.00 | $519.88 | $3,143.25 | $3,143.25 | |

# MacArthur Moten, P.C.

**ATTORNEYS AT LAW**
SUITE 200
3920 LINDELL BLVD.
ST. LOUIS, MISSOURI 63108

*EXHIBIT*
*I 1*

**MACARTHUR MOTEN
* STEVE D. BROOKS

of Counsel
*JENNIFER H. FISHER

TELEPHONE:
(314) 645-9500
(314)-535-2948
FAX: (314) 645-9504

LICENSED TO PRACTICE IN
**MISSOURI/ILLINOIS
*MISSOURI
lawoffices1011@gmail.com
www.macarthurmoten.com

## TELEFAX COVER SHEET

DATE: **1-14-2020**

TOTAL PAGES: **4** (INCLUDING COVER)

TO: COMPANY **ST. LOUIS BD OF ADJUSTMENT**

    ATTENTION **ANDREA**

    FAX NUMBER **314-552-7617**

FROM: **STEVE D. BROOKS**

RETURN FAX NUMBER: (314) 645-9504

Please call **JACKIE** at (314)645-9500, if you have any difficulty receiving this fax or do not receive the correct number of pages.

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us by telephone immediately and return the original facsimile to us or return to the above address by way of the U.S. Postal Service.

Contents:

EXHIBIT

$\underline{I \cdot 1}$

# MacArthur Moten, P.C.
## ATTORNEYS AT LAW
SUITE 200
3920 LINDELL BLVD.
ST. LOUIS, MISSOURI 63108

**MACARTHUR MOTEN
* STEVE D. BROOKS

of Counsel
*JENNIFER H. FISHER

-----------------
TELEPHONE:
(314) 645-9500
(314)-535-2948
FAX: (314) 645-9504

LICENSED TO PRACTICE IN
**MISSOURI/ILLINOIS
*MISSOURI
macarthurmoten@att.net
www.macarthurmoten.com

January 14, 2020

St. Louis Board of Adjustment
c/o Andrea
City Hall
1200 Market Street
St. Louis, MO 63103-2806

RE:    Our client: Owydat Mazen
West Florrisant BP
4126 W. Florrisant Avenue

Dear Andrea:

It is my impression that a hearing was held on October 9, 2019, and my client
fully participated. A subsequent hearing is set for tomorrow at 1:30 pm. Please be
advised that we once again request that this hearing be continued pending receipt of the
document pursuant to our sunshine request (see Exhibit 1). We have made timely
requests for documents both formally and informally, to no avail.

If further elaboration is required, please advise.

Yours Very Truly,

STEVE D. BROOKS
Attorney at Law

## STLOUIS-MO✦GOV
Mayor Lyda Krewson

# File a Request for Public Records

Make a Sunshine Request.

## Step 4 of 4: Confirmation

| |
|---|
| Your sunshine request was successfully submitted |

## Request Overview

Service Request (SR)ID:                    1273110

Location:                                  4126 W. Florissant A V

Request Initiated:                         09/27/2019 11:03AM

Dept To Receive SR:                        Sunshine Law Coordinator,

Dept Response Due By:                       10/02/2019

## Contact Information

Business/Organization Name:       MacArthur Moten, P.C.

First Name:                       Steve

Last Name:                        Brooks

Email:                            Lawoffice1011@gmail.com

Address:                          3920 Lindell suite 200 St. Louis, Mo, 63108

Apt:                              N/A

Daily Phone:                      (314) 645-9500

Home Phone:                       N/A

# Request Details

## Description and items requested

Please provide all records including but not limited to photos, written complaints, Inspection summaries and any other documents that formed the basis of the denial of West Florissant BP's application for occupancy on or about June 18, 2019.

11:26 Jan 15th, 2020    Exhibit A 1
2

# Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 8th 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

| | Name | Address | Date |
|---|---|---|---|
| 1. | Mshirl Greg | 4656 Fair Av. | Jan, 2020 |
| 2. | Lisa Lytle | 4607 Maxxave | 1/7/2020 |
| 3. | Barbara Wilbert | 4410 Holly | 1-7-2020 |
| 4. | STEVE B SIMPSON | 11 HENRIETTA | 1.7.2020 |
| 5. | I V BROWN | 4605 Lee | 1-7-2000 |
| 6. | Gwendolyn Smith | 1915 E Thon | 1-7-2000 |
| 7. | Jerry Rodgers | 4547 Chamberlin | 1-7-2020 |
| 8. | Queen E Schula | 2149 Warne | 1-7-2020 |
| 9. | Ardell mcmorris | 4917 margetta ave | 1-7-2020 |
| 10. | Kenny Mood | 4466 N Taylor | 26 1-7-517 |
| 11. | Jennifer Jones | 4627 Shirley | 1-7-20 |
| 12. | Jimmie Greg | 5330 Ruskin | 1-7-20 |
| 13. | Xenepher F. Wiley | 1115 East Obear | 1-7-20 |
| 14. | Ben Allen | 4416 Rick | 1-7-20 |
| 15. | Edna Smith | 4668 Pope | 1-7-2020 |

EXHIBIT

J.1

# Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

| # | Name | Address | Date |
|---|------|---------|------|
| 16. | Rosa Sims 5534 Emerson St. Louis MO 63120 | 5534 Emerson St. Louis MO 63120 | January 2020 |
| 17. | Charles Howell | 4847 Wabada 63113 | Jen - 7 - 20 |
| 18. | Zachary Bigelow | 404, St. Louis 20 | 1/7/20 |
| 19. | Jessie Edwards | 5827 Era St. Louis mo 63147 | 1/7/20 |
| 20. | D'Angelo Tucker | 3111 marnice PL | 1/7/20 |
| 21. | (illegible) | 3620 leeward | 1/7/20 |
| 22. | Shawna Gavin | | 1-7-20 |
| 23. | Willie Berry | 3620 Leeward | 1-7-20 |
| 24. | Maxine Walker | 4962 Theodore | 1-7-20 |
| 25. | Penny m. Elliott | | 1-7-2020 |
| 26. | Michael L Harris | 4521 Clarence | 1-7-2020 |
| 27. | Kenya Lewis | 5356 N. Kingshighway | 1-7-2020 |
| 28. | Sheila Bass 073 May Clayton 5096 | 5096 May Clayton | 1-7-2020 |
| 29. | Doris P. Preston | 2021 E. Fair Ave. | 1-7-20 |
| 30. | Roberta Johnson | 2019 E. Fair 63107 | 1-7-20 |
| 31. | (illegible) | 2648 East (illegible) | 1-7-2020 |

**Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25,** [18th written above] **2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.**

| # | Name | Address | Date |
|---|------|---------|------|
| 32. | Jeraline Hopkins | 4406 Fair Ave | 1·7·2020 |
| 33. | Phillip Bowden | 4411 Fair Ave | 1·7·2020 |
| 34. | Ra[...]ville | 4461 Lotus Ave St Louis 63113 | 1·7·2K20 |
| 35. | LaRon Luellen | 4410 Pereravance | 1-7-2020 |
| 36. | Michael Fearce | 4512 Fair Ave | 1/7/20 |
| 37. | Elmer A Smith | 4560 Harris | 1/7/20 |
| 38. | Catherine Clark | 4547 Harris | 1/7/20 |
| 39. | Deshawn watson | 4615 Dope | 17 20 |
| 40. | Michael Austin | 4555 Athlone | 1-7-20 |
| 41. | Leonard Fue | 4508 Athlone | 1-7-20 |
| 42. | Diana Wenzo | 4005 Lexington | 1-8-2020 |
| 43. | Loretta Williamson | 1023 Penness | 1-8-20 |
| 44. | Pearline McDaniel | 508 Claxton | 1-8-2020 |
| 45. | Tony [...] | 1242 [...] | '' |
| 46. | Jo Parker | 1160 Fair | |
| 47. | Myron Jones | [...]-1-8-20 2161 East Fair [...] | 1-8-20 |

# Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

| # | Name | Address | Date |
|---|------|---------|------|
| 48. | Florine Thompson | 4509 A Fair Ave. 63115 | 1-7-2020 |
| 49. | Adrienne T Latham | 4556 Adelaide Av | 1-8-2020 |
| 50. | Darrian Latham | 4556 Adelaide Ave | 1-8-2020 |
| 51. | CAROLYN WAShington | 4111 W. Florissant | 1-8-2020 |
| 52. | CHARLIE WASHINGTON | 4111 W FLORISSANT | 1-8-20-20 |
| 53. | Caroline Orr | 4236 W. Florissant | 1/9/2020 |
| 54. | CARL WILSON | 4550 RedBud | 1/9/2020 |
| 55. | BERTHA WILSON | 4550 RedBud | 1/9 2020 |
| 56. | Kazia Steele | 4516 A Red Bud | 1/9/2020 |
| 57. | JOHN BRUMMER | 4506 RED BUD | 1/9/2020 |
| 58. | Freddie Jackson | 4515 Red Bud | 1-9-2000 |
| 59. | Kathy Coleman | 4515 RedBud | 1-9-2020 |
| 60. | Angela meeks | 4519 RedBud | 1.9.2020 |
| 61. | Barbara Clark | 4530 RedBud | 1-9-2020 |
| 62. | Melissa Boyce | 4556 Fair A | 1-9-2020 |
| 63. | Darly Newsome | 4563 Fair Ave A | 1/11/19 |

**Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.**

| # | Name | Address | Date |
|---|------|---------|------|
| 64. | Shameka Meeks | 4579 Red Bud | 1·9·2020 |
| 65. | LOUISE BRUMMER | 4506 REDBUD | 1/9/20 |
| 66. | Alli Thomas | 4502 Fair Ave | 1-9-20 |
| 67. | Dorothy Clark | 4559 Fair | @ 1-11-20 |
| 68. | Cynthia Kennedy | 4516 Red Bud | 1/9/20 |
| 69. | | 4577 Fair | 1-11-2020 |
| 70. | | 4517 Fair | 1/11/2020 |
| 71. | Linda Jones | 4517 Fair | 1/11/2020 |
| 72. | Leroy Sanders | 4531 Fair | 1/11/2020 |
| 73. | Ticharwa Masimba | 4535 Fair Ave | 1/11/2020 |
| 74. | Brandi Arrington | 4535 Fair Ave | 1/11/20 |
| 75. | Mariah Palmer | 4517 Fair Ave | 1/11/20 |
| 76. | LAURA JONES | 4549 Fair | 1-11-20 |
| 77. | Robyn John | 2514 Ada | 1-11-20 |
| 78. | Steve Palmer Jr | 2040 Adelaide | 1-11-20 |
| 79. | | 2044 Adelaide | 1-11-20 |

**Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 18th 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.**

| # | Name | Address | Date |
|---|------|---------|------|
| 80. | Je K. luth | 4556 Adelaide Av | 1-11-2020 |
| 81. | Barbara M Scales | 4702 LEE 63115 | 1-11-2020 |
| 82. | Barbara Lane | 1900 E Adelaide | 1-12-2020 |
| 83. | Maria Buanone | 2106 EAst Alice | 1-12-2020 |
| 84. | Tomah Alley | 2106 E Alice | 1-12-00 |
| 85. | Shirley Everitt | 4540 Red Bud | 1-12-2020 |
| 86. | Joe Stewart | 2116 E Fair | 1-12-2020 |
| 87. | Sharon Stewart | " " | 1-12-2020 |
| 88. | Jonnie Casey | " " | 1-12-2020 |
| 89. | Eula Dee | 2105 EAST FAIR | 1-12-2020 |
| 90. | R Henson | 2107 E. FAIR | 01-12-2020 |
| 91. | VESS Evans | 2114 E. FAIR | 1/12/20 |
| 92. | Keith Smith | 2114 E. Fair | 1/12/20 |
| 93. | Monica Henson RTH | 2111 East Fair | 1-12-20 |
| 94. | Renard Henson | 2111 East Fair | 1-12-20 |
| 95. | Teresa Goodwin | 2102 E Fair Ave | 1-12-20 |

## Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

| # | Name | Address | Date |
|---|------|---------|------|
| 96. | M. P. Ant | 2122 E. Fair Ave | 1-12-2020 |
| 97. | Denetruy Gilso | 2122 Fair | 1-15-2020 |
| 98. | Eriel Bowling | 4548 Fair | 1-12-2020 |
| 99. | Allison Richardson | 4548 Fair | 1-12-2020 |
| 100. | Katherine Hennis | 4556 Fair | 1-12-2020 |

## Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

| | Name | Address | Date |
|---|---|---|---|
| 1. | Mary G. Harris | 7556 Fair ave | 01-12-20 |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |
| 14. | | | |
| 15. | | | |

<u>Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.</u>

| | Name | Address | Date |
|---|---|---|---|
| 1. | York Hutchens | 4114 Greenlea | 1-7-20 |
| 2. | Donald Wells | 4209 Fair | 1-8-20 |
| 3. | Kimberly-Ann Collins | 4217 Clay Ave | 1-8-20 |
| 4. | Duane White | 4135 Athlone | 1-12-20 |
| 5. | Herdosia Bentum | 4207 College | 1-15-20 |
| 6. | Steve Brock | 2108 E Alice | 1-15-20 |
| 7. | Alicia Murphy | 4547 Alice | 1-15-2020 |
| 8. | Kevin Johnson | 4540 Aquinig E | |
| 9. | Kerri Stewart | 4561 Alice | 1-15-2020 |
| 10. | A | 4560 Alice | |
| 11. | Lay Miller | 4543 Alice | 1-15-2020 |
| 12. | McAbel, Donald | 4533 Alice | 1-15-2020 |
| 13. | Loretta Evans | 4532 Alice | 1-15-2020 |
| 14. | Monica Stone | 4455 Harris | 1-15-2020 |
| 15. | Robert Jones | 4426 Harris | 1-15-2020 |

**Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.**

18th

| | | | |
|---|---|---|---|
| 16. | *[signature]* 4/24 Harris 1/15/20 | | |
| 17. | Gerald Hassan Merriman | | |
| 18. | Herman Axel | | |
| 19. | Jaye Union 4537 Harris | | |
| 20. | Luther Burden | 4537 Harris | |
| 21. | Shamayne Campbell | 4527 Harris | |
| 22. | Maria Owens Thomas | 4527 Harris | |
| 23. | Willie A. Thomas | 4567 Harris | |
| 24. | Stephen Owens | 4567 Harris | |
| 25. | Marva Robertson | 4567 Harris | |
| 26. | Magshré Owens | 4567 Harris | |
| 27. | Gloria Brookins | 4567 Harris | |
| 28. | *[signature]* | 4540 Harris | |
| 29. | Cynthia Patrick | 4531A Harris | |
| 30. | LaRue Jarrell | 4528 Harris | |
| 31. | *[signature]* | 4528 Harris | |

## Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

18th

| | | |
|---|---|---|
| 32. | Cyrus Patterson | 4427 Harris |
| 33. | Devonte Jiles | 4427 Harris |
| 34. | Kamiron Graham | 4427 Harris |
| 35. | Roth Neele | 4188 Sacramento Ave 63115 |
| 36. | Tawana Bundy | 4411 Carr Ave |
| 37. | Barbara Hall | 2026 E. Adelaide |
| 38. | Geneva Richerson | 2044 E. Adelaide |
| 39. | Jessie Burnley | 2137 E Adelaide |
| 40. | Don Handley | 2013 E Hebe 63108 |
| 41. | Cara Johnson | |
| 42. | Lindell Bundy | |
| 43. | Keith Spruce | |
| 44. | Johnny Brace | |
| 45. | Lorenzo Ivory | |
| 46. | Ella Patterson | |
| 47. | Beth Wilson | |

# Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

| | | |
|---|---|---|
| 48. | | |
| 49. | | |
| 50. | | |
| 51. | | |
| 52. | | |
| 53. | | |
| 54. | | |
| 55. | | |
| 56. | | |
| 57. | | |
| 58. | | |
| 59. | | |
| 60. | | |
| 61. | | |
| 62. | | |
| 63. | | |

# Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

| | | | |
|---|---|---|---|
| 64. | | | |
| 65. | | | |
| 66. | | | |
| 67. | | | |
| 68. | | | |
| 69. | | | |
| 70. | | | |
| 71. | | | |
| 72. | | | |
| 73. | | | |
| 74. | | | |
| 75. | | | |
| 76. | | | |
| 77. | | | |
| 78. | | | |
| 79. | | | |

# Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

| | | | |
|---|---|---|---|
| 80. | | | |
| 81. | | | |
| 82. | | | |
| 83. | | | |
| 84. | | | |
| 85. | | | |
| 86. | | | |
| 87. | | | |
| 88. | | | |
| 89. | | | |
| 90. | | | |
| 91. | | | |
| 92. | | | |
| 93. | | | |
| 94. | | | |
| 95. | | | |

# Supporters of City of St. Louis, Board of Adjustment's (BOA) June 25, 2019 ruling DENYING 4126 W. Florissant, BP Gas Station (Store/Gas Station) occupancy/operations AND Requesting (BOA) to Deny Future Applicant Requests For Extensions and/or Continuances.

| | | |
|---|---|---|
| 96. | | |
| 97. | | |
| 98. | | |
| 99. | | |
| 100. | | |

Enter ID# K. I

*Handwritten:* XEROR police call for 426 2017-2019 Exhibit B

| Main | Events | Units | Messages | Lineups | Inquiry | Configure |

Event Search Results ( 515 Returned)

Show 100 ▾ Entries

• All Events ▾

EventsFrom10/14/17 – 10/14/19

| Agency | DGroup | Date/Time | Event | Type | Subtype | Dispo | Case Number | Primary Unit | Location | Status | Priority | Area | PrimaryEmployeeId | District |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SLMPD | DIST6 | 11/22/18 19:46:06 | | FIGHT | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 8785 | 6 |
| SLMPD | DIST6 | 11/23/18 00:48:53 | | DIST | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 8800 | 6 |
| SLMPD | DIST6 | 11/23/18 01:20:16 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 8800 | 6 |
| SLMPD | DIST6 | 11/23/18 04:38:48 | | DIST | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 8800 | 6 |
| SLMPD | DIST6 | 11/28/18 23:59:03 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 8800 | 6 |
| SLMPD | DIST6 | 11/30/18 07:42:57 | | DIST | | G | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11670 | 6 |
| SLMPD | DIST6 | 11/30/18 08:52:20 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 12/01/18 23:51:35 | | SUSPP | | G | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 6459 | 6 |
| SLMPD | DIST6 | 12/02/18 01:30:49 | | DIST | | G | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 6519 | 6 |
| SLMPD | DIST6 | 12/04/18 03:16:16 | | BINT | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | | 68 | | 6 |
| SLMPD | DIST6 | 12/04/18 09:09:59 | | 52 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 8785 | 6 |
| SLMPD | DIST6 | 12/05/18 00:05:02 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 12/05/18 01:02:09 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | NPD | 12/05/18 10:35:53 | | 52 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 12/07/18 00:26:33 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11550 | 6 |
| SLMPD | DIST6 | 12/07/18 00:41:51 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11692 | 6 |
| SLMPD | DIST6 | 12/08/18 00:47:05 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 12/09/18 17:33:49 | | DIST | | G | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 6933 | 6 |
| SLMPD | DIST6 | 12/11/18 03:57:39 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 12/11/18 06:26:33 | | SUSPO | | G | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11685 | 6 |
| SLMPD | DIST6 | 12/11/18 13:25:29 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11698 | 6 |
| SLMPD | DIST6 | 12/11/18 14:32:37 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11698 | 6 |
| SLMPD | DIST6 | 12/11/18 16:47:59 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11698 | 6 |
| SLMPD | DIST6 | 12/11/18 18:06:46 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |

| Agency | Dumup | Date Time | Event | Type | Subtype | Dispo | Case Number | Primary Unit | Location | Status | Priority | Area | Person/Employee ID | District |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SLMPD | DIST6 | 12/11/18 20 59 10 | | 28 | | | | | 4126 W FLORISSANT AVE CITY B/M BLK PANTS GRAY JACKET | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 12/12/18 19:49:29 | P18142210?8 | DIST | | N | | 3422 | 4126 W FLORISSANT AVE CITY; SHELL STATION | Closed - Assigned | 2 | 68 | 11640 | 6 |
| SLMPD | DIST6 | 12/15/18 03 28 49 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed Assigned | 9 | 68 | 8800 | 6 |
| SLMPD | DIST6 | 12/16/18 01 57 57 | | CFPHELP | | U | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11733 | 6 |
| SLMPD | DIST6 | 12/18/18 14 38 19 | | CFPOPEN | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 3 | 68 | 11591 | 6 |
| SLMPD | DIST6 | 12/19/18 09:07:44 | P18170849 | DIST | | N | | 765 | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 8785 | 6 |
| SLMPD | DIST6 | 12/20/18 01 13 26 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 8166 | 6 |
| SLMPD | DIST6 | 12/21/18 01 13 15 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed Assigned | 9 | 68 | 11692 | 6 |
| SLMPD | DIST6 | 12/21/18 03 54 39 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 12/21/18 04:34:39 | P181210143 | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 12/22/18 18:49:39 | P1812225606 | DOWN | ASSNCASE | | C18060409 | 7632 | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 3 | 68 | 11491 | 6 |
| SLMPD | SODD | 12/22/18 20 19 13 | | ETU | CANCELEV | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 4 | 68 | | 6 |
| SLMPD | DIST6 | 12/23/18 22 16 36 | | DIST | | N | | 3622 | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11491 | 6 |
| SLMPD | DIST6 | 12/24/18 01 11 29 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 12/26/18 00:25:55 | | CFPHELP | | N | | 678 | 4126 W FLORISSANT AVE CITY | Closed Assigned | 2 | 68 | 11392 | 6 |
| SLMPD | DIST6 | 12/28/18 06 34 47 | | DIST | | G | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11699 | 6 |
| SLMPD | DIST6 | 12/29/18 00 43 13 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 12/29/18 20:32:33 | | FIRE | | O | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 3 | 68 | 11732 | 6 |
| SLMPD | DIST6 | 12/30/18 23:48:33 | P181290006 | 29 | | N | | 9622 | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/02/19 04 27 12 | | CFPHELP | ASSNCASE | | C19000178 | 9622 | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/03/19 00 13 17 | | 52 | | N | | | 4126 W FLORISSANT AVE CITY | Closed Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/03/19 23 57 02 | | 52 | | N | | | 4126 W FLORISSANT AVE CITY | Closed Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/04/19 03 31 13 | | DIST | | G | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/07/19 14 07 23 | | DIST | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11699 | 6 |
| SLMPD | DIST6 | 01/07/19 22 27 23 | | DIST | | G | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11733 | 6 |
| SLMPD | DIST6 | 01/09/19 00 25 54 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |

| Agency | DGroup | Date/Time | Event | Type | Subtype | Dispo | Case Number | Primary Unit | Location | Status | Priority | Area | Primary Employeeld | District |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SLMPD | DIST6 | 01/10/19 00:35:29 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | SODD | 01/10/19 12:07:30 | | INVEST | ASSNCASE | | C19001582 | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 7993 | 6 |
| SLMPD | DIST6 | 01/11/19 00:24:38 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/13/19 00:02:08 | | 52 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/14/19 03:32:09 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/15/19 02:27:54 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 8800 | 6 |
| SLMPD | DIST6 | 01/16/19 16:07:16 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 01/17/19 00:10:19 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11688 | 6 |
| SLMPD | DIST6 | 01/17/19 02:57:45 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11132 | 6 |
| SLMPD | DIST6 | 01/18/19 01:23:32 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11568 | 6 |
| SLMPD | DIST6 | 01/18/19 23:57:40 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11568 | 6 |
| SLMPD | DIST6 | 01/19/19 00:55:46 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11392 | 6 |
| SLMPD | DIST6 | 01/19/19 23:52:42 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/22/19 03:07:27 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 01/23/19 03:04:15 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 01/24/19 08:15:45 | | DIST | G | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11698 | 6 |
| SLMPD | DIST6 | 01/25/19 01:24:23 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11568 | 6 |
| SLMPD | DIST6 | 01/25/19 22:21:51 | | SUSPO | G | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 4875 | 6 |
| SLMPD | DIST6 | 01/27/19 01:41:28 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11640 | 6 |
| SLMPD | DIST6 | 01/28/19 00:52:43 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 01/29/19 00:29:39 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 02/05/19 04:15:21 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11568 | 6 |
| SLMPD | DIST6 | 02/06/19 00:45:52 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 02/06/19 00:50:06 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11392 | 6 |
| SLMPD | DIST6 | 02/07/19 01:51:25 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11568 | 6 |
| SLMPD | DIST6 | 02/08/19 00:26:03 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 02/08/19 07:35:53 | | DIST | N | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11723 | 6 |
| SLMPD | DIST6 | 02/08/19 10:18:04 | | INVEST | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |

| Agency | Dgroup | Date Time | Event | Type | Subtype | Dispo | Case Number | Primary Unit | Location | Status | Priority | Area | PrimaryEmployeeId | District |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SLMPD | DIST6 | 02/09/19 02:08:22 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 02/09/19 11:09:07 | | INVEST | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 3784 | 6 |
| SLMPD | DIST6 | 02/11/19 05:07:06 | | FIGHT | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11132 | 6 |
| SLMPD | DIST6 | 02/14/19 13:48:03 | | 27 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 02/16/19 05:06:55 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11392 | 6 |
| SLMPD | DIST6 | 02/16/19 21:11:18 | | DIST | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11760 | 6 |
| SLMPD | DIST6 | 02/17/19 05:11:59 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11392 | 6 |
| SLMPD | NPD | 02/17/19 17:16:34 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11670 | 6 |
| SLMPD | DIST6 | 02/17/19 18:07:44 | | DIST | | G | | | 4126 W FLORISSANT AVE CITY BP GAS STATION | Closed - Assigned | 2 | 68 | 11329 | 6 |
| SLMPD | DIST6 | 02/19/19 02:02:27 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 02/20/19 03:39:58 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11431 | 6 |
| SLMPD | DIST6 | 02/22/19 09:04:55 | | 52 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 02/22/19 09:04:56 | | 52 | | DUPNCAN | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | DIST6 | 02/23/19 03:36:09 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11738 | 6 |
| SLMPD | DIST6 | 02/23/19 06:04:57 | | SUSPP | | G | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 2 | 68 | 11738 | 6 |
| SLMPD | DIST6 | 02/24/19 05:11:01 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11431 | 6 |
| SLMPD | DIST6 | 02/25/19 06:33:19 | | DIST | | G | | | 4126 W FLORISSANT AVE CITY BP | Closed - Assigned | 2 | 68 | 11379 | 6 |
| SLMPD | DIST6 | 02/25/19 07:55:46 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11764 | 6 |
| SLMPD | DIST6 | 02/25/19 09:10:29 | | 29 | | | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | | 6 |
| SLMPD | NPD | 02/25/19 11:49:43 | | 28 | | | | | 4126 W FLORISSANT AVE CITY | Closed | 9 | 68 | | 6 |
| SLMPD | DIST6 | 02/26/19 02:32:04 | | 29 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 11431 | 6 |
| SLMPD | DET1 | 02/26/19 12:29:13 | | 52 | | N | | | 4126 W FLORISSANT AVE CITY | Closed - Assigned | 9 | 68 | 3409 | 6 |

Page 3 of 6 pages

First   Prev   2   3   4   Next   Last



# Board of Adjustment

City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103

October 23, 2019

West Florissant BP
c/o Owydat Mazen
2931 Pinery Point
St. Louis, MO  63129

**RE: Board of Adjustment Appeal #20251**
**4126 W. Florissant Ave.**

Attached are the proceedings and decision of the Board of Adjustment regarding the above referenced appeal number.

Sincerely,

Mary Hart Burton

Mary Hart Burton
Zoning Administrator

MHB/ag

attachment



# Board of Adjustment
City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103

October 9, 2019

West Florissant BP
c/o Owydat Mazen
2931 Pinery Point
St. Louis, MO  63129

**RE:  Board of Adjustment Appeal #20251**
**#BPS-126680 and #AOP-3847-19**
**4126 W. Florissant Ave.**

Dear Mr. Mazen,

On October 9, 2019, the Board of Adjustment of the City of St. Louis heard Appeal No. 20251, pursuant to Section 26.84.040 of the Zoning Code, concerning the Board of Public Service decision to deny the Appellant an occupancy permit to operate a convenience store and gas station, at 4126 W. Florissant Ave.

The Board was presented with a fax letter from the Appellants attorney, requesting a continuance of the hearing.  Chairman Klitzing made a motion to grant a continuance. Board Member Parsley seconded the motion.  The motion was passed by unanimous vote of the Board.  This Appeal will be rescheduled for a later date.

If you have any questions relative to this issue, you may contact Ms. Gutierrez at 314.622.3666.

Respectfully,

Andrea Gutierrez
Secretary

cc:    Ward 21 Alderman John Collins Muhammad
       Neighborhood Stabilization Officer
       Zoning Plan Examiners
       Zoning Inspector
       Cultural Resources
       Mary Hart Burton, Zoning Administrator
       Don Roe, PDA
       Building Permits
       Business Assistance Center
       License Collector





EXHIBIT

C

# Occupancy Permit

**Occupancy Inspection At: 4126 W FLORISSANT AV**
**AKA: 4126 W FLORISSANT AV**
**Tracking Number: AOP-3847-19**

☒ Send Message

## Occupancy Details

| Scheduled Date: 4/22/2019 |
| --- |
| Current Result: Major Violations |

## Inspector Routing

| Include | Department | Inspector | Contact Number | Current Result | Inspection Detail |
| --- | --- | --- | --- | --- | --- |
| | Zoning | Boyd, Sylvia | (314) 622-3666 | Deny | BPS Denied |
| | Building | Hansen, Matthew | (314) 641-8237 | Issue Permit | No Pending Action |
| | Electrical | Williamson, Tim | (314) 622-4349 | Issue Permit | No Pending Action |
| | Mechanical | King, Ron | (314) 589-6049 | Issue Permit | No Pending Action |
| | Plumbing | McAnany, Terry | (314) 589-6213 | Issue Permit | No Pending Action |
| | Fire Safety | N/A | N/A | N/A | N/A |
| | Disability | N/A | N/A | N/A | N/A |
| | Air Pollution | Arrighi, Jeanine | (314) 657-1507 | Referred to MO DNR | No Pending Action |
| | Board of Public Service | Miller, Sonya | (314) 622-4650 | Denied | BPS Denied |

| Address | Details | Inspections | Zoning | Air Pollution | Audit | Documents | Notes 1 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Transactions | | | | | | | |

## Address

| Project Address: 4126 W FLORISSANT AV |
| --- |
| AKA Address 4126 W FLORISSANT AV |

## Address Detail

| Ward: | Precinct: | District: | Sub District: | City Block: | Neighborhood: | Neighborhood #: |
| --- | --- | --- | --- | --- | --- | --- |
| 21 | 2 | 15 | 31 | 3547.00 | O'Fallon | 68 |
| Zoning Overlay | Planned Unit | | Community Unit | | Form Based | Special Use |

Districts      Development: No     Plan: No      District: No     District: No

Zoning District(s): (G) Local Commercial and Office District

## Address Owner / Occupant

## Owner Information

Name: * OWYDAT, MAZEN
Contact Name:
Phone: (314) 761-9856
Email:

Address: * 2931 PINEY POINT
City: * ST LOUIS
State: * MO
Zip: * 63129

## Occupant Information

Company: * WEST FLORISSANT BP
Name: * OWYDAT, MAZEN
Phone: (314) 761-9856
Email:

Address: * 4126 WEST FLORISSANT AV
City: * ST LOUIS
State: * MO
Zip: * 63115

## Correspondence Information

Company: * WEST FLORISSANT BP
Name: * OWYDAT, MAZEN
Phone: (314) 761-9856
Email:

Address: * 4126 WEST FLORISSANT AV
City: * ST LOUIS
State: * MO
Zip: * 63115

## Contact Information

## Additional Contacts

Name: SALEH ALKHAFAJI
Phone: (314) 398-3885
Email:

EXHIBIT
C

## Preferred Contact Method

Printed correspondence

\* All email addresses entered on this page will be copied on city communications.



# Occupancy Permit

**Occupancy Inspection At: 4126 W FLORISSANT AV**
**AKA: 4126 W FLORISSANT AV**
**Tracking Number: AOP-3847-19**

⊠ Send
Message

## Occupancy Details

| Scheduled Date: 4/22/2019 |
| --- |
| Current Result: Major Violations |

## Inspector Routing

| Include | Department | Inspector | Contact Number | Current Result | Inspection Detail |
| --- | --- | --- | --- | --- | --- |
| | Zoning | Boyd, Sylvia | (314) 622-3666 | Deny | BPS Denied |
| | Building | Hansen, Matthew | (314) 641-8237 | Issue Permit | No Pending Action |
| | Electrical | Williamson, Tim | (314) 622-4349 | Issue Permit | No Pending Action |
| | Mechanical | King, Ron | (314) 589-6049 | Issue Permit | No Pending Action |
| | Plumbing | McAnany, Terry | (314) 589-6213 | Issue Permit | No Pending Action |
| | Fire Safety | N/A | N/A | N/A | N/A |
| | Disability | N/A | N/A | N/A | N/A |
| | Air Pollution | Arrighi, Jeanine | (314) 657-1507 | Referred to MO DNR | No Pending Action |
| | Board of Public Service | Miller, Sonya | (314) 622-4650 | Denied | BPS Denied |

**Address**    **Details**    **Inspections**    **Zoning**    **Air Pollution**    **Audit**    **Documents**    **Notes  1**

**Transactions**

Status: 16 - CU: BPS Denied

**Results**    **Documents**    **Notes**    **Conditional Use**    **Board of Public Service**

## Notes

| Note | Created By | Created Date |
| --- | --- | --- |
| There are no notes to display. | | |

## Uploads

| Type | Created By | Created Date |
|------|-----------|--------------|

There are no documents to display for this inspection type.

No images have been uploaded for this inspection.

## Conditions

| Condition | Created By | Created Date |
|-----------|-----------|--------------|
| Denial. The use will be detrimental to the public health, safety, morals, or general welfare. | Boyd, Sylvia | 6/18/2019 1:34:43 PM |

## Hearing Results

BPS Number: 126680
Result: Denied

| Result | Created By | Created Date | |
|--------|-----------|--------------|---|
| Denied | Miller, Sonya | 6/25/2019 10:27 AM | Accepted: 6/25/2019 10:27 AM |

Save



EXHIBIT
C



LYDA KREWSON
MAYOR

# *City of St. Louis*
## OFFICE OF THE SECRETARY
1200 MARKET STREET, ROOM 300
ST. LOUIS, MISSOURI 63103-2806
PHONE NO.: (314) 622-4650 OR (314) 622-4627
Fax No.: (314) 589-6598



RICHARD T. BRADLEY, P.E.
PRESIDENT

June 18, 2019

West Florissant BP
Owydat Mazen
2931 Pinery Point
St Louis MO 63129

EXHIBIT
C

Dear Mazen:

At its meeting of June 18, 2019, the Board of Public Service voted to Deny Approval of Application No. 126680, West Florissant BP c/o Owydat Mazen, to occupy 4126 West Florissant as a convenience store with a gas station by reason of the fact that use will be detrimental to the public health, safety, morals, or general welfare.

Should you feel aggrieved in our decision you may appeal this denial within 30 calendar days of the date of this notice to Board of Adjustment, Room 400, City Hall. For convenience there is included with this notice, an application for appeal.

If you have questions relating to procedures on the appeal, please contact the Zoning Office at (314) 622-3666.

cc:     Zoning
        Don Roe
        Business Assistance Center
        NSO
        License Collector
        Alderman John Collins-Mohammad
        Files

Yours truly,

Cherise D. Jones, Secretary
Board of Public Service

# MACARTHUR MOTEN, P.C.
### ATTORNEYS AT LAW
3920 LINDELL BLVD.
SUITE 200
ST. LOUIS, MISSOURI 63108

**MACARTHUR MOTEN
* STEVE D. BROOKS

of Counsel
*JENNIFER H. FISHER

-----------------
TELEPHONE:
(314) 645-9500
(314)-535-2948
FAX: (314) 645-9504

LICENSED TO PRACTICE IN
**MISSOURI/ILLINOIS
*MISSOURI
lawoffices1011@gmail.com
www.macarthurmoten.com

July 12, 2019

St. Louis City Board of Adjustment
1200 Market Street (City Hall)
Room 400
St. Louis, MO 63103

Re: Owydat, Mazen
West Florissant BP
4126 W. Florissant

Dear Sir/Madam:

This comes as application for an appeal of the Board of Public Service denial dated June 25, 2019. Our application is predicated on the fact that the Board's decision was arbitrary, capricious and not found in cogent facts per law. Further, and by way of discovery, we formally request any and all reports, memorandum and documents regarding any complaints about the business. Lastly, we request a hearing before the full Board of Adjustment with dispatch. If further elaboration is required, please advise.

Very truly yours,

Steve Brooks

Steve D. Brooks
Attorney at Law

SDB/vjl



# Board of Adjustment

### City of St. Louis
### Room 400, City Hall
### 1200 Market Street
### Saint Louis, Missouri 63103

September 23, 2019     EXHIBIT

WEST FLORISSANT BP
c/o OWYDAT MAZEN
2931 PINERY POINT
ST. LOUIS, MO  63129

### Board of Adjustment Appeal #20251
### RE: #BPS-126680 / #AOP-3847-19
### 4126 W. Florissant Ave.

We are in receipt of the appeal you have filed contesting the determination of the Board of Public Service in the denial of an occupancy permit authorizing the Appellant to operate a convenience store and a gas station, at 4126 W. Florissant Ave.

The Board of Adjustment will meet and consider your appeal at 1:30 p.m. on Wednesday, October 9, 2019 in Room 208, City Hall.

At the hearing, testimony and evidence will be accepted from you and other parties with an interest in your proposed use.  As a result of the hearing, your appeal may be approved as you requested; approved with certain conditions; or denied.

In your appeal you stated: **Convenience Store and Gas Station in Zone G.**

Please be prepared to explain the above statement and answer inquiries from members of the Board of Adjustment.  Your testimony and any supporting documentation you provide will assist the Board in reaching a determination on your appeal.

Your failure to appear at this hearing, or your failure to reschedule your hearing date, will result in an abandonment of your appeal.

If you need additional information or assistance, please contact the Zoning Office at 622-3666.

Sincerely,

Andrea Gutierrez
Secretary

cc:    Ward 21 Alderman John Collins Muhammad
       Neighborhood Stabilization Officer
       Mary Hart Burton, Zoning Administrator
       Robert Hibbs, Associate City Counselor
       Board Members



# Board of Adjustment

City of St. Louis
Room 400, City Hall
1200 Market Street
Saint Louis, Missouri 63103



Tuesday, July 16, 2019

WEST FLORISSANT BP
OWYDAT, MAZEN
4126 WEST FLORISSANT AV
ST LOUIS, MO 63115

**Board of Adjustment Appeal # 20251**
**4126 W FLORISSANT AV**

We are in receipt of the appeal you have filed contesting the determination of the Building Commissioner in the denial of an occupancy permit authorizing the Appellant to operate a Convenience Store and Gas Station at 4126 W FLORISSANT AV.

The Board of Adjustment will meet and consider your appeal at 1:30 PM on Wednesday, October 09, 2019 in Room 208, City Hall.

At the hearing, testimony and evidence will be accepted from you and other parties with an interest in your proposed use. As a result of the hearing, your appeal may be approved as you requested; approved with certain conditions; or denied.

In your appeal you stated: Convenience Store and Gas Station in Zone G.

Please be prepared to explain the above statement and answer inquiries from members of the Board of Adjustment. Your testimony and any supporting documentation you provide will assist the Board in reaching a determination on your appeal.

Your failure to appear at this hearing, or your failure to reschedule your hearing date will result in an abandonment of your appeal.

If you need additional information or assistance, please contact the Zoning Office at 314-622-3666.

Your failure to appear at the hearing on time or your failure to reschedule your hearing date will result in an automatic denial and abandonment of your application.
If you need additional information or assistance, please contact the Zoning Office at 314-622-3666.

Sincerely,

Mary Hart Burton
Zoning Administrator



Building Commissioner in the denial of an occupancy permit authorizing the Appellant to operate a trucking, inside and outside storage, office, warehouse and used oil transfer company, at 512-518 DeSoto. **WARD 2 #AOP-3992-19 ZONE: "K" - Unrestricted District "J" - Industrial District and North Broadway SUD**

**APPEAL #11274** - Appeal filed by Michael Scott, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to make exterior/interior alterations, per plans (zoning only), at 5500 Oakland Ave. **WARD 17 #AB-550392-19 ZONE: "G" - Local Commercial and Office District**

**APPEAL #11275** - Appeal filed by Shariq Mansuri, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to convert a school building to forty-one (41) apartments (zoning only), at 2810-2844 Dr. Samuel T. Shepard Dr. **WARD 19 #AB-550222-19 ZONE: "J" - Industrial District**

**APPEAL #11276** - Appeal filed by Foca Construction, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to complete a single family rehab (1st and 2nd floors) addition, per plans, at 4327 Hunt Ave. **WARD 17 #AB-548648-19 ZONE: "B" - Two Family Dwelling District Zone: FPSE-FBD - Neighborhood General Type 2 Envelope Standard**

**APPEAL #11277** - Appeal filed by Adam Garner, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to erect one wall sign and one projecting sign, non-illuminated, per plans, at 1330 Dolman St. (addendum to AB-548767) **WARD 7 #AB-550062-19 ZONE: "E" - Multiple Family Dwelling District**

**APPEAL #9964** - Revocation Hearing for Taylor Auto Sales from the determination of the Building Commissioner in the revocation of a use variance with conditions and an occupancy permit, authorizing the Appellant to operate an office and used auto sales business (no repair or painting), at 3001-03 Gravois. **WARD 6 #AO-494363-11 ZONE: "F" - Neighborhood Commercial District**

3. Deliberations on the above hearings

4. Approval of Written decisions, Findings of Fact and Conclusions of Law from hearngs and deliberations held on September 25, 2019.

In accordance with the provisions of Ordinance 59981, effective July 31, 1986.

By authority of the Board of Adjustment J. Klitzing, Chairman

# AGENDA

## BOARD OF ADJUSTMENT OF THE CITY OF ST. LOUIS

**Regular Meeting**
**October 9, 2019**
**1:30 p.m.**
**Room 208, City Hall**

1. Call to order.

2. A public hearing to consider each of the following;

**APPEAL #20251** - Appeal filed by West Florissant BP, from the determination of the Board of Public Service in the denial of an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave. **WARD 21 #BPS-126680/ ZONE: "G" - Local Commercial and Office #AOP-3847-19 District**

**APPEAL #11278** - Appeal filed by Alan Sommer, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to do interior alterations, per plans, at 3880 Fairview Ave. **WARD 15 #AB-550839-19 ZONE: "B" - Two-Family Dwelling District**

**APPEAL #11279** - Appeal filed by Robert Duffe, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to construct single family dwelling, per plans (zoning only), at 1000 Park Ave. **WARD 7 #AB-548198-19 ZONE: "D" - Multiple Family Dwelling District**

**APPEAL #11280** - Appeal filed by Excel Signs & Design, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to install five (5) illuminated ground signs, per plans, at 1401 Hampton Ave. **WARD 24 #AB-551015-19 ZONE: "A" - Single Family Dwelling District ZONE: "J" - Industrial District**

**APPEAL #11281** - Appeal filed Excel Signs & Design, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to install two (2) illuminated wall signs, per plans, at 1403 Hampton Ave. **WARD 24 #AB-551016-19 ZONE: "A" - Single**

Family Dwelling District **ZONE: "J" - Industrial District**

**APPEAL #9052** - Revocation Hearing for Vancil's Home Improvement, from the determination of the Building Commissioner in the revocation of a use variance with conditions and an occupancy permit, authorizing the Appellant to operate a construction company/office with outside storage of two trucks, at 3131 Arsenal. **WARD 6 #AO-467563-09 / ZONE: "B" - Two Family Dwelling District #AO-425923-08**

3. Deliberations on the above hearings

4. Approval of Written decisions, Findings of Fact and Conclusions of Law from hearngs and deliberations held on October 2 2019.

In accordance with the provisions of Ordinance 59981, effective July 31, 1986.

By authority of the Board of Adjustment J. Klitzing, Chairman

# PUBLIC NOTICE

Conditional Use Hearing will be held in Room 208 City Hall at 8:30 a.m. on **Thursday, October 3, 2019.**

**7405 Ray - #AHO-4345-19-** Rukia Maalin Childcare Providers (Home Daycare/ 10 Children) "A"-Single Family Dwelling District. Te **Ward 12**

**2907 St Louis Ave - #AHO-4366-19-** Growing Scholars (Home Daycare/10 Children) "G"-Local Commercial and Office District. Te **Ward 3**

**603 Loughborough - #AHO-4359-19-** Little D's In Home Daycare (Home Daycare/ 10 Children) "A"- Single Family Dwelling District. Te **Ward 11**

**5655 Kingsbury - #AHO-4348-19-** Missouri Flooring & Construction., LLC (Construction/Office use Only) "E"-Multiple Family Dwelling District. Te **Ward 26**

**1115 Pine - #AOP-4307-19-** Castles Sneakers & Style (Resale Shop/Shoes/ Clothing/Art/Collectables) "I"-Central Business District. Sl **Ward 7**

**2509 Marcus - #AOP-4332-19-** Transcendent Adult Daycare (Adult Daycare Facility/10 Adults/7 days/6am to 5pm) "F"-Neighborhood Commercial District. Sl **Ward 4**

**1007 Russell - #AOP-3899-19-** Rakobe, Inc (General Contracting/Office 213) "D"-Multiple Family Dwelling District. Sl

**Hearing No. 8235** - Adel Discount Cigarettes and Grill c/o A., Rashid Chaudhry, revocation of Conditional Use Permit No. 125378, to occupy 5005 So. Kingshighway as a convenience store with cooking (no liquor and no outdoor seating), subject to Chapter 26.100.030 of the Revised Code.

Richard T. Bradley, P.E.
President

Attest:

Cherise D. Jones
Secretary

# PUBLIC NOTICE

The Board of Public Service will hold a public hearing on **Tuesday, October 22, 2019** in Room 208 at 1:45 p.m., City Hall to consider the following:

**Hearing No. 8236** - Dream Market c/o Willie Beverly, revocation of Conditional Use Permit No. 122616, to occupy 5382 Dr. Martin Luther King as a convenience store (no cooking and no liquor) pursuant to City of St. Louis Revised Code Section 26.100.030.

Richard T. Bradley, P.E.
President

Attest:

Cherise D. Jones
Secretary

# AGENDA
## BOARD OF ADJUSTMENT OF THE CITY OF ST. LOUIS
**Regular Meeting**
**October 9, 2019**
**1:30 p.m.**
**Room 208, City Hall**

1. Call to order.

2. A public hearing to consider each of the following;

**APPEAL #20251** - Appeal filed by West Florissant BP, from the determination of the Board of Public Service in the denial of an occupancy permit authorizing the Appellant to operate a convenience store and gas station, at 4126 W. Florissant Ave. **WARD 21 #BPS-126680/ ZONE: "G" - Local Commercial and Office #AOP-3847-19 District**

**APPEAL #11278** - Appeal filed by Alan Sommer, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to do interior alterations, per plans, at 3880 Fairview Ave. **WARD 15 #AB-550839-19 ZONE: "B" - Two-Family Dwelling District**

**APPEAL #11279** - Appeal filed by Robert Duffe, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to construct single family dwelling, per plans (zoning only), at 1000 Park Ave. **WARD 7 #AB-548198-19 ZONE: "D" - Multiple Family Dwelling District**

**APPEAL #11280** - Appeal filed by Excel Signs & Design, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to install five (5) illuminated ground signs, per plans, at 1401 Hampton Ave. **WARD 24 #AB-551015-19 ZONE: "A" - Single Family Dwelling District ZONE: "J" - Industrial District**

**APPEAL #11281** - Appeal filed Excel Signs & Design, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to install two (2) illuminated wall signs, per plans, at 1403 Hampton Ave. **WARD 24 #AB-551016-19 ZONE: "A" - Single Family Dwelling District ZONE: "J" - Industrial District**

**APPEAL #9052** - Revocation Hearing for Vancil's Home Improvement, from the determination of the Building Commissioner in the revocation of a use variance with conditions and an occupancy permit, authorizing the Appellant to operate a construction company/office with outside storage of two trucks, at 3131 Arsenal. **WARD 6 #AO-467563-09 / ZONE: "B" - Two Family Dwelling District #AO-425923-08**

3. Deliberations on the above hearings

4. Approval of Written decisions, Findings of Fact and Conclusions of Law from hearngs and deliberations held on October 2 2019.

In accordance with the provisions of Ordinance 59981, effective July 31, 1986.

By authority of the Board of Adjustment
J. Klitzing, Chairman

# AGENDA
## BOARD OF ADJUSTMENT OF THE CITY OF ST. LOUIS
**Regular Meeting**
**October 16, 2019**
**1:30 p.m.**
**Room 208, City Hall**

1. Call to order.

2. A public hearing to consider each of the following;

**APPEAL #20250** - Appeal filed by Assisi House, Inc., from the determination of the Building Commissioner in the denial of an occupancy permit authorizing the Appellant to open and operate a residential care facility (in the prior convent building), to care for up to 16 adults, at 5076 Durant. **WARD 1 #AOP-4143-19 ZONE: "B" - Two-Family Dwelling District**

**APPEAL #20252** - Appeal filed by Ibrahim Auto Repair & Sales, from the determination of the Building Commissioner in the denial of an occupancy permit authorizing the Appellant to expand existing used auto sales business, with repairs, with inside/outside storage of cars, expanding to add bodywork (no detailing), at 3563 Roger Place. **WARD 15 #AOP-4149-19 ZONE: "A" - Single Family Dwelling District**

**APPEAL #11282** - Appeal filed by Bob Stephens, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to install a Non-LED sign, per plans, at 5279 Flyer Ave. **WARD 10 #AB-550568-19 ZONE: "A" - Central Business District**

**APPEAL #11283** - Appeal filed by Cortaiga Collins, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to construct a new childcare center, (zoning only), at 1297 Amherst Place. **WARD 22 #AB-551034-19 ZONE: "B" - Two Family Dwelling District**

**APPEAL #11284** - Appeal filed by John Schebaum, from the determination of the Building Commissioner in the denial of a building permit authorizing the Appellant to do exterior and interior alterations per plans (zoning only), at 5025 Delmar Blvd. **WARD 18 #AB-551036-19 ZONE: "H" - Area Commercial District**

3. Deliberations on the above hearings

4. Approval of Written decisions, Findings of Fact and Conclusions of Law from hearngs and deliberations held on October 11 2019.

In accordance with the provisions of Ordinance 59981, effective July 31, 1986.

By authority of the Board of Adjustment
J. Klitzing, Chairman

# PUBLIC NOTICE

Conditional Use Hearing will be held in



EXHIBIT



# PUBLIC NOTICE

Notice is hereby given that an Appeal from the Building Commissioner has been made for the purpose of seeking a permit to: Operate a convenience store and gas station @

4126 W. Florissant Ave.

A public hearing will be held on Wednesday, Oct. 9, 2019 in Room 208, City Hall at 1:30 p.m.

Ward 21  #BPS-126680/AOP-3847-19

$500.00 FINE FOR REMOVING OR DEFACING THIS PUBLIC NOTICE

Appeal# 20251

Board of Adjustment

09/16/2019



09/16/2019

EXHIBIT



09/16/2019



09/16/2019

EXHIBIT

F



09/16/2019



09/16/2019

EXHIBIT

F



09/16/2019



09/16/2019



EXHIBIT
G



4126 W. florissant Ward 21



EXHIBIT
4

## MacARTHUR MOTEN, P.C.
### ATTORNEYS AT LAW
SUITE 200
3920 LINDELL BLVD.
ST. LOUIS, MISSOURI 63108

**MACARTHUR MOTEN
* STEVE D. BROOKS

LICENSED TO PRACTICE IN
**MISSOURI/ILLINOIS
*MISSOURI
lawoffices1011@gmail.com
www.macarthurmoten.com

TELEPHONE:
(314) 645-9500
(314)-535-2948
FAX: (314) 645-9504

## TELEFAX COVER SHEET

DATE: 7 /0/ 19

TOTAL PAGES: ___1_____ (INCLUDING COVER)

TO:    COMPANY _Board of Adjustment c/o_

       ATTENTION _Andrea_

       FAX NUMBER _(314) 552-7617_

FROM: _Brooks, Steve_

RETURN FAX NUMBER: (314) 645-9504

Please call _Valerie_ at (314)645-9500, if you have any difficulty receiving this fax or do not receive the correct number of pages.

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us by telephone immediately and return the original facsimile to us or return to the above address by way of the U.S. Postal Service.

Contents:
_Re: 4326 W. Florissant (West Florissant BP)_
_- Per your instruction we are requesting that the_
_appeal scheduled for 10/9/19 at 1:30 be continued_
_to 1/15/19 at 1:30 p.m. pending receipt of documents_
_etc previously requested pursuant to my sunshine_
_request. Thanks._



LYDA KREWSON
MAYOR

# City of St. Louis

## OFFICE OF THE SECRETARY
1200 MARKET STREET, ROOM 300
ST. LOUIS, MISSOURI 63103-2806
PHONE NO.: (314) 622-4650 OR (314) 622-4627
Fax No.: (314) 589-6598



RICHARD T. BRADLEY, P.E.
PRESIDENT

June 18, 2019

West Florissant BP
Owydat Mazen
2931 Pinery Point
St Louis MO 63129

Dear Mazen:

At its meeting of June 18, 2019, the Board of Public Service voted to Deny Approval of Application No. 126680, West Florissant BP c/o Owydat Mazen, to occupy 4126 West Florissant as a convenience store with a gas station by reason of the fact that use will be detrimental to the public health, safety, morals, or general welfare.

Should you feel aggrieved in our decision you may appeal this denial within 30 calendar days of the date of this notice to Board of Adjustment, Room 400, City Hall. For convenience there is included with this notice, an application for appeal.

If you have questions relating to procedures on the appeal, please contact the Zoning Office at (314) 622-3666.

cc:     Zoning
        Don Roe
        Business Assistance Center
        NSO
        License Collector
        Alderman John Collins-Mohammad
        Files

Yours truly,

Cherise D. Jones, Secretary
Board of Public Service

**MACARTHUR MOTEN
* STEVE D. BROOKS

of Counsel
*JENNIFER H. FISHER

TELEPHONE:
(314) 645-9500
(314)-535-2948
FAX: (314) 645-9504

LICENSED TO PRACTICE IN
**MISSOURI/ILLINOIS
*MISSOURI
lawoffices1011@gmail.com
www.macarthurmoten.com

July 12, 2019

St. Louis City Board of Adjustment
1200 Market Street (City Hall)
Room 400
St. Louis, MO 63103

     Re:   Owydat, Mazen
           West Florissant BP
           4126 W. Florissant

Dear Sir/Madam:

     This comes as application for an appeal of the Board of Public Service denial dated June 25, 2019. Our application is predicated on the fact that the Board's decision was arbitrary, capricious and not found in cogent facts per law. Further, and by way of discovery, we formally request any and all reports, memorandum and documents regarding any complaints about the business. Lastly, we request a hearing before the full Board of Adjustment with dispatch. If further elaboration is required, please advise.

     Very truly yours,

     Steve D. Brooks
     Attorney at Law

SDB/vjl





# City of St. Louis

## DEPARTMENT OF PUBLIC SAFETY
### DIVISION OF BUILDING AND INSPECTION
### LYDA KREWSON
MAYOR

JIMMIE M. EDWARDS
DIRECTOR OF PUBLIC SAFETY

FRANK OSWALD
BUILDING COMMISSIONER

## CONDITIONAL USE HEARING RECORD
## CITY HALL - ROOM 208
June 6, 2019

| | |
|---|---|
| **ADDRESS:** | 4126 West Florissant |
| **APPL. #:** | AOP-3847-19 |
| **ZONING:** | "G" – Local Commercial and Office District |
| **WARD:** | 21 |
| **PROPOSAL:** | Convenience Store/Gas Station |
| **APPLICANT:** | West Florissant BP<br>C/o Owydat Mazen<br>2931 Pinery Point<br>St. Louis, MO 63129 |
| **ALDERMAN:** | John Collins-Mohammad – Unknown |

**APPLICANT'S STATEMENT:**

Mr. Saleh Al-Khafaji, part owner testified seeking approval to have a convenience store with gas station at this location. The applicant stated the business have been there for 30 years. He stated he was one of three owners and one owner got cancer. He stated his name was not on the occupancy permit so they had to apply for a new occupancy. He stated they will sell tobacco, gas and groceries. He stated they do not sell liquor and they have an ATM inside. He stated he does not have a payphone outside. He stated there are no other uses besides the liquor store. They do not cook. He stated they have frozen food and they are open 24 hours. He stated they lock the doors at 10 p.m. but they sell through the window for safety reasons. He stated he has three employees, 1 per shift in the daytime and two at night. He stated they do not store or sell anything outside. He stated they have 5 parking spots for customers. He stated they have surveillance cameras inside and out and lighting for security. He stated they

have an enclosed dumpster and it is locked up. He
stated they will not sell anything that can be used as
drug paraphernalia as read to him. Mr. Al-Kaaji stated
they will not have any new signs. He stated he will
remove any temporary signs that are not permitted. He
stated he has been running this place since 2001. He
stated he has been part owner since 2001 and he works
6 to 7 days a week. He stated they try their best and
cannot control what happens in the neighborhood and
outside his store.

Support:
Markesha Hayes, stated the drama is not the gas station,
it's the people that are right around there.

Phyllis Harris stated the gas station is a blessing for
groceries and gas and not the people who own the gas
station but the people around it that cause the problem.

Sandra Crenshaw stated she lives the next street over.
She stated it is an asset to the neighborhood. She
stated they do not have schools, grocery stores or
convenience store in this neighborhood. She stated the
people who hang out at the gas station hang out on her
street as well. She stated it's the vacant buildings and
the drugs that cause the problems.

Archie Wayne III stated he has been going to that gas
station for almost 30 years. He stated he has a two year
old and needs this gas station more than ever. He stated
they all came to the hearing in just a few cars, that a lot
of people in the neighborhood do not have cars. He
stated they would have to walk to some bad areas to get
things they need if they didn't have this business. He
stated he thinks there should be more businesses
opening up than closing, such as this business. He
stated the owner knows the trouble makers and keeps
them off the property. He stated if you close this
business then there will just be gang business going on
there.

Helen Gray stated that it is not the people in the gas
stations fault that people come on the lot. She stated the

gas station needs to stay open because a lot of people do not have cars and they need the gas station. She stated it is not the owners fault.

Catherine Davis stated the owners helped her pay for her son's funeral when he was killed. She stated she and her children used to always go back and forth to the gas station.

Carl Piffens stated he has been going to the service station since 2001. He stated its not the owners fault about the trouble. He stated that they need to close the dope house next door that has been a nuisance.

Keith Davis stated the gas station is vital to the neighborhood. He stated he lost his brother 10 years ago close to this date. He stated he built a bond with the owner and it's a great business and very essential.

Mark Barnes stated he agrees with everyone and they are doing a good job and he helps him find jobs such as moving furniture for other people.

Sangar Al-Haidari stated he has worked at the gas station for 10 years now and he tries his best. He helps everyone in the store. He stated when he has people in the parking lot they call the police and have security cameras.

Opposition:

Sharie Taylor stated she is the Neighborhood Improvement Specialist for the 21st Ward with the City of St Louis. She stated she has pages and pages of documents, starting with the current owner Owydat, who has been the ownership since 2012-19. She stated during his owner of this property there have been 473 calls for service since 2012. She stated and another 375 police initiated calls. She stated even prior to 2012 it was also declared a public nuisance, with 758 calls for service and 168 police initiated calls and 315 disturbances. She stated there were 201 disturbances under the current ownership. She stated when the

police asks to pull his security camera footage it is never available. She stated they have asked the owner to get security guards that were secondary that could enforce the law and that it has not happened. She stated in March, herself, the Alderman, Problem Properties Officer, City Counselor Sue Phelps, and Director of Neighborhood Stabilization Dottie McDowell pulled onto the parking lot in a marked police car and someone asked for money for loose cigarettes. The person purchased two loose cigarettes, and gave them one as well. She stated they have explained to the owner in prior meetings that that is illegal. She stated over the years the owner has shown he does not comply with the law.

Abdul Ab-Dul stated he is President of the Ofallon Neighborhood Association. He stated he has lived in the neighborhood since 1987. He stated he is Executive Director of Park Central Development. He stated this use would never be approved south of Delmar. He stated with this property and the sister property on Bircher has always had murders and crime. He stated the parking lot is not paved, there is prostitution. He stated even in the morning when he took pictures it looked like the stroll. He stated on behalf of the neighborhood, this is not a good use. He stated they need something but not this. They deserve something better.

Darbi Latham stated this is a bad business for the community. It attracts guys not from the neighborhood to use it. A lot of people in the neighborhood do not have cars. She stated there is a convenience store across the street that offers the community milk eggs and cheese and they close at an appropriate time.

Adrian Latham stated she lives 2 houses down from the gas station. She stated the station is a hub for drug activity, prostitution, murder, shootings and violent crimes. She stated this gas station is not appropriate for the middle of a residential neighborhood. She stated the owners have allowed people to continue this hazardous behavior on their property. She stated when they clean the property they use the city dumpsters to put the trash in. She stated that yesterday a stolen car was parked behind the gas station and put on bricks and stripped

apart. This gas station is not suitable for this area. She stated because they are open 24 hours a day, there are vehicles that park in front of her home, buying drugs, and sitting in their cars. She stated they don't use the gas station lot because they do not want to be seen on camera. She stated this goes on all night long because of all the activity. She stated they need some type of privacy fencing.

Carol Johnson stated she has been in area since 1981. She stated she has seen so much violence and killing on the gas station lot. She stated she doesn't patronize the gas station because she has had a couple of friends that got robbed. She stated they have security guards but they are afraid of the people that come to the filling station.

Melinda Long stated she lives within a two block radius of the gas station. She stated this has really gotten out of hand in the area. She stated each person who testified in support of this business are not homeowners. She stated they were all renters and they do not have a vested interest in the community. She stated her family has a lot of property in the neighborhood. She stated she has problems renting her property because of the business at Adelaide and West Florissant.

Delores Smith stated she has lived in the area for over 50 years, two blocks from the service station. She stated that at one time the station was great, you felt welcome to come and get gas. She stated now no one in the neighborhood goes there to get gas. She stated there is a sandwich shop on the corner of her neighborhood, that is kept clean and there is no loitering. She stated they have neighborhood watch and work diligently to keep them out. She stated as a home owner she has had enough, she wants it closed.

Virgil Murphy stated there are hostile people that accost

him, want money from you. One time he got robbed walking to the bus stop by the service station and he is afraid to walk the area.

Caroline Washington stated she was been in the area for 47 years and this place is bad. She stated its gotten worse in the last ten years. She stated she doesn't think the service station should be open all night. She stated she can't handle all that noise.

Rosalyn Jackson stated she has been there for 28 years and she has only been to the store once because she is afraid to pass there day or night. She stated they sell all the paraphernalia that was listed earlier. She stated if it was in their neighborhood, it would not be allowed. She stated we deserve better. She stated that last year they did a study on how many service stations are on the north side of Delmar. She stated there are 38 out of 75 in the city, north of Delmar.

Brenda Nelson stated she has been in the neighborhood for over 40 years and she opposes the station. She stated she has heard numerous complaints. She stated she is a home owner and it is affecting her property values. She stated we should not be confronted with this type of business in the area.

Wilbert Long stated his family has lived a block from the service station for over 60 years. He stated it's a nuisance, there is drugs and prostitution. It's a corner lot, there is a lot of congestion and accidents. He stated this is right in the middle of a residential area.

Owner:
Saleh Al-Khafaji, stated he can't please everybody and he called the new chief and he came to meet him. He stated they went to the neighborhood meeting. He stated the police came and he didn't have a password. He stated anytime the police come he gives them the password to look at his cameras. He stated he calls the police when anything happens. He stated what does prostitution have to do with the gas station. He stated crime happens every day, he cannot stop the crime.

Mazen Owydat stated he owns the building but has not involved in operating the business. He stated from now on he will be involved. He stated a lot of the concerns are true. He stated the last 5 years have been the worse because of the drug dealers in the north side. He stated if we stop the drug dealers we wont have these issues. He stated we were there when it was good and we are still here when its bad. He stated we have cameras and security. He stated there are too many vacant homes on these streets. He stated he wants to work with everyone, I want to have a clean place for all the neighbors to come to, but they need help with the drug dealers, he stated they are destroying lives and he is here to work with you.

Oppostion:

Sharie Taylor, Neighborhood Stabilization Officer stated the reason there are drug dealers there is because the gas station sells drug paraphernalia. She stated when they went there in March there was a four foot tall stack of sandwich bags which are used to store their drugs. She stated they come there because they can buy everything they need to sell to their customers.

Response to standards: 1. Will the use be detrimental to the public health, safety, morals or general welfare? **No**; 2. Will the use cause serious injury to the neighboring property by hindering use or reducing or impairing property values? **No**.

SUPPORT: 10 People spoke in support

OPPOSITION: 13 spoke in opposition
Police Calls for service from 2007-2019

RECOMMENDATION: Denial. The use will be detrimental to the public health, safety, morals, or general welfare.

Under the powers vested by Board of Public Service Order #766, it is determined that the applicant **has not** met the standards for a conditional use as defined in Chapter 26.80.010 of the Revised Code of the City of St. Louis, 1994.


Sandra Long                     6/13/19
_____          _____
Sandra Long                     Date
Zoning Specialist



# Occupancy Permit

**Occupancy Inspection At: 4126 W FLORISSANT AV**
**AKA: 4126 W FLORISSANT AV**
**Tracking Number: AOP-3847-19**

☒ Send
Message

## Occupancy Details

| Scheduled Date: 4/22/2019 |
|---|
| Current Result: Major Violations |

## Inspector Routing

| Include | Department | Inspector | Contact Number | Current Result | Inspection Detail |
|---|---|---|---|---|---|
| ☑ | Zoning | Gutierrez, Andrea | (314) 622-3666 | Board of Adjustment Hearing | BofA Hearing scheduled 10/9/2019 at 1:30 PM. |
| ☑ | Building | Hansen, Matthew | (314) 641-8237 | Issue Permit | No Pending Action |
| ☑ | Electrical | Williamson, Tim | (314) 622-4349 | Issue Permit | No Pending Action |
| ☑ | Mechanical | King, Ron | (314) 589-6049 | Issue Permit | No Pending Action |
| ☑ | Plumbing | McAnany, Terry | (314) 589-6213 | Issue Permit | No Pending Action |
| ☐ | Fire Safety | N/A | N/A | N/A | N/A |
| ☐ | Disability | N/A | N/A | N/A | N/A |
| ☑ | Air Pollution | Arrighi, Jeanine | (314) 657-1507 | Referred to MO DNR | No Pending Action |
| ☑ | Board of Public Service | Miller, Sonya | (314) 622-4650 | Denied | N/A |

**Address**  **Details**  **Inspections**  **Zoning**  **Air Pollution**  **Audit**  **Documents**  **Notes 2**

**Transactions**

Status: 18 - Board of Adjustments - Scheduled

**Results**  **Documents**  **Notes**  **Board of Adjustment**  **Conditional Use**  **Board of Public Service**

Basis for Conditional Use Hearing: * Conditional use approval is required for this gas station and convenience store here in Zone "G" - Local Commercial and Office District. (There can be no continuation of this nonconforming use to this new applicant since convenience store uses can no longer be transferred to subsequent owners without conditional use approval.)

## Questions

1. Will this application trigger off-street parking requirements? *
2. Will this application generate an additional building permit application? *
3. Will this application generate an additional occupancy permit application? *

## Hearing Record