**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAZEN OWYDAT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-388 NAB |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendants City of St. Louis and the Board of Adjustment's ("Defendants'") Motion to Dismiss. [ECF No. 10.] Plaintiffs' five-count Petition arises out of Defendants' denial of Plaintiffs' request for an occupancy permit for Plaintiffs' gas station and convenience store. Defendants move to dismiss Counts I, III, IV, and V of Plaintiffs' Petition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court will grant Defendants' motion.

**I.      Legal Standard for Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

The Court must accept a plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

"In considering a motion to dismiss, the district court may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 n.4 (8th Cir.2003) (referring to writings that may be viewed as attachments to a complaint, such as the contracts upon which his claim rests). *See also Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006) (citing Fed.R.Civ.P. 10(c) and noting that "written instruments attached to the complaint become part of it for all purposes. For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint."). A district court may also consider matters of public record. *Amoroso v. Gooch*, No. 2:20CV55 HEA, 2021 WL 1400952, at *11 (E.D. Mo. Apr. 14, 2021). Consequently, the factual allegations here are taken from Plaintiffs' Petition, including its attachments.

## II.    Background

The facts, as alleged in the state court Petition and its attachments[1], are as follows:

The Plaintiffs in this case are Mazen Owydat, Youssef Mequeh, and Saleh Alkhafaji, "as partners doing business as West Florissant BP, formerly known as Florissant Amoco" (collectively Plaintiffs). Plaintiffs have operated a convenience store and gas station at 4126 W. Florissant Avenue ("the Property") since at least 1998. Plaintiffs' claims arise from the Board of Adjustment's denial of Plaintiffs' occupancy permit.

In 2012, the City determined that Plaintiffs made what the City called an "intercorporate transfer" between the partners operating West Florissant BP. The City did not require Plaintiffs to obtain a new occupancy permit in any year from 2012 through 2019, and the City granted annual business licenses to Plaintiffs to continue to operate the store and gas station at the Property, business licenses which remained in effect at the time Plaintiffs filed their lawsuit. The City also continued to accept business license fees during each of these years through 2019.

Plaintiffs allege "[t]his action arises out of actions by various officials of [the City] that culminated in an unlawful decision by the Board of Adjustment" that "upheld the Board of Public Services' denial of an occupancy permit that was not legally required in the first instance since there has been no change of occupancy and WFBP has a valid occupancy permit dating back decades." [ECF No. 1-2 ¶ 1.] However, allegations regarding the specific steps leading to the hearing before the Board of Adjustment are absent from the Petition. The Petition's exhibits[2]

---

[1] Plaintiffs attach the following exhibits to their Petition: 1) Plaintiffs' business license issued by the City of St. Louis on June 1, 2019 and in effect at the time of Plaintiffs' Petition; 2) February 4, 2020 and February 5, 2020 letters from the Permit Section of the City of St. Louis to West Florissant BP; 3) the Board of Adjustment's 2020 Decision regarding Plaintiffs' appeal from the Board of Public Service's denial of an occupancy permit for the Property. Plaintiffs reference these three exhibits in the Petition and the documents are necessarily embraced by the Petition.
[2] Plaintiffs' Petition focuses on the Board's denial of their application for certificate of use and occupancy and alleges there was competent evidence in the record before the Board to support legal occupancy of the Property by Plaintiffs. The Petition lacks allegations regarding the events that led to the Board's decision, including any applications made by Plaintiffs.

reflect that on or about April 15, 2019, Plaintiffs applied for a Certificate of Use and Occupancy for the Property, and the application was considered abandoned "per [Board of Public Service] denial ltr 1/29/20." [ECF No. 1-2, Exh. 2.]

On October 9, 2019 and January 15, 2020, the Board of Adjustment held an administrative hearing on Plaintiffs' appeal from the Board of Public Service's denial of an occupancy permit. The proceedings were held pursuant to Section 26.84.040 of the Zoning Code. After hearing some testimony on October 9, 2019, the Board continued the hearing to January 15, 2020, at the request of Plaintiffs' attorney. When the Board reconvened for the hearing in January, Plaintiffs' attorney testified, explaining that he made several formal and informal requests for certain documents from the City to investigate the reasons why the permit was not granted.

On January 29, 2020, the Board of Adjustment of the City of St. Louis issued a decision. The Board denied Plaintiffs' request for continuance and adopted findings of fact and conclusions of law and order and unanimously denied Plaintiffs' appeal. [ECF No. 1-2, Exh 3.] The Board held that "the proposed use does not conform to the standards required for conditional use approval as set forth in Section 26.80.010.E of the Zoning Code. Specifically, the Board heard evidence that the use would be detrimental to public health, safety, morals or general welfare. The Board, therefore, upholds the decision of the Board of Public Service to deny an occupancy permit to operate a convenience store and gas station at [the Property.]" (*Id.*)

On February 4, 2020, Plaintiffs received notice from the City Permit Section that stated "since your Application for Certificate of Use and Occupancy has been abandoned you may not conduct any business at this location." On February 5, 2020, a similar letter was sent to Plaintiffs. [ECF No. 1-2, Exh. 2.]

### III.     Procedural History

On February 9, 2020, Plaintiffs filed this case in the Circuit Court of the City of St. Louis.

Plaintiffs allege five claims:

> Count I: Injunction, Mandamus, and Declaratory Judgment pursuant to RSMo § 536.150;
> Count II: Writ of Certiorari pursuant to RSMo § 89.110 (in the alternative to Count I);
> Count III: violation of Procedural Due Process
> Count IV: violation of Equal Protection
> Count V: action for Constitutional Taking

Plaintiffs seek a restraining order to stay all actions against them by Defendants regarding the property until the writ of certiorari has been heard under Count II. Plaintiffs also seek a declaration that they have the right to continue to operate at their current location without interference from the City, an order in mandamus requiring the City to issue the occupancy permit, and an order reversing the Board of Adjustment's 2020 decision. Plaintiffs request attorney's fees, punitive damages, and compensation for its losses and damages. Counts I and II seek relief under Missouri law, and Counts III, IV, and V seek relief under federal law.[3]

On February 26, 2020, the state court issued a Temporary Restraining Order prohibiting Defendants from taking any action to close the West Florissant BP. [ECF No. 1-2 at 28.] The order stated it was to remain in effect until April 3, 2020, unless dissolved or extended by further order of the court. There was a hearing scheduled for April 2, 2020 on the application for restraining order pursuant to RSMo § 89.110, but Defendants removed the action to this Court on March 11, 2020.

After removal to this Court, Defendants filed the present motion to dismiss Counts I, III, IV, and V of Plaintiffs' Petition. Defendants assert that these claims must be dismissed because

---

[3] Plaintiffs' briefing on Count V for a constitutional taking argues that Missouri law recognizes certain inverse condemnation claims, but Plaintiffs do not plead a violation of the takings clause under Missouri law, only under the United States Constitution. [*See* ECF No. 3 at 2, 14.]

the Plaintiffs' exclusive remedy is a writ of certiorari under Mo. Rev. Stat. § 89.110 (Count II).
Defendants further assert that Plaintiffs have failed to set forth any claims that are subject to review
under RSMo § 536.150, because judicial review of zoning and planning decisions is governed by
RSMo § 89.110. Defendants also argue that Plaintiffs have failed to state a claim to demonstrate
they have been deprived of a claim of entitlement to an established property interest (Count III),
they were intentionally treated differently based on membership in a protected class (Count IV),
or that Defendants took their property (Count V).

On January 20, 2021, while the motion to dismiss remained pending and discovery was
underway, Plaintiffs filed a motion for temporary restraining order. [ECF No. 41.] Plaintiffs'
motion alleged that three days after an unsuccessful mediation, City building officials and police
officers entered Plaintiffs' building, removed their Business License, and ordered Plaintiffs to
cease operations. Plaintiffs sought an order enjoining Defendants from shutting down or otherwise
interfering with the operation of Plaintiffs' gas station and convenience store. On January 21, 2021,
the Court heard oral arguments from both sides. [ECF No. 45.] Based on the arguments and
discussion held on the record, the parties agreed to terms for a stay of City action to close the gas
station and convenience store until further order of the Court. [ECF No. 46.] Upon the parties'
suggestion, the Court accepted supplemental briefing on legal issues related to the type of
administrative review available pursuant to Counts I and II of the Petition. [ECF No. 49.] Plaintiffs
filed a memorandum of law regarding the standard of review, Defendants filed a response,
Plaintiffs filed a reply, and each brief was accompanied by exhibits not originally attached to the
Petition. (Docs. 50, 51, 52.)  The undersigned will not rely on those exhibit materials in resolving
the pending motion to dismiss, and therefore, will not convert the motion to a motion for summary
judgment under Fed. R. Civ. P. 12(d). *See Hoekstra v. City of Arnold, Mo.*, No. 4:08CV0267 TCM,

2009 WL 259857, at *3 (E.D. Mo. Feb. 3, 2009). The undersigned has considered all briefing, and the issues are ripe for consideration.[4]

IV.     DISCUSSION

Defendants seeks dismissal of Counts I, III, IV, and V of Plaintiffs' Petition.

**A.  Plaintiffs' exclusive remedy is a writ under Section 89.110.**

Defendants first two points are intertwined and will be addressed together. They focus on the first two counts of the Petition: Petition for Injunction, Mandamus, and Declaratory Judgment pursuant to RSMo § 536.150 (Count I) and in the alternative, a writ of certiorari pursuant to RSMo § 89.110 (Count II).

First, Defendants argue that Counts I, III, IV, and V must be dismissed because Plaintiffs' exclusive remedy in this case is Count II, a writ of certiorari issued pursuant to RSMo § 89.110. More specifically, Defendants argue that Plaintiffs allege damage because of an erroneous decision by the City's Board of Adjustment, and the remedy for persons "aggrieved by any decision of the board of adjustment" is review pursuant to the statute. *See* RSMo § 89.110.

Second, Defendants argue that Count I must be dismissed because Plaintiffs have not set forth claims subject to review under RSMo § 536.150.

Plaintiffs plead Counts I (judicial review under § 536.150) and II (judicial review under § 89.110) in the alternative, but primarily seek a § 536.150 uncontested case review. Section 536.150 provides that an action for declaratory judgment is only appropriate where not otherwise relegated to a particular process of judicial review, such as administrative review under the Missouri Administrative Procedure Act ("MAPA"). *See* Section 536.150. The statute states in full as follows:

---

[4] Due to the Court's docket, significant time has passed since the motion was briefed.

1. When any administrative officer or body existing under the constitution or by statute or by municipal charter or ordinance shall have rendered a decision which is not subject to administrative review, determining the legal rights, duties or privileges of any person*, including the denial or revocation of a license, and there is no other provision for judicial inquiry into or review of such decision*, such decision may be reviewed by suit for injunction, certiorari, mandamus, prohibition or other appropriate action, and in any such review proceeding the court may determine the facts relevant to the question whether such person at the time of such decision was subject to such legal duty, or had such right, or was entitled to such privilege, and may hear such evidence on such question as may be properly adduced, and the court may determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion; and the court shall render judgment accordingly, and may order the administrative officer or body to take such further action as it may be proper to require; but the court shall not substitute its discretion for discretion legally vested in such administrative officer or body, and in cases where the granting or withholding of a privilege is committed by law to the sole discretion of such administrative officer or body, such discretion lawfully exercised shall not be disturbed.

2. Nothing in this section shall apply to contested cases reviewable pursuant to sections 536.100 to 536.140.

3. Nothing in this section shall be construed to impair any power to take summary action lawfully vested in any such administrative officer or body, or to limit the jurisdiction of any court or the scope of any remedy available in the absence of this section.

Section 536.150 (emphasis added); *see In re Wright*, 397 S.W.3d 924, 927 (Mo. App. S.D. 2013) (quoting Section 536.150) (noting "[S]ection 536.150 by its terms is limited to '[w]hen any administrative officer or body ... shall have rendered a decision which is not subject to administrative review ... and there is no other provision for judicial inquiry into or review of such decision' ") (omissions in original); *State ex rel. Pub. Counsel v. Pub. Serv. Comm'n*, 210 S.W.3d 344, 352 (Mo. App. W.D. 2006) (internal citation omitted) (noting "[w]hen the legislature has provided another mode for judicial review of an agency's decision, this mode is exclusive and mandatory, and Section 536.150 does not apply").

Defendants' motion argues that RSMo § 89.110 is the exclusive remedy for Plaintiffs to obtain judicial review of the Board of Adjustment decision. Section 89.110 entitled "Board of adjustment–decisions subject to review–procedure" provides as follows:

> ***Any person or persons jointly or severally aggrieved by any decision of the board of adjustment***, any neighborhood organization as defined in section 32.105 representing such person or persons or any officer, department, board or bureau of the municipality, may present to the circuit court of the county or city in which the property affected is located a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board. Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review such decision of the board of adjustment and shall prescribe therein the time within which a return thereto must be made and served upon the relator's attorney, which shall not be less than ten days and may be extended by the court.... The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.... All issues in any proceedings under [S]ections 89.080 to 89.110 shall have preference over all other civil actions and proceedings.

Section 89.110 (emphasis added). Section 89.110 thus provides the exclusive remedy to challenge an ***administrative zoning decision by a board of adjustment.*** *See id*; *see also Antioch Cmty. Church v. Bd. of Zoning Adjustment of City of Kansas City*, 543 S.W.3d 28, 33 (Mo. 2018) (reviewing a board of adjustment's decision pursuant to Section 89.110); *PMS 4583 LLC v. City of New Melle*, 639 S.W.3d 10, 17 (Mo. App. E.D. 2021) (rejecting City's request to apply Section 89.110 because 89.110 is the exclusive remedy to challenge a zoning decision by a board of adjustment and the decision at issue was made by a board of aldermen).

Plaintiffs respond that Section 89.110 is not the exclusive remedy because the Missouri Court of Appeals held in *Duffner* that Section 89.110 is not jurisdictional but allows Plaintiffs an election of remedies under the Court's plenary jurisdiction in addition to the special jurisdiction granted by Section 89.110 for review of matters related to zoning determinations. *See Duffner v. City of St. Peters,* 482 S.W.3d 811, 819 (Mo. App. E.D. 2016).

In *Duffner,* the plaintiffs received a notice from the City stating their property was not in compliance with an ordinance requiring turf grass. 482 S.W.3d at 815. Plaintiffs applied to the City's Board of Adjustment for a variance, requesting they be exempt from the turf grass requirement. The Board held a hearing, after which it granted a partial variance—rather than exempting Plaintiffs entirely from the turf grass requirement, the Board reduced the requirement from 50% to 5% turf grass. The Board also stated the 5% of turf grass must all be planted in Plaintiffs' front or side yards. Plaintiffs filed suit, asserting the ordinance's turf grass requirement was invalid and raised four counts: 1) the ordinance violates plaintiffs' substantive due process right to control their private property; 2) the variance granted by the Board violates equal protection in that no other property owners had to situate their turf grass completely in front or side yards; 3) the ordinance's restrictions constitute an unconstitutional taking; 4) the ordinance constitutes an exercise of power that exceeds the City's statutory zoning power.

The City moved to dismiss the petition, and the trial court dismissed the petition in its entirety based on a failure to exhaust administrative remedies by raising their constitutional claims before the Board or in any subsequent administrative appeal under Section 89.110. *Id.* at 816. The trial court's basis for the decision was the general rule that a person may not collaterally attack a decision of the Board by filing suit in the circuit court, rather, his exclusive remedy is under Section 89.110. *Id.* "Where there is an adequate statutory remedy the procedure prescribed [in 89.110] is exclusive." *Id.* at 817 (internal quotation omitted).

On appeal, the appellate court acknowledged the validity of the general rule but held there is a distinction between an attack on the decision of a board of adjustment and an attack on the validity of an ordinance. *Id.* (citing *Bush v. City of Cottleville,* 411 S.W.3d 860, 865 n.5 (Mo. App. E.D. 2013)). The appellate court explained:

A board of adjustment functions in an administrative or quasi-judicial capacity, and its decisions are reviewed pursuant to statutory mandate…. In contrast, enactment of a zoning ordinance is a legislative function. A challenge to the validity of an ordinance is a challenge of an exercise of a legislative function, and certiorari does not lie to review the exercise of legislative power…. Thus, Section 89.110 does not provide a remedy for constitutional challenges to the validity of ordinances.

*Id.* at 817 (internal citations and quotations omitted).The *Duffner* court found that Counts 1, 3, and 4 all arose from an attack on the validity of the ordinance on its face or an unconstitutional application of the ordinance to plaintiffs and had nothing to do with the Board's decision. Therefore, the claims were not encompassed by the statutory procedure for contesting a decision of the Board. *Id.* at 818-819. However, Count 2 alleging the variance granted by the Board violated equal protection was not about the application of the Ordinance itself to plaintiffs, but rather the particular variance *chosen by the Board*. Because the claim of illegality included that the Board's decision violated the Constitution, plaintiffs were required to follow the procedure set forth in Section 89.110 and that procedure was the exclusive means of review. *Id.* at 820. Therefore, the dismissal of Count 2 was affirmed, and the dismissal of Counts 3 and 4 were reversed.[5]

Here, Defendants argue that the distinction made in *Duffner* does not apply because none of Plaintiffs' claims seek to have a City ordinance declared invalid. Plaintiffs' brief in opposition responds:

Plaintiff is challenging the validity and lawfulness of the City's ordinances in that those ordinances on their face and as applied to Plaintiff are being used to deprive Plaintiff of a vested property right without due process of law and without paying just compensation. Plaintiff here challenges the City's ordinance that allows a staff member and the Board of Public Service from summarily revoking an occupancy permit validly issued by a mere proclamation without any notice of its revocation and without the use of contested-case hearing procedures required under Missouri law to revoke a valid permit. *See* Paragraphs 28-30 and 46-51 and 54-63 and 65-69 of the Petition.

---

[5] While Count 1 survived the attack based on the exclusive remedy in Section 89.110, the appellate court affirmed dismissal on different grounds, finding that Count 1 failed to plead facts sufficient to state a claim. *Id.* at 824.

[ECF No. 18 at 4.] The undersigned reviewed each paragraph cited by Plaintiffs and carefully reviewed the Petition in its entirety. Plaintiffs do not point to a single ordinance they challenge as invalid. The Petition focuses on Defendants' "unconstitutional, unlawful, unreasonable, arbitrary and/or capricious" conduct in rendering the Board of Adjustment's decision and in denying and/or revoking Plaintiffs' occupancy permit. Plaintiffs do not ask the Court to find any particular ordinance invalid or unconstitutional; rather, the Petition asks the Court to declare ***Defendants' failure and refusal*** to allow Plaintiffs to continue to operate under their validly issued permits invalid and unconstitutional. (*See, e.g.,* Petition Count III at ¶ 48 (Defendants violated Plaintiffs' procedural due process rights "in that WFBP has been denied its constitutionally protected right to keep and/or renew its occupancy permit, which was purportedly revoked without due process of law by not providing for a hearing with those protections required by Missouri law"); Count IV at ¶ 56 (Defendants' "failure and refusal to allow WFBP to proceed under its validly issued permits has unconstitutionally singled out WFBP for discriminatory treatment"); Count V at ¶ 67 (Defendants' "unlawful and  unilateral actions completely prohibit WFBP from using its property in accordance with WFBP's investment-backed expectations to continue to operate its gas station and convenience stores business.")) As alleged in the Petition, Plaintiffs' focus is on Defendants' decision, not an ordinance. Therefore, the distinction made by *Duffner* is inapplicable, and the undersigned finds that the Court is limited by Section 89.110 in its authority and in the remedy it can provide for the issues raised in Plaintiffs' Petition.[6] Accordingly, Counts I, III, IV, and V are

---

[6] Plaintiffs argue in their supplemental standard of review briefing that the Board of Adjustment did not have jurisdiction to hear a citation issued under the City's International Building Code ("IBC") because the IBC arises under the City's police power and not its zoning power. Plaintiffs contend that as a result, the Board of Public Service decision should have been reviewed by the Board of Building Appeals under the IBC, not by the Board of Adjustment. The undersigned declines to decide on the merits of this issue because this matter is before the Court on a motion to dismiss the Petition. The Petition does not provide allegations to support this argument and the Petition's exhibits do not include any reference to the IBC or specify the contents of or basis for the Board of Public Service's denial. Based on the allegations in the Petition and its supporting exhibits, the matter should be determined under Section 89.110.

dismissed. Having determined Counts III, IV, and V cannot be maintained independently from the Section 89.110 claim in Count II, the Court will not address the parties' arguments regarding whether Plaintiffs failed to state constitutional claims under the due process clause (Count III), equal protection clause (Count IV), or takings clause (Count V).

**B.  This case is REMANDED to the Circuit Court for the City of St. Louis, Missouri.**

Defendants removed this case on the basis of Plaintiffs' federal claims, which the Court has now dismissed. Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over remaining state law claims "where it has dismissed all claims over which it has original jurisdiction." When deciding whether to exercise supplemental jurisdiction over such remaining state law claims, the Court considers whether doing so would promote "judicial economy, convenience, fairness, and comity." *Wilson v. Miller*, 821 F.3d 963, 970 (8th Cir. 2016). Generally, where all federal-law claims are eliminated before trial, these factors "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citing *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004)). After review of Plaintiffs' remaining claim, the Court sees no reason to depart from the general rule in this case. *See Grove Assisted Living, LLC v. City of Frontenac, Missouri*, No. 4:16CV1783 HEA, 2017 WL 1281430, at *9 (E.D. Mo. Apr. 6, 2017) (remanding chapter 89 equitable claim because "[w]here the dispute is simply one of land use, the state court is in a much better position to decide the issues, and it will probably do so more quickly than this Court could."). Plaintiff's sole remaining claim—for writ of certiorari pursuant to Mo. Rev. Stat. § 89.110—is REMANDED to the Circuit Court for the City of St. Louis, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. [ECF No. 10.]

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, for all further proceedings.

_____

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of January, 2023.

14